Case 5:17-cv-01216-CLS   Document 1   Filed 07/20/17   Page 1 of 37

Troy T. Williams v. Capital One Bank (USA) N.A. and Equifax Information Services Inc.

FILED
2017 Jul-20  PM 04:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

Case No:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## July 20, 2017

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA) N.A.**
**and Equifax Information Services**
**Inc.**
*Defendant(s).*

:
:
:
:
:
:
:
:

CaseNo.
PLAINTIFF DEMANDS TRIAL
BY JURY

5:17 CW 1216 HNJ

## COMPLAINT

**COMES NOW,** the Plaintiff, Consumer, Williams, by way of pro

se', to bring forth this complaint against the Defendant(s) as follows:

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, title VI of <u>Pub.L. 91–508</u>, 84 <u>Stat. 1114</u>[1], (15 U.S.C. § 1681 et seq.[hereinafter "FCRA"], out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

2. The Plaintiff was sued by Capital One Bank for an alleged debt Capital One bank claimed Plaintiff owed.

3. Defendant Capital One Bank never had any intention of offering any proof at trial.

4. Instead, the lawsuit against Plaintiff was filed by Defendant Capital One Bank with the hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Capital One Bank refused to prove.

5. Ironically, the Defendant Capital One Bank obtained a default judgment in state-court in which Plaintiff sought relief. Relief was denied by Circuit Court and appealed to Alabama Court of

---

[1] **Any reference to the FCRA or any part thereof encompasses all relevant parts and subparts thereto.** U.S. Federal Government legislation enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. **It was intended to protect consumers from the willful and/or negligent inclusion of inaccurate information in their credit reports**. To that end, the FCRA regulates the collection, dissemination, and use of consumer information, including consumer credit information.

Appeals, where they vacated Circuit Court's denial of post-judgment relief and sanction of attorney fees.

6. After litigation in state-court, Plaintiff brought suit against Defendant Capital One Bank for violations of the Telephone Consumer Protection Act, known as "TCPA", involving same disputed account in state-court action and requested in that suit the *"effective agreement",* or in other words, the *"applicable signed agreement copyrighted 2004". See Williams v. Capital One Bank (USA) N.A. et. al. Dkt# 87* (See Case 1:15-cv-05012).

7. Defendant Capital One Bank offered no proof even after Magistrate Judge of the N.D. of Illinois, Eastern Division, granted Plaintiff a *"Motion to Compel" the original applicable signed agreement",* instead Defendant Capital One Bank submitted an *"unsigned"* boiler-template agreement (copyrighted 2005 and 2006), dated years after alleged origination date of application. *See Williams v. Capital One Bank N.A.(USA) et. al.*(Case No. 1:15-cv-05012).

8. State-Court judgment was reported to all three credit reporting agencies by Defendant Capital One Bank. Credit reporting agencies being Equifax, Experian and TransUnion LLC.

9. Plaintiff Williams contacted all three CRA's (Credit Reporting Agency) in and around 2014 in which all three agencies *"verified"* a *"claim of civil judgment"* in Plaintiff's Williams first dispute attempt.

10. In or around June 2017, Plaintiff Williams contacted all three CRA's (Credit Reporting Agency) for a ***"re-investigation".***

11. Experian and TransUnion LLC., after receiving *"dispute letter named [verification letter]"*…. **"deleted"** the disputed *"judgment"* in favor of Capital One for not being able to *"verify"* (*signed effective agreement copyrighted 2004*).

12. Equifax, failed to conduct an *"re-investigation"* for alleged inaccuracies and correct any deficiencies in a timely 30 day manner in accords with 15 U.S.C. § 1681i(a)(1)(A).

13. Defendant Capital One used *"false"* documents in the form of *"form agreements"* to prosecute their case in the suit against

Plaintiff Williams that ended in default judgment. See (*Wheeler*
*v. Capital One et al., 2:12-cv-05848*).

14.     This is the pattern of collection activity by Defendant
Capital One Bank in its collection lawsuits in Alabama and
nationwide.


