Case 5:17-cv-01216-CLS   Document 18   Filed 08/21/17   Page 1 of 11

FILED
2017 Aug-21 AM 08:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services Inc.
Case No. 5:17-cv-01216-HNJ

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

**August 19, 2017**

FILED
2017 AUG 21 A 8: 35
U.S. DISTRICT COURT
N.D. OF ALABAMA

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
Inc.**
*Defendant(s)*

: 
: 
: **CaseNo. 5:17-cv-01216-HNJ**
: PLAINTIFF DEMANDS TRIAL
: BY JURY
: 
: 
: 
: 

---

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT IN ACCORDS WITH RULE 55(a)

---

**Comes now**, Plaintiff, Williams, by way of pro se', hereby submits this "Memorandum of Law" in support of its "Motion for Default

Judgment" and permanent "Injunction" against Equifax Information Services Inc. [hereinafter "Equifax"].

## I.   Background:

Plaintiff, Williams, filed a Complaint against defendant[s], "Capital One Bank(USA) N.A." and "Equifax", on July 20, 2017(ECF 1) in the United States District Court for The Northern District of Alabama, Eastern Division, Huntsville, Alabama Division. The Complaint alleges violations of the Fair Credit Reporting Act, [hereinafter "FCRA"] and all parts and sub-parts that apply, for certain practices and actions by defendants. This motion pertains in particular, to "Equifax".

On July 21, 2017, the Court issued a Summons (ECF 5) in a civil action which in part, notified both defendant[s] that they must within 21 days after Service of Summons, file with the Clerk of the Court and serve upon Plaintiff, Williams, an answer to the Complaint. The Court Docket reflects that both defendant[s] received service of the Complaint and Summons on July 28, 2017 via certified mail sent by U.S. Marshals located in Birmingham, AL (ECF 7&10).

By the expiration of the 21 days specified on the Summons, co-defendant, "Equifax", had not filed an answer to the Complaint with the Clerk of the Court, nor had "Equifax" served a copy of its answer upon Plaintiff, Williams. To date, co-defendant, "Equifax" has not responded to the Complaint, nor otherwise, appeared in this action.

## II. Co-Defendant Equifax Has Failed To Answer The Complaint or Otherwise Defend This Action And Plaintiff Williams Is Entitled To A Judgment By Default.

Rule 12(a)(1)(A) of the Federal Rules of Civic Procedure provides that a "defendant" shall serve its answer to a Complaint within 21 days of service of the matter. As noted above, the Complaint in this case was filed on July 20, 2017 (ECF 1), and served and signed via certified mail on July 28, 2017. The summons, issued by the Court on July 21, 2017(ECF 5) and served upon defendant together with the Complaint, notified defendant[s] of its obligation to file an answer with the Clerk of the Court and to serve a copy of an "answer" upon Plaintiff, Williams, within 21 days from the date of service, as of August 18, 2017(ECF 7&10). Co-defendant, "Equifax", had not filed an answer with the Clerk of the Court, had not served an answer upon Plaintiff, Williams, had

made no entry of appearance (see ct. dkt.) in this matter and had not otherwise responded to the civil action instituted against it by Plaintiff, Williams. To this date, co-defendant, "Equifax" has taken no defense in this matter.

Plaintiff, Williams, recognizes that entry of a default judgment against co-defendant, "Equifax", is a severe remedy. (*See e.g. E.F. Hutton & Co. Inc., v. Moffatt, 460 F 2d. 284, 285 (5th Cir. 1972)*). "Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served summons of the Court, a *"default judgment"* though drastic, is the appropriate and indeed, only recourse. (<u>*See In Re Knight*</u> *833 F 2d.1515, 1516 (11th Cir. 1987)*)(Where party offers no good reason for late filing of an answer entry of default judgment is appropriate); *First City Nat'l Bank of Ft.Worth v. Cook, 117 F.R.D. 390 (N.D. Tex 1987)*(Default judgment appropriate where party served failed to answer). Plaintiff, Williams, would prefer that this case be decided upon its merits and has every confidence it would prevail at trial. Since co-defendant, "Equifax", does not appear disposed to defend this action, however, this Court has as

the only avenue available to conclude this matter with the entry of default judgment against Equifax.

Furthermore, Rule 56(a) of Federal Rules of Civic Procedure provides that the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact alleged and movant is entitled to "judgment" as a *matter of law*. The Court shall state on the record the reasons for granting or denying the motion.

### III. <u>The Injunctive Relief Sought By Plaintiff Williams Should Be Awarded By This Court.</u>

When a Court determines that a "defendant" is in default, the factual allegations of the Complaint are taken as true and this rule applies whether the Complaint seeks legal or as in this case, "equitable" relief. (*Fed. Trade. Comm'n v. Kitco of Nevada Inc. 612 F. Supp. 1282 (D.C. Minn 1985*). Plaintiff, Williams, is submitting to the Court, together with this motion, a default final judgment for the benefit of this Court determining the remedy to apply in this case, should the Court agree to enter a judgment by default against co-defendant,

"Equifax", Plaintiff, Williams, offers the following of what he expects the evidence would have shown at a trial of this matter:

A. Equifax reported an alleged State-Court judgment in favor of Capital One in the amount of $4,078.00 beginning in January 2011.

