FILED
2017 Aug-23  AM 08:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| TROY T. WILLIAMS, | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No.  5:17-cv-01216-HNJ |
| vs. | ) |
| | ) |
| CAPITAL ONE BANK (USA) N.A., et al., | ) |
| | ) |
| | ) |
| Defendants | ) |

# **O R D E R**

Plaintiff filed a Motion for Default Judgment.  (Doc. 19).  He seeks a default judgment against defendant Equifax Information Services, Inc., for its failure to answer or otherwise respond to his complaint within 21 days from the service of the summons and complaint.[1]

Rule 55, Fed.R.Civ.P., provides in pertinent part:

(a) **Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
(b) **Entering a Default Judgment.**
* * * * *
(2) By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a

---

[1] According to the docket sheet, plaintiff served Equifax Information Services, Inc., on July 28, 2017, making the response due date August 18, 2017.  *See* Doc. 7.

1

>
> minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.  The court may conduct hearings or make referrals — preserving any federal statutory right to a jury trial — when, to enter or effectuate judgment, it needs to:
> > (A) conduct an accounting;
> > (B) determine the amount of damages;
> > (C) establish the truth of any allegation by evidence; or
> > (D) investigate any other matter.

Fed.R.Civ.P. 55.

Plaintiff has improperly bypassed the necessary precondition of a clerk's entry of default by proceeding directly to a request for the court to enter a default judgment.  The law is clear that these are separate steps that cannot be combined into one.  *See, e.g., Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 304 (N.D.Ohio 2004) ("An entry of default and a default judgment are distinct events that require separate treatment.").  "First, the party seeking a default judgment must file [an application] for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *Auto-Owners Ins. Co. v. Broadsouth Commc'ns, Inc,.* 2017 WL 1025186, *2 (S.D.Ala. Mar. 15, 2017) (quoting *UMG Recordings, Inc. v. Stewart*, 461

F.Supp.2d 837, 840 (S.D.Ill. 2006)); *see also Twist and Shout Music v. Longneck Xpress, N.P.*, 441 F.Supp.2d 782 (E.D.Tex. 2006) ("Securing a default judgment is a three-step procedure involving the defendants' default, entry of default, and a default judgment."). A clerk's entry of default must precede an application to the court for entry of default judgment. *See, e.g., Fun Charters, Inc. v. Vessel SHADY LADY*, 2014 WL 7336923, *1 n.1 (S.D.Ala. Dec. 19, 2014) (quoting *Virgin Records America, Inc. v. Johnson*, 441 F.Supp.2d 963, 965 (N.D.Ind. 2006)) ("Entry of default must precede an entry of default judgment."); *Sun v. United States*, 342 F.Supp.2d 1120, 1124 n.2 (N.D.Ga. 2004) (finding motion for default judgment to be premature where plaintiff had failed to obtain entry of default, a prerequisite to a default judgment); *Canady v. Erbe Elektromedizin GmbH*, 307 F.Supp.2d 2, 8-9 (D.D.C. 2004) (pointing out "fatal flaw" in motion for default judgment where party had failed to ask clerk to enter default first, leaving party in no position to apply for entry of default judgment). Plaintiff has proceeded to the second step of that procedure without satisfying the first.

Accordingly, the court DENIES plaintiff's Motion for Default Judgment WITHOUT PREJUDICE to plaintiff's ability to refile such request after he has applied for and obtained a clerk's entry of default against defendant pursuant to Rule 55(a), Fed.R.Civ.P., and waited a reasonable period of time (at least 30 days) thereafter for defendant to move to set aside the default.

**DONE** this 23rd day of August, 2017.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE