Case 5:17-cv-01216-CLS   Document 26   Filed 08/24/17   Page 1 of 10

Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services Inc.
Case No. 5:17-cv-01216-HNJ

FILED
2017 Aug-24 AM 08:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

August 23, 2017

FILED
2017 AUG 24 A 8: 43
U.S. DISTRICT COURT
N.D. OF ALABAMA

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA) N.A.
and Equifax Information Services
Inc.**
*Defendant(s)*

:
:
:
: CaseNo. 5:17-cv-01216-HNJ
: PLAINTIFF DEMANDS TRIAL
: BY JURY
:
:
:
:

---

## PLAINTIFF'S MOTION TO STRIKE AND ISSUE SANCTIONS AGAINST CO-DEFENDANT EQUIFAX FOR UNTIMELY ANSWER

---

**Comes now**, Plaintiff, Williams, by way of pro se', hereby submits this "Motion to Strike and Motion for Sanctions" for Equifax untimely

answer to Plaintiff, Williams, Complaint submitted to this Honorable Court on August 23, 2017 (ECF 24).

## I. Introduction:

This action arises out of Defendants' violations of the Fair Credit Reporting Act, title VI of Pub.L. 91–508, 84 Stat. 1114[1], (15 U.S.C. § 1681 et seq.[hereinafter "FCRA"], out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

## II. Background:

Plaintiff, Williams, filed a Complaint against defendant[s], "Capital One Bank(USA) N.A." and "Equifax", on July 20, 2017(ECF 1) in the United States District Court for The Northern District of Alabama, Eastern Division, Huntsville, Alabama Division.

On July 21, 2017, the Court issued a Summons (ECF 5) in a civil action which in part, notified both defendant[s] that they must within

---

[1] **Any reference to the FCRA or any part thereof encompasses all relevant parts and subparts thereto.** U.S. Federal Government legislation enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. **It was intended to protect consumers from the willful and/or negligent inclusion of inaccurate information in their credit reports.** To that end, the FCRA regulates the collection, dissemination, and use of consumer information, including consumer credit information.

21 days after Service of Summons, file with the Clerk of the Court and serve upon Plaintiff, Williams, an answer to the Complaint. The Court Docket reflects that both defendant[s] received service of the Complaint and Summons on July 28, 2017 via certified mail sent by U.S. Marshals located in Birmingham, AL (ECF 7&10).

By the expiration of the 21 days specified on the Summons, co-defendant, "Equifax", had not filed an answer to the Complaint with the Clerk of the Court, nor had "Equifax" served a copy of its answer upon Plaintiff, Williams. To date, co-defendant, "Equifax" has not responded to the Complaint, nor otherwise, appeared in this action until today (ECF 24).

As of August 23, 2017, this Court so ordered that Williams was premature in requesting a motion for default judgment for lack of "entry of default" in accords with Rule 55(a) by the Clerk of the Court and has to resubmit to be proper before the Court (ECF 20).

On August 23, 2017, Plaintiff, Williams, submitted corrections and comes proper before the Court for "entry of default" and was granted "Entry of Default" by the Clerk (ECF 23).

Now as of August 23, 2017, Equifax obtains Counsel and submits an "Answer" (untimely in nature) to Williams' Complaint (ECF 24).

### III. Memorandum of Law:

Rule 12(f)(1)(2) of Federal Rules of Civic Procedure provides that a motion to strike; the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter and may (1) act on its own (2) on motion made by a party either before responding to the pleading or if a response is not allowed within 21 days after being served with the pleading. This amendment affords a specific method of raising insufficiency of a defense. (*See Dysart v. Remington-Rand Inc., (D.Conn. 1939) 31 F.Supp.*).

Rule 12(a)(1)(A) of the Federal Rules of Civic Procedure provides that a "defendant" shall serve its answer to a Complaint within 21 days of service of the matter. (*See In Re Knight 833 F 2d.1515, 1516 (11th Cir. 1987)*(Where party offers no good reason for late filing of an answer entry of default judgment is appropriate).

## IV. Argument:

Plaintiff, Williams, asserts that this pleading in the form of an *"untimely answer"* is burdensome, extremely prejudicial to Plaintiff and construed as an *act of deseparation* by Equifax. This *"untimely answer"* has caused intentional emotional infliction for having to address its admittance and denials, which at its' best can be construed a sham[2], highly unprofessional and a mockery of this Honorable Court and should be stricken in its entirety, along with sanctions applied for their egregious behavior and blatant disregard for the Federal Rules of Civic Procedure Rule 12(a). Plaintiff, Williams intends to prove that Equifax untimely answer is a sham and upon information and belief, constitutes "fraud upon the court"[3].

Now let's examine how this untimely answer is a sham pleading, fraud upon the court and an act of desperation on behalf of Equifax: (1)

---

[2] **Sham Pleading** conversely, a pleading that is relevant but is based on asserted false allegations of fact is a sham pleading and subject to being struck by a motion to strike. The procedure, however, for filing the motion is different. The motion to strike (a) must be verified, (b) shall set forth fully the facts on which the movant relies, and (c) may be supported by affidavit. The movant can request that the entire pleading, or only a part thereof, be stuck. The rule requires that it be filed "before the cause is set for trial." The court must hear the motion and even may take evidence of the respective parties.

[3] **Fraud upon the court** can result in the striking of pleadings as well as a dismissal of the entire case. Desimone v. Old Dominion Ins. Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999).

