FILED

2017 Aug-24  PM 04:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

TROY WILLIAMS,

      Plaintiff,

v.

CAPITAL ONE BANK (USA), et al.,

      Defendants.

Case No. 5:17-cv-01216-HNJ

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION TO SET ASIDE DEFAULT AND FOR ENLARGEMENT OF TIME TO FILE ANSWER

Defendant Equifax Information Services LLC ("Equifax") moves the Court to set aside the Clerk's entry of default and enlarge the time for it to file its answer.  For the reasons that follow, Equifax respectfully submits that this motion should be granted.

## INTRODUCTION

This is a case under the Fair Credit Reporting Act ("FCRA").  Plaintiff alleges that Equifax violated the FCRA in relation to its reporting of a judgment on Plaintiff's credit file.  Plaintiff filed this lawsuit against Equifax 35 days ago.  Equifax has procedures to handle lawsuits and timely file answers, but inadvertently mis-routed this complaint.  Equifax did not purposefully fail to file a timely answer and the judgment at issue is not even reporting on Plaintiff's credit

{MB280610.1}

file.  Plaintiff will suffer no prejudice whatsoever if the default is set aside and the case is decided on its merits.

## BACKGROUND

Plaintiff Troy Williams ("Plaintiff") filed his Complaint on July 20, 2017 against Equifax and Capital One Bank (USA) N.A. ("Capital One") (Doc. 1.) On August 15, Capital One requested, and the Court granted, Capital One's motion for extension of time to file an answer. (Docs. 14 and 15.) Capital One's Answer is due September 1, 2017 (Doc. 15.)

Equifax's mailroom received the Complaint by certified mail on July 28, 2017 (Declaration of Jessica Spurlock, ¶ 10, attached here as Exhibit A); *see also* Doc. 7. Equifax has procedures in place to review lawsuits that are filed against it and to make sure that they are handled appropriately, including the timely filing of answers. (Decl. ¶ 5.) When Equifax is served with a lawsuit via certified mail, as in this case, its policy and procedure is to have the mailroom deliver the lawsuit to the legal department. (Decl. ¶ 8.) Upon receipt by the legal department, Equifax's policy and procedure is to send a copy of the lawsuit to King & Spalding for review and handling. (Decl. ¶ 9.) The complaint was inadvertently misrouted and not received by Equifax's legal department. (Decl. ¶ 11.) On August 22, 2017, Plaintiff moved for default judgment against Equifax. (Doc. 19.) The Court denied Plaintiff's motion because the clerk had not yet entered default. (Doc. 20.) On

{MB280610.1}

August 23, 2017, Plaintiff moved for entry of default (Doc. 21) and the Clerk

entered the default the same day. (Doc. 23.) Equifax did not purposefully fail to

respond to the Complaint in a timely manner (Decl. ¶ 12.) Indeed, upon discovery

of the complaint, Equifax immediately filed its answer (Doc. 24.)

<u>ARGUMENT AND CITATION OF AUTHORITY</u>

**I.    DEFAULT IS INAPPROPRIATE BECAUSE EQUIFAX DID NOT ACT WILLFULLY IN DEFAULTING, ACTED WITH REASONABLE DILIGENCE IN SEEKING TO SET ASIDE THE DEFAULT, AND HAS A MERITORIOUS DEFENSE.**

As this Court has previously held, there is a "universally recognized

principle that defaults are not favored in the law." *Blau v. Bill Heard Chevrolet

Corp.-Orlando*, 422 B.R. 293, 302 (N.D. Ala. 2009) (citing cases). This is because

the Eleventh Circuit has a strong policy of determining cases on their merits. *Gulf

Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir.

1984).

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court

may set aside an entry of default for good cause…." Fed. R. Civ. P. 55. Good

cause is a "liberal [standard]"… [but] not susceptible to a precise formula."

*Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*,

88 F.3d 948, 951 (11th Cir. 1996). However, "some general guidelines are

commonly applied." *Id*. These guidelines include: "whether the default was

{MB280610.1}

culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.* (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) and *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). Another factor that can be considered is "whether the defaulting party acted promptly to correct the default." *Id.*

Here, Equifax filed its Answer two days late because of an inadvertent error in the way the complaint was routed from its mailroom (Decl. at ¶ 11.) Such an error is not willful; it was simply the result of a mistake. Upon learning of the mix-up Equifax immediately filed its answer and now files this motion seeking to set aside the default and enlarge the time to permit its answer. Thus, Equifax acted with reasonable diligence because the delay between its discovery of the late answer and seeking relief was less than one day. *See*, *e.g.*, *Johnson v. Brock & Scott, PLLC*, No. 5:11-CV-474-F, 2012 WL 4483916 (E.D.N.C. Sept. 27, 2012) (reasonable diligence involving a delay of two weeks from notice of default).

Equifax has also tendered a meritorious defense in filing its answer. This Court has held that a meritorious defense "does not mean that the moving party must show that he or she is likely to prevail…[but is] meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a valid claim or a complete defense" *Blau*, 422 B.R. at 303. (internal citations and quotations

{MB280610.1}

omitted). Equifax's Answer sets forth a meritorious defense to Plaintiff's Complaint. Indeed, Plaintiff's Complaint itself indicates that some or all of his claims may be time barred. *See*, Doc. 1 at ¶ 9 (Plaintiff admits he was aware of the issue in 2014, more than two years prior to the filing of his lawsuit).

