# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TROY T. WILLIAMS, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No.  5:17-cv-01216-HNJ |
| vs. ) | |
| ) | |
| CAPITAL ONE BANK (USA) N.A., ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## **O R D E R**

Plaintiff filed a Motion to Strike and Issue Sanctions.  (Doc. 26).  He asks the court to strike the answer of defendant Equifax Information Services, Inc. (Equifax) and to award unspecified sanctions in favor of plaintiff.  Equifax filed a Motion to Set Aside Default and for Enlargement of Time to File Answer.  (Doc. 27).  Upon consideration, the court DENIES plaintiff's motion and GRANTS Equifax's motion.

Plaintiff commenced this action by filing a complaint against Capital One Bank (USA), N.A., and Equifax on July 20, 2017.  Plaintiff served the summons and complaint on Equifax on July 28, 2017 (*see* Doc. 7), making Equifax's answer due by August 18, 2017.  See Fed.R.Civ.P. 12(a)(1)(A)(i).  Plaintiff sought and

1

obtained a clerk's entry of default against Equifax on August 23, 2017. (Docs. 21 & 22). Equifax filed an answer to plaintiff's complaint later on August 23, 2017. (Doc. 24).

Rule 55(c), Federal Rule of Civil Procedure, provides "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The determination of "good cause" is "not susceptible to a precise formula, but some general guidelines are commonly applied." *Compania Interamericana v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996) (citation and quotation omitted).

Some guidelines courts frequently consider include: (1) whether the default was culpable or willful, (2) whether setting the entry of default aside would prejudice the adversary, (3) whether the defaulting party presents a meritorious defense, (4) whether the public interest has been implicated, (5) whether the entry of default would cause significant financial loss to the defaulting party, and (6) whether the defaulting party acted promptly to correct the default. *Id.* The Eleventh Circuit repeatedly finds a strong policy in favor of resolving cases on the merits and views defaults with disfavor. *See, e.g., In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). For that reason, the court should resolve any doubts about setting aside an entry of default in favor of the party seeking

relief.  *Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962)[1]; *Joe Hand Promotions, Inc. v. Koda*, 2016 WL 3563288, *3 (M.D.Ala. June 29, 2016).

In its motion, Equifax relies on the declaration of Jessica Spurlock, its Senior Litigation Paralegal.  (Doc. 27 at 10-12).  She avers Equifax has procedures to review and appropriately handle lawsuits against it, including timely filing of answers.  Equifax has national counsel, King & Spalding, to defend Equifax in Fair Credit Reporting Act cases.  Equifax's mailroom delivers any lawsuit served by certified mail to its legal department, and that department sends a copy of the lawsuit to King & Spalding for review and handling.  Equifax's mailroom received the complaint in this action on July 28, 2017.  However, mailroom personnel misrouted the lawsuit to another location instead of the legal department.  When Equifax's legal department became aware of this action, it immediately forwarded the action to King & Spalding, which then filed an answer on Equifax's behalf.

The court finds no evidence that Equifax's default was culpable or willful. To establish prejudice, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion."  *Udoinyion v. Guardian Sec. Mgmt. & Investigative Servs., Inc.*, 2013 WL 12212966, *3 (N.D.Ga. Mar. 27, 2013). Plaintiff has made no such showing;

---

[1]  All decisions of the former Fifth Circuit handed down prior to September 30, 1981, constitute binding precedent on this Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

the delay was negligible and the case is in its early stages.  Equifax has pleaded defenses which the court may find meritorious once the parties develop the record.  The court finds no public interest implicated by allowing the default to stand.  Instead, the public interest favors resolution of lawsuits on their merits.  Plaintiff seeks unspecified damages on his claims under the Fair Credit Reporting Act[2] and pursuant to state law, on his claims for invasion of privacy, negligent, wanton, or intentional hiring and supervision, malicious prosecution, and abuse of process.  Depending on plaintiff's proof, Equifax could sustain significant financial loss in the form of damages if the court does not set aside the default.  Finally, Equifax filed its answer only five days after the Rule 12(a) deadline, thereby promptly correcting its default.

With regard to Equifax's motion for enlargement of time to answer, Rule 6(b)(1)(B), Federal Rules of Civil Procedure, allows a court to extend the time for Equifax to answer "if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b).  In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), the United States Supreme Court found that an attorney's inadvertent failure to file a proof of claim by the bar date can constitute "excusable neglect" within the meaning of Bankruptcy Rule 9006(b)(1),

---

[2] The Fair Credit Reporting Act allows recovery of actual damages or damages of not less than $100 and not more than $1000.  15 U.S.C. § 1681n(a).

considering the factors of "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *See Ashmore v. Sec'y, DOT*, 2013 WL 28433, *4 (11th Cir. Jan. 3, 2013) (applying *Pioneer* factors to analysis of excusable neglect under Rule 6(b) and stating, "We have noted that, in *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration," citing *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (delayed filing caused by miscommunication between lawyers). *See also Walter v. Blue Cross & Blue Shield United*, 181 F.3d 1198, 1202 (11th Cir. 1998) (finding excusable neglect where secretary did not record a filing deadline). The court finds Equifax has demonstrated excusable neglect for the late filing, such that the court will retroactively extend its time to answer.

Based on the foregoing analysis, the court GRANTS Equifax's motion and SETS ASIDE the clerk's entry of default against Equifax. The court further DENIES plaintiff's Motion to Strike and Issue Sanctions.

**DONE** this 25th day of August, 2017.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE