IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

August 24, 2017

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
Inc.**
*Defendant(s)*

: 
: 
:   CaseNo. 5:17-cv-01216-HNJ
:   PLAINTIFF DEMANDS TRIAL
:   BY JURY
: 
: 
: 

**PLAINTIFF'S NOTICE OF OBJECTION AND OPPOSITION TO CO-DEFENDANT EQUIFAX MOTION TO SET ASIDE ENTRY OF DEFAULT AND EXTENSION OF TIME TO FILE**

**Comes now**, Plaintiff, Williams, by way of pro se', hereby submits his *"notice of objection and opposition to co-defendant Equifax motion to set aside entry of default and extension of time to file"*.

## I.   Background:

Plaintiff, Williams, filed a Complaint against defendant[s], "Capital One Bank(USA) N.A." and "Equifax", on July 20, 2017(ECF 1) in the United States District Court for The Northern District of Alabama, Eastern Division, Huntsville, Alabama Division. The Complaint alleges violations of the Fair Credit Reporting Act, [hereinafter "FCRA" § 1681i] and all parts and sub-parts that apply, for certain practices and actions by defendants. This motion pertains in particular, to "Equifax".

On July 21, 2017, the Court issued a Summons (ECF 5) in a civil action which in part, notified both defendant[s] that they must within 21 days after Service of Summons, file with the Clerk of the Court and serve upon Plaintiff, Williams, an answer to the Complaint. The Court Docket reflects that both defendant[s] received service of the Complaint and Summons on July 28, 2017 via certified mail sent by U.S. Marshals located in Birmingham, AL (ECF 7&10).

By the expiration of the 21 days specified on the Summons, co-defendant, "Equifax", had not filed an answer to the Complaint with the

Clerk of the Court, nor had "Equifax" served a copy of its answer upon Plaintiff, Williams. Prior to August 23, 2017, co-defendant, "Equifax" has not responded to the Complaint, nor otherwise, appeared in this action (ECF 24) until after being notified of an *"entry of default"* was entered and issued by the Clerk of the Court (ECF 23).

Now co-defendant, Equifax is wanting another bite at the apple by motioning the Court to *"Set Aside Entry of Default"* and *"extend its time to file an answer"* on the basis of inadvertence. Alleging that Plaintiff's, Williams, Complaint was somehow *"misrouted"* to another department and miraculously found on the day of *"entry of default"*. Williams intends to dispel Equifax ridiculous claims alleged in their Motion to Set Aside Entry of Default and Request an Extension of Time To File.

## II. Answers That Dispel Equifax Validity To Be Granted A Motion To Set Aside Entry of Default And Request An Extension Of Time To File.

1. Equifax does not deny that it was timely served on the 28th of July, 2017.

2. U.S. Marshals and the Court (ECF 7) confirms that Equifax received summons and complaint.

3. Equifax does not define how the complaint was "misrouted" or where it was "misrouted" and states this under oath.

4. Equifax knew (or should have known) where it was "misrouted" and how it was correctly routed to the legal department once it discovered that it was misrouted, but conveniently left out that part in its' motion to set aside entry of default and extension of time to file.

5. Plaintiff's complaint is not 'time-barred' from 2014, as the confirmation of his Equifax credit report was delivered on May 2017, and his dispute was mailed in June of 2017 as a "re-investigation". *Besides, this motion to set aside entry of default is not a defense motion on the merits of the case, yet Equifax uses this as a defense argument incorrectly.*

6. Jessica Spurlock makes statements that are vague and ambiguous, and could not have personal knowledge of the facts regarding PLAINTIFF"s complaint, as she makes no mention that SHE was personally involved in discovering the misrouting, and provides no evidence as to where it was misrouted and how it got from the place it was misrouted to the legal department.

7. Magically on the day after Equifax learned of the entry of default, Chief Counsel of Equifax, Charles Campbell, contacted Plaintiff by email on the morning of August 24, 2017 and asked if he was open to settlement talks. Plaintiff respectfully claimed it was premature as there were pending motions before the court. (See Exhibit 1).

8. In their act of desperation, Equifax had to come up with a *"dog ate my homework"* story by in large due to the (1) entry of default by Clerk of the

Court (2) motion to strike and request for sanctions (3) delayed settlement proposal.

9. Williams made it clear to Charles Campbell, Chief Counsel for Equifax, that he was not declining the entertainment of settlement talks, but was waiting for pending motions to be decided upon and would get back to Campbell in due course. (See Exhibit 1).

10. Campbell later informed Williams on August 24, 2017, approximately 2:50p of the obvious, that the *"civil claim judgment"* in favor of Capital One Bank(USA)N.A. was no longer reporting in the credit file, which confirms the inaccuracies of the answer with respect to Equifax denying that it has insufficient knowledge or information regarding the truth of the allegation as in paragraphs...contained within Williams complaint.

11. **Equifax is using this motion to set aside entry of default by masking it as a response to the motion to strike and request sanctions.**

12. Equifax knew of or should have known that Federal Rules of Civic Procedure makes plain the requirement for co-defendant to file the motion to set aside entry of default…. BEFORE filing its answer.

13. Equifax failed to mention in filing an answer to Plaintiff Williams' Complaint that entry of default (ECF 23) commenced at 1:44p, yet Equifax submits their answer at approximately 5:15p (ECF 24 & 25) on same day as entry of default by the Clerk of the Court.

14. Equifax is using the adage "it's better to ask for forgiveness than to ask for permission".

15. Equifax is attempting to hoodwink this court by engaging in blatant chicanery.

16. Equifax FAILS to mention in this motion that it first contacted Williams on August 24, 2017, approximately 9:45a… and offered to settle the matter BEFORE filing the motion, yet makes no mention of it in its motion. (See Exhibit 1).