## JURISDICTION:

15.     In accords with 15 U.S.C. § 1681p, an action to enforce any
liability created under this title may be brought in any
appropriate United States district court, without regard to the
amount in controversy, or in any other court of competent
jurisdiction, not later than the earlier of (1) 2 years after the date
of discovery by the plaintiff of the violation that is the basis for
such liability; or (2) 5 years after the date on which the violation
that is the basis for such liability occurs.

16.     Personal jurisdiction exists over Defendants as they had the
necessary minimum contacts with the State of Alabama and this
suit arises out of their specific conduct with Plaintiff in Alabama.
All the actions described in this suit occurred in Alabama.

17.    Subject matter jurisdiction exists under federal question jurisdiction **28 U.S.C. § 1331** and through diversity jurisdiction **28 U.S.C § 1332** as the amount claimed exceeds **$75,000** between the diverse parties.

## VENUE:

18.    Venue is proper as Plaintiff lives in Alabama and the Defendants do business in this judicial district.

## PARTIES:

19.    Plaintiff, Troy T. Williams [hereinafter "Plaintiff"] is a *"consumer"*, natural person who is a resident of Alabama.

20.    Defendant Capital One Bank, ("Defendant" or "Capital One Bank") is a foreign company that engages in the business of suing *"consumers"* and/or reporting consumer credit information to credit reporting agencies. It conducts business in this Judicial District. Its principal place of business is the State of Virginia and it is incorporated in Virginia.

21.     Defendant Equifax Information Services, LLC, ("Defendant"
or "Equifax") is a foreign company that engages in the business of
maintaining and reporting *"consumer"* credit information and does
business in this Judicial District. Its principal place of business is
the State of Georgia and it is incorporated in Georgia.

## FACTUAL ALLEGATIONS:

22.     In or around December of 2010, Defendant Capital One
Bank sued Plaintiff Williams in the District Court of Madison
County, Huntsville, Alabama, with a case number of DV-2010-
902072.

23.     The suit was filed by the Holloway, Elliott & Moxley L.L.P.
collection law firm.

24.     The state court set the case for trial. Notice was allegedly
sent to Defendant Capital One Bank and Plaintiff Williams.

25.     At all times Plaintiff was not prepared for trial due to
transitioning for work from Florida to Alabama and vice versa.

26.     The case resulted in a default judgment in favor of
Defendant.

27.     Plaintiff sought post-judgment relief in Circuit Court CV13-
        135 where he was denied. Plaintiff appealed to Alabama Court of
        Civic Appeals where they opined "to vacate denial of post-
        judgment relief and sanctions for attorney fees by Circuit Court".

28.     Plaintiff sought relief on the grounds that he was improperly
        served, disputed the amount of alleged debt, and no "signed"
        effective agreement included in Defendant's paperwork at the
        time of suit. Effective agreement meaning " *the applicable signed
        agreement copyrighted 2004*".

29.     Defendant Capital One Bank's paperwork at the time of suit
        only included billing statements and an account summary in
        Capital One's attempt at verification of the debt, which means
        they were relying on an *"account stated"* theory; yet this action
        does not constitute evidence of an effective applicable signed
        agreement copyrighted 2004 governing the account or to pay an
        alleged debt. Account-stated theory which bases its theory on an
        implied contract. However, at all times relevant, Capital One
        Bank could not escape the allegations of an alleged expressed

written agreement (emphasis added). This was a major factor for Williams seeking relief.

30.     Simultaneously at the conclusion of Plaintiff's appeal to Ala.Ct.Civ.App., Williams receives a **Claimant Notice ID: 40730-49228-63187** that stated, " Capital One's records show you could receive a payment from a class action settlement concerning same account in dispute that Defendant Capital One Bank sought suit on, and obtained a default judgment in state-court. Respond by November 26, 2014.

31.     Plaintiff decided to opt-out of class-action and pursue personal suit against Defendant Capital One Bank for violations of "TCPA" amongst other statutes in the federal N.D. of Alabama. (See Case No. 5:14-cv-02173).