B. In or around 2014, Williams inquired about his credit report and what was in his file. Equifax verified a *"civil claim judgment"* in favor of Capital One Bank.

C. In or around May 2017, Williams requested his free annual credit report from Equifax. Equifax shows "civil claim judgment" in favor of Capital One Bank.

D. In or around June 2017, Williams contacted Equifax for a "re-investigation".

E. In or around August 2017, Williams contacts Equifax in regards to his credit file and it was communicated on August 4 and August 7, 2017, that a "civil claim judgment" in favor of Capital One Bank(USA)N.A. has been purged or no longer shows on credit file.

F. In or around August 2017, representatives of Equifax willfully denied Williams the date and who authorized his account to be purged as it relates to the "civil claim judgment" in favor of Capital One; yet on August 4th, 2017, representative indicated the "court" ordered "civil claim judgment" to be purged.

G. Experian and TransUnion LLC, after receiving dispute letter labeled *"verification letter"*, Experian and TransUnion LLC., *"deleted"* the disputed "judgment" in favor of Capital One Bank for not being able to *"verify"* the *"signed effective agreement copyrighted 2004"*.

H. Equifax failed to conduct a "re-investigation" for alleged inaccuracies and correct any deficiencies in a timely 30 day manner in violation of 15U.S.C. § 1681i(a)(1)(A).

I. Defendants, Capital One Bank and Equifax, did not perform a reasonable investigation.

J. No notice was sent by defendant, "Equifax", to Plaintiff, Williams, indicating additional time needed for "re-investigation" nor did Plaintiff send additional information to qualify for an extension of time therefore violating 15U.S.C. § 1681i(a)(1)(B).

K. Defendant, "Equifax", failed to properly investigate the dispute as if defendant had properly investigated; Capital One's account would have been deleted prior to dispute.

L. All defendants were provided with more than sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the account being complained of was being reported incorrectly.

M. Despite this knowledge, defendant, "Equifax", has completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, defendant, "Capital One" has told them to say.

N. At all times relevant, defendant, "Equifax", failed to maintain and failed to follow reasonable procedure to assure maximum possible accuracy to Plaintiff Williams credit report concerning account in question therefore violating 15U.S.C. § 1681e(b) and state laws.

## IV. The Complaint States Claims In Which Relief May Be Granted.

The Complaint in this case alleges the following: (1) four counts of violations of the Fair Credit Reporting Act, Invasion of Privacy, Violations of State Law, Negligent, Wanton and/or Intentional Hiring and Supervision of Incompetent Employees or Agents, and Malicious Prosecution and Abuse of Process Against Defendant Capital One.

The four counts of violation of the Fair Credit Reporting Act includes (1) Equifax failed to conduct a timely "re-investigation" within 30 days in accords with § 1681i(a)(1)(A) (2) that no additional information was exchanged between Equifax and Williams to qualify for an extension of time in accords with § 1681i(a)(1)(B) (3) Equifax violated § 1681e(b) and state laws by failing to follow reasonable procedures to assure maximum possible accuracy to Plaintiff, Williams, credit report concerning account in question (4) Equifax violated § 1681(h) by negligently, wantonly and/or intentionally hired, retained or supervised "incompetent" employees or agents who were allowed or encouraged to violate the law as was done to Plaintiff and thereby reasonably responsible to Plaintiff for the wrongs committed against Williams.

## V. **Explanation Of The Default Judgment.**

Plaintiff, Williams, upon information and belief, believes that the default judgment provides adequate remedy for all alleged violations mentioned in Complaint. The default judgment is intended to insure that co-defendant, "Equifax", does not continue to attempt to evade its responsibilities to be timely in reporting its "re-investigation" results ,

that Equifax will revamp and make sure its employee are better trained and held to higher and stricter accountability standards. That Equifax is not paying lip-service to Alabama State Law and to make sure maximum possible accuracy is obtained on a consistent basis concerning "consumers".

Nothing in this default judgment will prohibit any credit reporting agency, acting alone, and not on behalf or in concert with any furnisher, from unilaterally declining to deal with consumers and clients. Thus the default judgment prohibits collusive and concerted activity by co-defendant, "Equifax", while preserving defendant's ability to exercise limited and appropriate business judgment.

## CONCLUSION:

Based upon the knowledge Plaintiff has acquired thru defendant's conduct and business practices, Williams believes that the default judgment will effectively prevent future violations of the Fair Credit Reporting Act by co-defendant, "Equifax", without imposing any onerous burdens on the credit reporting agencies ability to function as a credit reporting agent dedicated to serving the legitimate needs of

"consumers" and "clients", therefore this Court to enter a judgment by default against co-defendant, "Equifax", and enter a permanent injunction restraining "Equifax" from further violations of the Fair Credit Reporting Act is proper.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

Troy T. Williams v. Capital One Bank (USA)N.A. and Equifax Information Solutions Inc.
Case No.

## Certificate of Interested Parties:

August 21, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Motion for Default Judgment"* is in compliance with **with Local Court Rules and Fed.R.Civ.P."**.I have sent the following parties a copy of my brief via United States Postal Service and by email..*If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.
Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services Inc.
Attn: Legal Department**
1550 Peachtree St. N.W.
Atlanta, GA 30309

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person