"No notice of appearance (2) "No motion to show cause to extend time" (3)"Nor was Williams even contacted to get permission for extension of time" (3) "Williams objection to Capital One motion to show cause wasn't even ruled on" (ECF 16) (4) "Sanctions are appropriate for such mockery of the court" (5) "Counsel for Equifax, hastily drafted the answer, irresponsibly drafted as a professional attorney/esquire licensed by the state of AL as well as licensed to represent, perform and defend in a Federal capacity". For example see #'s.......below:

(a). ¶ 2 p.2 : Defendant denies Capital One Bank sued Williams for an alleged debt; yet reported "civil claim judgment" on Williams credit report since January 2011.(See Exhibit 1).

(b). ¶8 p.4: Defendant denies state-court judgment was reported to all three credit reporting agencies, including Equifax.(See Exhibit 1).

(c). ¶ 9 p. 4: Defendant denies reported a "civil claim judgment" in favor of Capital One in or around 2014.

(d). ¶10 p.4: Defendant denies being contacted by Williams for a "re-investigaton". See (ECF 11).

(e). ¶ 12 p. 4: Defendant denies Equifax failed to conduct an "re-investigation" for alleged inaccuracies and correct any deficiencies in a timely 30 day manner therefore violating 15U.S.C. § 1681i(a)(1)(A). See (ECF 11 & 12).

(f). ¶ 39 p. 11: Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations. Yet **Equifax File# 7135081568** dated **May 15, 2017** was issued to Williams for his free annual credit report. The credit report reflected *"civil claim judgment"* in favor of Capital One ID# DV2010902072---dated filed: Jan. 2011.(See Exhibit 1).

(g). ¶ 40 p. 11: Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations. (See ECF 11). Williams submitted notice of dispute letter to Equifax stating to physically verify "signed effective agreement copyrighted 2004 and/or original signed consumer contract.

(h).¶ 41 p. 11: Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations. (See ECF 11). Williams sent notice of dispute letter dated June 3, 2017 certified mail. Equifax failed to conduct a "re-investigation" in a timely manner therefore violating 15U.S.C. § 1681i(a)(1)(A).

(i).¶ 46 p. 13: Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations. (See ECF 11). Williams can prove thru **United States Postal Service** *"Informed Delivery"* that he did not receive any correspondence in the form of a letter or electronically from Equifax in regards to "re-investigation" results.

(j).¶ 47 p. 14: Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations. (See ECF 11). Williams sent his notice of dispute letter via certified mail.

There are many other examples of Equifax's agent, (notice to agent is a notice to principal; notice to principal is a notice to agent) not being truthful or extremely naïve to the facts of this case in their haste to submit an "untimely answer" to Plaintiff, Williams, complaint. Equifax's answers to Williams' complaint upon information and belief, constitutes, "fraud upon the court", yet Equifax's agent states with certainty and under penalty of perjury( see certificate of service as filed "a true and correct" copy) that Equifax has done no wrong.

### CONCLUSION:

**Wherefore,** Plaintiff, Williams respectfully asks this Honorable Court to grant his *"motion to strike and apply sanctions"* for Equifax

and its agent egregious behavior for blatantly ignoring (1) the Federal Rules of Civic Procedure Rule 12(a) (2) entry of default has been entered and granted by the Clerk of the Court (3) no notice submitted to court for extension of time (4) Williams was not contacted by party to ask for additional time (5) Equifax is five days late in their attempt to *"answer"* Williams' complaint. These actions by Equifax and its' agents is deemed by Plaintiff as overly burdensome, intentional emotional infliction, extreme prejudice towards Plaintiff and unnecessary.

Therefore, Williams moves this Honorable Court to immediately grant all damages and claims alleged in Williams' Complaint without further delay, as well as grant "default judgment".

Respectfully submitted,

*/s/*Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

August 23, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this " *Motion to Strike and Sanctions*" is in compliance with **with Local Court Rules and Fed.R.Civ.P.".** I have sent the following parties a copy of my brief via United States Postal Service and by email.. *If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed


**Equifax Information Services Inc.**
**Attn: Legal Department**
1550 Peachtree St. N.W.
Atlanta, GA 30309

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

# EQUIFAX

## CREDIT FILE : May 15, 2017

Confirmation # 7135081568

**Personal Identification Information** (This section includes your name, current and previous addresses, and any other identifying information reported by your creditors.)

Name On File: Troy T Williams
Social Security #: XXX-XX-7019      Date of Birth: J
Current Address:
Previous Address(es):

Last Reported Employment:

**Please address all future correspondence to:**

www.investigate.equifax.com
Equifax Information Services LLC
P.O. Box 105314
Atlanta GA 30348

(866) 238-6559
M - F 9:00am to 5:00pm in your time zone.

## Public Record Information

This section includes public record items Equifax obtained from local, state and federal courts through a third party vendor, LexisNexis.

LexisNexis Consumer Center
P.O. Box 105615
Atlanta, GA 30348-5108
https://equifaxconsumers.lexisnexis.com

Judgment Filed 01/2011; Madison District; Case or ID # - DV201090272; Defendant - Williams Troy T; Amount - $4,078 ; Plaintiff - Capital One Bank USA Na; Address: 100 NORTHSIDE SQ RM 821 HUNTSVILLE, AL 35801-8815 ; (256) 532-3622

A request for your credit history is called an inquiry. There are two types of inquiries - those that may impact your credit rating/score and those that do not.

( Continued On Next Page )

Page 4 of 10

7135081568PD-002565940- 1316 - 2877 - ASD