## II.   DEFAULT IS INAPPROPRIATE BECAUSE PLAINTIFF IS NOT PREJUDICED BY A TWO DAY DELAY.

In addition to considering willfulness, diligence, and a meritorious defense, the Court should also consider whether setting aside the default would cause prejudice to Plaintiff.  *Compania Interamericana,* 88 F. 3d at 951.  Equifax filed its answer two days late because of a mistake. Plaintiff has not attempted to set forth, other than in a purely conclusory manner, how such a short delay caused him prejudice. Indeed it is difficult to conceive of any circumstance in which a two day delay could cause prejudice such that entry of a default judgment would be appropriate. This is especially true here considering the other defendant in this case has not yet filed its answer, nor has discovery commenced.

## III.   DEFAULT IS INAPPROPRIATE BECAUSE THE TWO DAY DELAY WAS THE RESULT OF A MISTAKE, NOT ANY DILATORY ACTION BY EQUIFAX.

Because the Complaint was inadvertently misrouted and not received in the legal department, Equifax did not timely respond to the Complaint. (Decl. ¶ 11.) Equifax has procedures in place to timely respond to Complaints.  *Id*, ¶¶ 5-9. This

shows Equifax did not take any dilatory action; it simply made a mistake. Here, there is no history of dilatory action by Equifax and it has acted promptly upon discovery of its mistake.

## IV.   EQUIFAX'S MOTION FOR ENLARGEMENT OF TIME TO ANSWER SHOULD BE GRANTED BECAUSE ITS LATE FILED ANSWER WAS THE RESULT OF EXCUSABLE NEGLECT.

As set forth above, Equifax's failure to answer was due to an inadvertent error. Equifax filed an answer two days late. Under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, the Court may extend the time for Equifax to answer "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). As the Eleventh Circuit has noted, a clerical error or miscommunication can cause a party to inadvertently overlook a filing deadline. *See Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1202 (11th Cir. 1998) (finding excusable neglect where secretary did not record a filing deadline); *see also*, *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1990) (miscommunication between lawyers resulted in delayed filing). Further, as Wright and Miller put it,

> Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time. Common sense indicates that among the most important factors are the possibility of prejudice to the other parties, the length of the applicant's delay and its impact on

> the proceeding, the reason for the delay and
> whether it was within the control of the movant,
> and whether the movant has acted in good faith.

§ 1165 Extending Time—In General, 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed.).

These standards nearly mirror those required to set aside a default, as discussed

above. Equifax's two day delay in filing its answer was the result of an inadvertent

error. Plaintiff will not be prejudiced by allowing Equifax's answer, and the

interests of justice will be served by allowing the case to proceed on the merits.

Therefore, Equifax's motion for enlargement of time to answer should be granted.

## <u>CONCLUSION</u>

For the reasons set forth above, the default should be set aside and

Equifax's motion for enlargement of time to answer should be granted.

Respectfully submitted this 24th day of August, 2017.

> /s/  Kirkland E. Reid
> Kirkland E. Reid (REIDK9451)
> Attorney for Equifax Information Services LLC

OF COUNSEL:
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, AL 36602
Tel. (251) 432-1414 (main)
Fax (251) 439-7358
Email: kreid@joneswalker.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on August 24, 2017, I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Joshua H Threadcraft
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

And via U.S. Mail to:

Troy T. Williams
PO Box 464
Harvest, AL 35749

/s/ *Kirkland E. Reid*
Kirkland E. Reid

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

TROY T. WILLIAMS,                          )
                                           )
                Plaintiff,                 )
                                           )    Case No. 5:17-cv-1216-NHNJ
v.                                         )
                                           )
EQUIFAX INFORMATION                        )
SERVICES, INC.,                            )
                                           )
                Defendant.                 )

## DECLARATION OF JESSICA N. SPURLOCK

I, Jessica Spurlock, hereby make this declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am over the age of 21 years and am otherwise competent to give this declaration.

2.      I am employed by Equifax Information Services LLC ("Equifax") as a Senior Litigation Paralegal.

3.      I have personal knowledge of the matters described herein based on my personal experiences as an employee of Equifax and on my review of records maintained by Equifax in the ordinary course of its business as a consumer reporting agency.

4.      I am authorized to provide this declaration in support of Equifax's Motion to Set Aside Default.

5.      Equifax has procedures in place to review lawsuits that are filed against it and to make sure that they are handled appropriately, including the timely filing of answers.

6.      Equifax has national counsel, King & Spalding, that defends the Company in FCRA cases nationwide, including in the Northern District of Alabama.

7.      When Equifax is served with a lawsuit through its registered agent, King & Spalding also receives a copy of the complaint directly from the registered agent and handles each new lawsuit accordingly.

8.      When Equifax is served with a lawsuit via certified  mail, as in this case, its policy and procedure is to have the mailroom deliver the lawsuit to the legal department.

9.      Upon receipt by the legal department, Equifax's policy and procedure is to send a copy of the lawsuit to King & Spalding for review and handling.

10.     In this case, the lawsuit was received in Equifax's mailroom on July 28, 2017.

11.     However, after receipt in the mailroom, the lawsuit was inadvertently misrouted to another location instead of the legal department and not received in the legal department.

12.     Equifax did not purposefully fail to respond to the Complaint in a timely manner.

13.     Equifax has retained King & Spalding to file an answer and represent it in this matter along with Jones Walker as Alabama counsel.

14.     Equifax believes that it has a meritorious defense in this case and that Plaintiff will not be prejudiced by the granting of this motion.

15.     The disputed judgment is not reporting on Plaintiff's Equifax file.

Executed this 24th day of August, 2017, at Atlanta, Georgia.

By:_____
      Jessica N. Spurlock