17. Equifax is utilizing another desperate attempt and strategy to address its egregious behavior for not following the Federal Rules of Civic Procedure Rule 12(a) and filing a timely answer to a complaint, nor notifying the Court and Williams for an extension of time before expiration date of August 18, 2017or be in violation of Fed. R. Civ. P. Rule 12(a) as untimely.

18. Equifax has many holes in its story, for example, it does not mention when King and Spalding received the complaint after it was supposedly misrouted, it does not provide specifics as to what time and date the legal department supposedly received it, and exactly what time and date it was sent from the legal department to counsel Reid. Williams construes these lack of specifics as vague and ambiguous, and constitutes heresay.

19. Jessica Spurlock is a paralegal, so she is presumed to work in the legal department.

20. Jessica Spurlock makes no mention of where the legal department is located in her declaration.

21. Jessica Spurlock only states that the Complaint was *"not received"* in the legal department. She never states when and who actually received the Complaint once it supposedly appeared in the legal department.

22. Jessica Spurlock does not state that she has personal knowledge of the facts that SHE received the Complaint in the legal department.

23. Jessica Spurlock statements are vague and ambiguous, is loaded with generalities and ample amounts of heresay.

24. The use of "inadvertently misrouted" by Jessica Spurlock is vague and ambiguous.

25. The use of "another location" by Jessica Spurlock is vague and ambiguous.

Perhaps Ms. Spurlock is better suited to take this Honorable Court on a magical mystery tour of the offices of Equifax's Peachtree location, so that this Court can find out where *"another location"* is located, instead of filing *"declarations"* that are vague and ambiguous that amount to nothing more than heresay.

### III. Co-Defendant Equifax Has Failed To Answer The Complaint or Otherwise Defend This Action And Plaintiff Williams Is Entitled To A Judgment By Default.

Rule 12(a)(1)(A) of the Federal Rules of Civic Procedure provides that a *"defendant"* shall serve its answer to a Complaint within 21 days of service of the matter. As noted above, the Complaint in this case was filed on July 20, 2017 (ECF 1), and served and signed via certified mail on July 28, 2017. The summons, issued by the Court on July 21, 2017(ECF 5) and served upon defendant together with the Complaint, notified defendant[s] of its obligation to file an answer with the Clerk of the Court and to serve a copy of an *"answer"* upon Plaintiff, Williams, within 21 days from the date of service, as of August 18, 2017(ECF 7&10). Co-defendant, "Equifax", had not filed an answer with the Clerk

of the Court, had not served an answer upon Plaintiff, Williams, had made no entry of appearance (see ct. dkt.) in this matter and had not otherwise responded to the civil action instituted against it by Plaintiff, Williams. Only after Williams was issued *"entry of default"* by the Clerk of the Court did Equifax miraculously, file an answer.

As stated in Equifax motion, Plaintiff Williams' Complaint went missing for over 30 days without knowledge as to where, who, how, dates and times as to the Complaint being unaccounted for. Yet Equifax admits they received the Complaint sent by U.S. Marshals on the 28th of July, 2017.

Plaintiff, Williams, recognizes that entry of a default judgment against co-defendant, "Equifax", is a severe remedy. *(See e.g. E.F. Hutton & Co. Inc., v. Moffatt, 460 F 2d. 284, 285 (5th Cir. 1972).* "Where, as here, however, a party does not respond to a properly served Complaint and ignores a duly issued and properly served summons of the Court, a ***"default judgment"*** though drastic, is the appropriate and indeed, only recourse. *(See In Re Knight 833 F 2d.1515, 1516 (11th Cir. 1987)*(Where party offers no good reason for late filing of an answer

entry of default judgment is appropriate); *First City Nat'l Bank of Ft.Worth v. Cook, 117 F.R.D. 390 (N.D. Tex 1987)*(Default judgment appropriate where party served failed to answer).

## CONCLUSION:

**Wherefore**, Plaintiff ,Williams, prays that Equifax's behavior by way of submission of its motion that more or less constitutes bullying Plaintiff, Williams, be denied for the sake of equity and justice as to stave of which could be construed by a reasonable person as pure unadulterated harassment and prejudice against Plaintiff.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

August 24, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this " *Notice of Objection and Opposition to Mot to Set Aside Defualt"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".**I have sent the following parties a copy of my brief via United States Postal Service and by email..*If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services Inc.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

Exh # 1

# Gmail

T Williams <twothe1t1will@gmail.com>

## Williams v. Equifax-NDAL
5 messages

---

**Campbell, Charles** <CCampbell@kslaw.com>   Thu, Aug 24, 2017 at 9:48 AM
To: "twothe1t1will@gmail.com" <twothe1t1will@gmail.com>

Mr. Williams- I am national counsel for Equifax in this case. Do you have a settlement proposal?


N. Charles Campbell, II

KING & SPALDING LLP

1180 Peachtree Street

Atlanta, Georgia 30309

ccampbell@kslaw.com

(404)-572-2748 (direct)

(404)-572-5100 (fax)

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

---

**T Williams** <twothe1t1will@gmail.com>   Thu, Aug 24, 2017 at 10:24 AM
To: "Campbell, Charles" <CCampbell@kslaw.com>

Mr. Campbell I'm in receipt of your email as it pertains to a settlement proposal.

I believe too execute a settlement proposal at this time is premature because there is pending motions before the court that have yet to be ruled on, as well as, Capital One has not filed its answer.

However, I am open to entertain any settlement proposal and I have submitted to the court numbers by way of case law that I would be looking to entertain, so therefore, I will contact you in due course. Thank you.

[Quoted text hidden]

---

**Campbell, Charles** <CCampbell@kslaw.com>   Thu, Aug 24, 2017 at 2:54 PM
To: T Williams <twothe1t1will@gmail.com>