32.     While litigating in the N.D. of Alabama, Williams was transferred on "Orders" from the "JPML" to the N.D. of Illinois, Eastern Division, for adjudication of the "TCPA" claims.

33.     While in the N.D. of Illinois, Eastern Division, Plaintiff raises the question in *"discovery"* of the *"effective agreement"* with his *"signature"* that must include a *"disclosure"* in conspicuous

writing that he gave permission to be contacted on his cellular-device.

34.     The case resulted in favor of Defendant, Capital One Bank, on the basis that Williams did not overwhelming prove that he informed Capital One Bank and its agents, to cease calling him on his cellular device, regardless of the *"absence of the effective agreement"* and regardless of the error found on credit card application, listing Williams cellular-number as residential number, as well as, incorrect age inputted at the time of origination date of alleged credit card application, that also lacked Plaintiff's signature, nor was any *"documents"* presented with Williams' signature.

35.     Plaintiff Williams then appealed N.D. of Illinois decision to the Seventh Circuit for relief (Case No. 16-3850), in which they affirmed the District Court rulings respectively.

36.     Defendant Capital One Bank reported and has continued to report to the credit reporting agencies that Plaintiff Williams owed this money and was in default (*civil claim judgment*).

37.    Plaintiff Williams does not owe this money to Defendant Capital One Bank.

38.    A 2015 study released by the Federal Trade Commission found that 23% of consumers identified inaccurate information in their credit reports.

39.    Plaintiff Williams requested and received his free annual credit report in accords with FCRA from all three credit reporting agencies Experian, Equifax and TransUnion. The results of the annual credit report from all Defendants is as follows:

   1. Experian credit report file number **2450-1462-36**, dated **May 15, 2017,** indicated ID# DV2010902072---date filed: Jan 2011---status: "civil claim judgment"---judgment in favor: Capital One Bank USA N.A.

   2. Equifax credit report file number **7135081568**, dated **May 15, 2017,** indicated ID# DV2010902072---date filed: Jan 2011---status: "civil claim judgment"---judgment in favor of Plaintiff: Capital One Bank USA N.A.

   3. TransUnion credit report file number **310131585**, dated **May 12, 2017,** indicated ID# DV2010902072---date filed: Jan 2011---status: "civil claim judgment"---judgment in favor: Capital One Bank USA N.A.

40.    Plaintiff Williams disputed via *"re-investigation"* letter that the Defendant Capital One's (judgment) be deleted if could not be

verified by way of the *"signed effective agreement copyrighted 2004"*.

41.    Plaintiff Williams initiated *"dispute"* via *"dispute letter"* dated June 3, 2017 for Equifax, dated June 3, 2017 for Experian, and dated June 17, 2017 for TransUnion, all sent via certified mail, and the results are as follows:

1.   **Experian's** "*re-investigation* results" concerning *"dispute"* report number with Capital One: #1647-0520-27 **dated June 21,2017**----results---**"DELETED":** Experian's dispute results also indicate the following: *"Otherwise, we have contacted the* ***"company"*** *reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; <u>verify the "accuracy" of the information; provide us a response to your dispute;</u> and update their records and systems as necessary. If an item says* ***"Deleted"*** *we have removed it from your credit report and taken steps so it does not reappear".*

2.   **TransUnion's** "*re-investigation* results" concerning *"dispute"* report number with Capital One: #310131585 **dated June 30,2017**—results---**"DELETED":** TransUnion dispute results also indicate the following: *"Otherwise, we have contacted the* ***"company"*** *reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; <u>verify the "accuracy" of the information; provide us a response to your dispute;</u> and update their records and systems as necessary. If an item says* ***"Deleted"*** *we have removed it from your credit report and taken steps so it does not reappear".*

3.   Equifax ***failed*** to conduct a ***"re-investigation"*** in a timely manner therefore violating 15 U.S.C. § 1681i(a)(1)(A).

42.    Defendants Capital One Bank, and Equifax were not concerned and did not care about what the state court did in the case as Defendants Capital One Bank, and Equifax, did not intend to perform a reasonable investigation.

43.    Defendants Capital One Bank, and Equifax did not perform a reasonable investigation.

44.    Experian and TransUnion notified Defendant Capital One Bank in accordance with FCRA of the dispute by Plaintiff Williams *"dispute notice"* dated June 3, 2017 for Experian, and dated June 17, 2017 for TransUnion, all sent via certified mail.

45.    Equifax *"dispute letter"* dated June 3, 2017 for *"re-investigation"* was sent out (certified mail) and notified Capital One that Williams disputed the *"judgment"* reported and/or (2) failed to conduct a reasonable investigation concerning dispute or correct or delete any inaccurate, incomplete or *"unverifiable"* information within 30 days of the receiving notice of the dispute.

46.    No notification was sent by defendant Equifax to Plaintiff Williams indicating additional time needed for *"re-investigation"*,

*nor did Plaintiff send additional information to qualify for an extension* therefore violating 15 U.S.C. § 1681i(a)(1)(B).

47.     Plaintiff Williams emphatically stated in all three *"dispute letters",* to all three credit reporting agencies ....

> "According to the *"provisions"* the **Fair Credit Reporting Act, section 609(a)(1)(A),** you are required when put on *"notice"* via letter by Federal Law, to verify---through the physical verification of the ***original signed consumer contract and/or effective agreement copyrighted 2004*** as it relates to *Capital One Bank N.A. USA* account listed as "Judgment Filed" on 1/2011 Docket# DV2010902072 .

48.     Alternatively, Defendant Equifax, did not properly notify Defendant Capital One Bank, and as part of this failure, did not include all relevant information provided by Plaintiff Williams in its notification of Defendant Capital One Bank.

49.     Defendant Equifax, (*along with Experian and TransUnion who are non-defendants*) failed to properly investigate this dispute as if defendant (*Equifax); applies to (other CRAs*) had properly investigated; the Capital One account would have been deleted prior to dispute.

50.     Several examples of the lack of investigation are listed below.

1. Equifax started reporting a "civil judgment" by Capital One in the year 2011 without proper investigation of court file and records.

2. From 2011 to receipt of "verification letter" sent by Plaintiff Williams, to "Defendant", Defendant failed to investigate (review court files) and update their records in accords with FCRA and state law.

51.     All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

52.     Defendant Equifax, has previously proclaimed that it is obligated to rely upon whatever the public records state about a "consumer".

53.     For example, Plaintiff Williams lost the suit and a "judgment" was entered in favor of Defendant Capital One Bank, and Plaintiff Williams disputed with Equifax, (along with the other CRA's [Experian and TransUnion]); reasonably Plaintiff Williams would have been told by Defendant Equifax, (as well Experian and TransUnion who are non-defendants) that they were

bound by the state court judgment which says Plaintiff Williams owes the money.

54.     The state court ruling was a final judgment

55.     The final judgment was appealed.

56.     Despite this knowledge, Defendant Equifax, has completely abdicated their obligations under federal and state law and have instead chosen to merely *"parrot"* whatever their customer, Defendant Capital One Bank, has told them to say.

57.     CRAs (Credit Reporting Agencies) like Equifax, has a policy to favor the paying customer, in this situation Defendant Capital One Bank, rather than what the *"consumer"* says about a debt.

58.     As one example, on or about June 28, 2017, Plaintiff Williams spoke with Experian and Experian stated, " we do whatever the *"creditor"* tells us to do, "creditor informs us to *"delete"* an account"....quoted by Customer Service Representative "Evan".....no "acdv" (*automated credit dispute verification form*) was sent to Capital One...quoted by Customer Service "Mary"...Experian removed item based on *"re-investigation"*...quoted by Customer Service "Yasmin"; it would do

whatever Defendant Capital One Bank told it regardless of the court Order.

59.     The primary reason for this wrongful policy is that furnishers (such as Capital One Bank) provide enormous financial rewards to Defendant Equifax.

60.     The importance of keeping balances, liens, bankruptcies, judgments etc... on credit reports is that all Defendants understand that one of the most powerful methods furnishers such as Defendants Capital One Bank has to *"extract"* payments from a *"consumer"* is by placing accounts as stated in this paragraph on the *"consumer's"* credit report.

61.     Defendants have a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff Williams, who do not owe the alleged debt. The reason is to keep false information on the credit report. The false information consists of a judgment or balanced owed when Defendants know no money is owed for *"lack of signed effective agreement"*.

62.     Defendant Capital One Bank has promised through its subscriber agreements or contracts with the credit reporting

agencies to accurately update accounts but Defendant Capital One Bank has willfully, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's Williams credit report in violation of 15 U.S.C. § 1681e(b).

63.     Defendant Capital One Bank assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and/or judgments and this duty was *"breached"* in a negligent, wanton, reckless, willful, intentional and/or malicious manner.

64.     Defendants have a policy to *"park"* false information on at least one of the consumer's credit reports. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the *"consumer"* will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the *"consumer's"* credit score from the artificially lowered score which directly resulted from the Defendant's intentional conduct.

65.     All Defendants willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Williams' disputes which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, without following the dictates of the FCRA.

66.     At all relevant times Defendant Equifax, failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy to Plaintiff Williams' credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

67.     Defendant Capital One Bank failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Williams' credit information and Plaintiff Williams' credit report, concerning the account in question, thus violating state law as set forth in this Complaint. These violations

occurred before, during and after the dispute process began with the *"consumer"* reporting agency.

68.    Defendant Capital One failed to refrain from continuing to submit information that it knows (or should know) is incorrect.

69.    Defendant Equifax has failed to follow debt dispute procedures in accords with FCRA.

70.    Defendant Capital One Bank has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff Williams. This includes the reporting of the debt to third parties, including *"consumer"* reporting agencies such as defendant Equifax and stating that Plaintiff Williams owes the debt.

71.    Defendants Equifax, has failed to maintain Plaintiff Williams' account with maximum accuracy and this Defendant and Defendant Capital One Bank have failed to properly investigate the account (judgment) in response to the disputes made by Plaintiff Williams.

72.    The conduct of the Defendants has proximately cause Plaintiff Williams past and future monetary loss, past and future

damage to Plaintiff Williams' credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

73.     It is a practice of all the Defendants to willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

74.     All Defendants are sophisticated businesses and they know their *"conduct"* is wrong.

75.     For example, Defendants have been sued for this identical misconduct in Alabama.

76.     All actions taken by Defendants were done with negligence, were done willfully, and were done with either the desire to harm Plaintiff Williams and/or with the knowledge that their actions would very likely harm Plaintiff Williams and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

77.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and

*"consumer"* reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

78.   Defendants are liable to Plaintiff Williams through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors and omissions done in violation of state and federal law by its employees and agents.

79.   Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of an emotional application, mental anguish[2], anger[3], anxiety[4], depression[5], invasion of privacy[6], headaches[7], worry[8], frustration[9], sleep deprivation[10], stomach problems[11], humiliation[12], amongst other negative emotions; as well

---

[2]Casteel v. Crown Life Ins.Co.....OrkinExtermining Co. v. Jeter,832.So.2d.25,39,43(Ala2001).
[3]Kenney v. R&R Corp., 20 MDLR 29, 32(1998).
[4]Beldo v. University of Massachusetts, Boston, 20 MDLR 105,113(1998).
[5]Nikolsky v. Summit Services Group Inc., 20MDLR 126,129(1998)
[6] Said v. Northeast Security., 18 MDLR 225,260(1996).
[7] Eng v. American Pie Inc.,20 MDLR 53,58(1998)
[8]Samuelson v. Sungard Financial Systems, Inc. 20MDLR 197,204(1998).
[9] MCAD v. Franzaroli, 357 Mass.112,115(1970).
[10]Guth v. Fradellos., 18 MDLR 229,231(1996).
[11] Chanson v. Westinghouse Corp.17 MDLR 1293,1300-1(1995).
[12]Tosti v. Ayik.400 Mass.224(1987).

as lost of enjoyment of life[13] and suffering from unjustified and abusive invasions of personal privacy.

## CAUSE OF ACTION:

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681et seq.

80.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81.   Defendant Equifax, is a *"consumer"* reporting agency, as codified at 15 U.S.C. § 1681a(e).

82.   Defendant Capital One Bank is an entity who, regularly and in the course of business, *"furnishes"* information to one or more *"consumer"* reporting agencies about its transactions or experiences with any *"consumer"* and therefore constitutes a *"furnisher",* as codified at 15 U.S.C. § 1681s-2.

83.   Plaintiff Williams notified Defendant Equifax, (*as well as Experian and TransUnion who are non-defendants*) directly of a

[13]Samuelson v. Sungard Financial Systems, Inc. 20MDLR 197,204(1998).

dispute on the Defendant Capital One account's completeness and/or accuracy, as reported.

84.     Defendant Equifax properly notified Defendant Capital One of Plaintiff's dispute in accordance with FCRA requirements.

85.     Alternatively, Defendant, Equifax, failed to notify Defendant Capital One of Plaintiff's dispute in accordance with the FCRA requirements.

86.     Defendant Equifax failed to delete information found to be inaccurate, without following the FCRA, or failed to properly investigate Plaintiff's Williams disputes.

87.     Plaintiff Williams alleges that at all times relevant Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Williams' credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

88.     Plaintiff Williams alleges that Defendant failed to conduct a proper and lawful investigation. For example, Defendant was given notice of suit by Defendant Capital One, but Defendant apparently failed to *"review"* the court file or contact the court or

contact counsel for Defendant Capital One. Other examples will become apparent once discovery is commenced.

89.     All actions taken by the Defendants were willfully and were done with either the desire to harm Plaintiff Williams and/or with the knowledge that their actions would very likely harm Plaintiff Williams and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

90.     All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II

### INVASION OF PRIVACY

91.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

92.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

93.     Congress explicitly recognized a *"consumer's"* inherent right

to privacy in collection matters in passing the Fair Debt Collection

Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of
> personal bankruptcies, to marital instability, to the loss of jobs, and **to
> invasions of individual privacy.**

15 U.S.C § 1692(a)(emphasis added).

94.     Congress further recognized a *"consumer's"* right to privacy

in financial data in passing the Gramm Leech Bliley Act, which

regulates the privacy of *"consumer"* financial data for a broad

range of *"financial institutions"* including debt collectors (albeit

without a private right of action), when it stated as part of its

purposes:

> It is the policy of Congress that **each financial institution has
> an affirmative and continuing obligation to respect the
> privacy of its consumers** and to protect the security and
> confidentiality of those customer's "nonpublic" personal
> information.

15 U.S.C. § 6801(a)(emphasis added).

95.     Defendants intentionally, recklessly, and/or negligently

interfered, physically or otherwise, with the solitude, seclusion

and/or private concerns or affairs of the Plaintiff.

96.     Defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive *"conduct"* in the course of collecting or credit reporting this debt thereby *"invading"* and *"intruding"* upon Plaintiff's right to privacy.

97.     The emotional harm to Plaintiff caused by Defendants intentional, reckless, and/or negligence was expressed and experienced by Plaintiff in the form of anger, headaches, anxiety, and depression, worry, sleep deprivation, stomach problems, as well as lost of enjoyment of life for having to defend against such *"abusive"* debt collection practices conducted by Defendant Capital One.

98.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs and private financial information.

99.     The *"conduct"* of Defendants, in engaging in the above-described illegal *"conduct"* against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred

in a way that would be highly offensive to a reasonable person in that position.

100. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

101. All acts of Defendants were committed with negligence, intent, wantonness, and/or recklessness and as such Defendants are subject to *"punitive"* damages.

## COUNT III

## NEGLIGENT, WANTON AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

102. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

103. Defendants' agents or employees are allowed and encouraged to break the law.

104. Defendants are aware of the *"wrongful conduct"* of its employees or agents.

105.     Defendants negligently wantonly and/or intentionally hired, retained or supervised incompetent employees or agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby *"responsible"* to the Plaintiff for the wrongs committed against Plaintiff, and the damages suffered by Plaintiff in violation of 15 U.S.C. § 1681(h)(c).


## COUNT IV.

## STATE LAW CLAIMS

106.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

107.     Defendants intentionally *"published"* false and defamatory information related to the Defendant Capital One's account ( *civil claim judgment*).

108.     Defendants acted with negligence, wantonness, recklessness, carelessness, and/or intentional *"conduct"* in their dealings with and about Plaintiff Williams as set forth in this Complaint. This includes the initial reporting of Defendant Capital One account; the handling of any investigations on the account; and all other

aspects as set forth in this Complaint, including the collection suit by Defendant Capital One.

109. Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account information.

110. Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, carelessly, wantonly and negligently.

111. It was foreseeable, and Defendants did in fact forsee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Williams.

112. Defendants invaded the privacy of Plaintiff Williams as set forth in Alabama law including publishing false information about Plaintiff's Williams personal financial obligations.

113. The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this alleged debt (Defendant Capital One) and reporting this false information (all Defendants).

114. Such negligence, wantonness, recklessness, carelessness, willfulness and/or intentional *"conduct"* proximately caused the

damages set forth in this complaint and such *"conduct"* occurred before, during and after the disputes to Defendant Equifax.

115.    As a result of this *"conduct"*, action and inaction of all Defendants, Plaintiff Williams suffered damages as set forth in this Complaint.

## COUNT V

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT CAPITAL ONE

116.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

117.    Defendant Capital One instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

118.    Defendant Capital One filed the lawsuit with no intention of ever *"proving"* it had *"equitable"* title to relief.

119.    For example, under Title 15 U.S.C. § 1692a sec. 803 (5) defines *"debt"* as **any obligation or alleged obligation of a consumer to pay money arising out of a transaction...**(emphasis added).

Since the definition specifically includes any *"alleged"* obligation, the issue only surrounds ***the card agreement***.

When Capital One and/or its agent debt collectors attempt to collect on what it calls a *"defaulted"* account, the bank or debt collector will rely on a *"consumer's"* lack of awareness in hopes he or she will never challenge the <u>*original application and/or agreement*</u>. The bank and debt collectors look for *" **the least sophisticated consumers***" See Collecting Consumer Debt: The Challenges of Change, a Workshop Report at 22, 31(Feb. 2009) available                                                            at http://www.ftc.gov/bcp/workshops/debtcollection/dcwr.pdf (noting that debt buyers often receive "only computerized summary of the creditor's business records when [they] purchase a portfolio" and typically ***do not have access to the original "signed" effective agreement with "consumer's" signature***; these types of records could confirm or clarify a ***"fraud"*** claim or a ***"legitimate consumer dispute"*** (emphasis added).

Indeed, banks and debt collectors will use *"form contracts"* and *"form agreements"* when they file their actions with respective court[s].

A perfect example can be found by viewing the case **Wheeler v. Capital One et al., 2:12-cv-05848** (settled on an individual basis). *Wheeler was a class action against Capital One for violations of* the **FDCPA** and other statutes. Plaintiff Robert Wheeler, represented by counsel, alleged the following in the initial pleading:

1. Defendants have informingly engaged in a scheme of illegal and deceptive business practices that violate federal and state law in attempting to collect credit card debt from persons using "false" information and documentation, and without proper documentation sufficient to establish the cause[s] of action attempted to be the bases for the respective collection actions and the categories of charges attempted upon the Plaintiff and the members of the Class". (See Complaint at ¶ 2, emphasis supplied).

2. "Basically, in their respective attempts to collect debts from *"consumers"*, defendants employ form contracts as supporting documentation ostensibly as the basis for the charges imposed or attempted to be imposed upon consumers being

sued by Capital One for alleged credit card debt". (See Complaint at ¶ 7, emphasis supplied).

3. "When defendants engage in the initiation and perpetration of credit card collection lawsuits, they attach to the Complaint false documents intended to represent the governing contracts by and between Capital One and its customers when, in fact, the attached contracts are purposefully and intentionally false documents misrepresented as the actual Customer Agreement; the attached false contracts are dated after the date of any credit card issuance, and therefore, cannot represent the true Customer Agreement". (See Complaint at ¶ 27, emphasis supplied).

4. "As a result of a directive issued by Capital One, all defendants have been and are, at all times relevant, aware that they have been and are utilizing false documentation as evidentiary documentation **on a national basis**". (See Complaint at ¶ 28).

5. "In too many cases, the wronged *"consumers"*---those whom the United States Congress terms as *" the least sophisticated consumers"*--- succumb to the perceived power and ostensible computer-accuracy of the creditors and debt collectors, and these improperly named litigants-defendants pay and/or permit *"judgments"* to be achieved against them. Otherwise, these wronged "consumers" are forced to defend themselves at a financial cost". (See Complaint at ¶ 29, emphasis supplied).

6. Yet Capital One is not the only bank that has committed *"fraud upon the court"*. Similar cases are as follows:

7. **See Henner et al. v. Apothaker & Associates, P.C. et al. (Case No. 2:10-cv-05765)** *"stated card-member agreements which clearly are not applicable operate as the agreement, but are apparently form agreement that are available, convenient, to attach as exhibits. The agreements attached significantly post-date the dates the credit cards were allegedly issued". It is obvious that the credit card issuers in interest retain copies*

> of monthly statements which, in each case, involve dozens of
> exhibits. However, the credit card issuers and their respective
> successor[s] fail to keep that one page document
> compromising of the "signed" application therefor or the like".

8. The above is just a small sampling wherein banks obfuscate
the *"original effective "signed' agreement"*. It is beyond any
doubt that banks will attempt to avoid, deflect, and ignore
demands to produce the "Agreement".

120. Defendant Capital One filed the lawsuit with no intention of
ever proving its case.

121. Defendant Capital One continued to prosecute the case with
no intention of ever proving the case.

122. Defendant Capital One filed and used this case as a means
of attempting to extort money out of Plaintiff or obtaining a
default judgment against Plaintiff if Plaintiff did not answer the
suit for whatever reason[s].

123. Defendant Capital One instituted and continued prosecuting
the lawsuit against Plaintiff with the design and plan that the
lawsuit would result in an *"illegal judgment"* against Plaintiff or
would cause Plaintiff to pay Defendant Capital One money on a
non-existent debt.

124.    The plan of Defendant Capital One included the knowledge
that the fraudulent judgment would be devastating to Plaintiff's
credit report and credit scores and would lead to *"garnishments"*
and the Defendant Capital One tried to accomplish this and was
successful by way of abusive actions.

125.    Throughout the entire illegal lawsuit against Plaintiff,
Defendant Capital One knew at all times that there was no basis
for the lawsuit and the intent and design of filing the lawsuit and
continuing to prosecute the lawsuit was to extort money from the
Plaintiff which Defendant Capital One knew it was not entitled to
receive.

126.    The illegal and improper actions of the Defendant Capital
One constitute malicious prosecution and abuse of process.

127.    This is the pattern and practice of Defendant Capital One—
to file suits with no basis and no intention of ever producing the
case (*fraud upon the court*) in an attempt to obtain default
judgments against *Alabama "consumers"* or to obtain settlements
from *Alabama "consumers"* who do not realize the bogus nature

(*least sophisticated consumer*) of the suit filed by Defendant Capital One.

128.    Supreme Court states the following, *"fraud vitiates the most solemn contracts, documents and even "judgments"*, (See U.S. v. Throckmorton, 98. US. 61, at p.65)(emphasis added).

129.    The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant Capital One's abuse of process and malicious prosecution.

## PRAYER FOR RELIEF:

**Whereby,** Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff, *"with prejudice"*, against Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive) costs, expenses, fees, and injunctive relief to prevent further violations and for such other and further relief as may be just and proper.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

Troy T. Williams v. Capital One Bank (USA) N.A. and Equifax Information Services Inc.
**Case No.**

Cc: Richard Cordray
    Director of Consumer Financial Protection Bureau
    1625 Eye Street N.W.
    Washington D.C. 20006

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person