Case 5:17-cv-01216-CLS   Document 30   Filed 08/28/17   Page 1 of 12            FILED
                                                                                           2017 Aug-28 AM 10:07
                                                                                           U.S. DISTRICT COURT
                                                                                               N.D. OF ALABAMA

Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information
Services Inc.
CaseNo. 5:17-cv-01216

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

## August 27, 2017

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
Inc.**
*Defendant(s)*

:
:
: **CaseNo. 5:17-cv-01216-HNJ**
: PLAINTIFF DEMANDS TRIAL
: BY JURY
:
:
:
:

---

## PLAINTIFF'S MOTION FOR RESCUSAL

---

**Comes now**, Plaintiff, Williams, by way of pro se', pursuant to Title 28 U.S.C. § 455(a), respectfully requests this Honorable Judge Herman N. Johnson Jr. recuse himself from the above-captioned

proceedings. As grounds therefore, Plaintiff Williams would show unto the Court as follows:

## I.   Introduction:

Pursuant to 28 U.S.C. § 455(a) and *Marshall v. Jerrico Inc., 446 US 238, 242, 100 S.Ct. 1610, L. Ed. 2d 182 (1980)*.

> "The neutrality requirement helps to guarantee that life, liberty or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law."

The above is applicable to this Court by application of Article VI of the United States Constitution and *Stone v. Powell, 428 US 465, 483 n. 35, 96 S.Ct. 3037, 49 L. Ed. 2d. 1067 (1976)*.

> "Federal Courts have a constitutional obligation to safeguard personal liberties and to uphold federal law."

The above mentioned Judge has in the course of these proceedings committed acts that have deliberately violated litigant's personal liberties and/or has wantonly refused to provide due process and equal protection to litigant before the Court or has behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings.

The United States Constitution provides and guarantees an unbiased Judge who will do his or her best to provide litigants with full protection of ALL RIGHTS. Therefore, Plaintiff Williams, respectfully demands said judge, Herman N. Johnson Jr. recuse himself in light of the evidence provided via *"court record and affidavit"* detailing prior unethical and/or illegal conduct or conduct which otherwise gives *movant and the public observer[s]* good reason to believe the above Judge cannot hear the above case in a fair and impartial manner. In other words, litigant asserts that Court's actions, has caused and will continue to cause in the foreseeable future grave implications by way of *"appearance of bias and impartiality"* to the outcome of the case concerning Plaintiff Williams that would prevent equity and justice being administered properly.

## II. Standard for Recusal:

1. In relevant part, the Canons of Judicial Ethics provide as follows:

   CANON 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPERANCE OF IMPROPRIETY IN ALL HIS ACTIVITIES.

   A. A judge should respect and comply with the law and should conduct him/herself at all times in a manner that promotes

"*public confidence*" in the integrity and impartiality of the judiciary.

> B. A judge should at all times maintain the decorum and temperance befitting his/her office and should avoid conduct "prejudicial" to the administration of justice which brings the judicial office into disrepute.
>
> C. A judge should not allow his family, social, political, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he/she convey or permit others to convey the impression that they are in a special position to influence him/her.
>
> CANON 3C. DISQUALIFICATION:
>
> (1). A judge should disqualify himself in a proceeding in which his/her disqualification is required by law or his/her impartiality might "reasonably" be questioned, including but not limited to instances where:
>
>> (a). He/She has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.......

2. In Ex parte Duncan, 638 So. 2d 1332 (Ala. 1994), the Alabama Supreme Court stated the following concerning Canon 3.C(1):

> "Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, which Coincides with Federal, recusal is required when "facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge."

638 So. 2d at 1334 (*quoting Acromag-Viking v. Blalock, 420 So. 2d 60, 61 (Ala 1982)*.

**The standard for recusal is objective:** "whether a reasonable person knowing everything that the judge knows would have a reasonable basis for questioning the judge's impartiality." *Ex parte Bank of America, N.A., 39 So. 3d. 113, 117 (Ala. 2009)(citations and quotations omitted)*. "The focus of inquiry, therefore, is not whether a particular judge is or is not biased toward the Plaintiff; the focus is instead on whether a reasonable person would perceive a potential bias or a lack of impartiality on the part of the judge in question." *Id. (citations and quotations omitted)(United States v. Gigax, 605 F 2d. 507 (10th Cir. 1979)*.

Plaintiff, Williams and as would be the public in general have a *"reasonable basis"* to question Judge Johnson's ability to be fair and impartial in this matter.

### III. <u>Plaintiff's Reasonable Basis To Request Recusal</u>

Plaintiff, Williams, asserts that the appearance of bias and impropriety has been demonstrated by this Court in this proceeding by way of how it administered the Federal Rules of Civic Procedure or lack thereof as it relates to Williams' timely and legitimate motions having

continually been ignored as to the extent that it is abridging his due process rights which in turn upon information and belief, constitutes an abuse of discretion by this Court which has grave implications for the outcome of this case for Plaintiff, Williams.

### A. <u>Actions By This Court That Appears To Plaintiff As Bias And Impartial.</u>

According to the Court Docket in this proceeding, the following is examples of actions haven taken place by this Court towards Plaintiff, Williams:

> **(1).** (ECF 14) indicated that Capital One submitted an *"Extension of Time"* motion in which Williams respectfully declined and submitted his *"objection by way of a motion"* (ECF 16) that was never ruled on within the timeline dictated by the Court, which was three days, which Williams upon information and belief, constitutes "Abuse of Discretion" and has grave implications concerning the outcome of this case. Granting of Capital One's "good cause" motion of extension of time to file answer, ruled on within 30 minutes; opposition filed timely within 72 hours; no ruling on the merits of opposition; allowed delay until time expired for Capital One to have filed a timely answer, prejudicing Plaintiff by not addressing the objection. (ECF 10) shows Capital One was served summons and complaint properly.
>
> **(2).** (ECF 18) indicated that Williams mistakenly as a pro se' submitted "motion for default", which at the time was a "procedural error" and this Court "admonished" Williams by denying his motion and expressed in strong language that Williams is trying to "rush ahead" (ECF 20). This Court once again indicated that a party to the matter had three days to dispute.
>
> **(3).** (ECF 21) indicated that Williams made corrections to his procedural error, and submitted his motion for "entry of default" and was granted by the Clerk of the Court (ECF 23) because Equifax has

clearly defied or did not comply with Fed. R. Civ. P. Rule 12(a) and upon issuance of "entry of default" Equifax was "five" days passed the date to file which was August 18, 2017.

**(4).** Upon "entry of default" by the Clerk of the Court (ECF 23), which took place at 1:44p, Equifax files an answer to Williams' complaint with an entry time of approximately 5:18p (ECF 24), with ample time to be fully aware of the "entry of default" and to submit first, its "motion to set aside entry of default"; yet submits an "answer" that is clearly beyond all reasonableness to a public observer, late. Yet this Court does not "admonish" Equifax over its "procedural error" as it did Williams, which upon information and belief, constitutes an "abuse of discretion" and has grave implications on the outcome of the case whether equity and justice will be administered correctly.

**(6).** Upon entry of Williams "motion to strike and request for sanctions" because of Equifax untimely submission of an "answer" to Williams' Complaint (ECF 27) this Court does not address concerns regarding Williams' motions on the merits, which denies Williams due process and gives the appearance of bias and impropriety which upon information and belief, constitutes an "Abuse of Discretion"

**(7).** Upon entry of Williams' motion (ECF 29) to address Equifax's "motion to set aside entry of default and extension of time", submitted on August 24, 2017 via electronically at the close of normal business hours for the court which is 8:30a to 4:30p.,( which does have a dropbox for late and earlier filing, 7:30a-8:30a and 4:30p-5:30p), Court files granting of Equifax motion at 8:10am (ECF 28), twenty minutes prior to anticipation of Plaintiff's motion for objection, again, showing extreme prejudice. The reason Williams claims this is the appearance of bias and impropriety, is that Williams is pro se' and therefore not afforded the same option of electronically filing as a licensed attorney and has to physically submit all his filings to the Courthouse. That being said, even if Williams had submitted a response in what the Court deems as an early filing box, there was and is no guarantee that his filing would have been inputted in the Court Docket system prior to Judge Johnson Jr. order which took place at 8:15a. That being said, this Court knew Williams hands were tied and his only option was to wait until the Court was open to the public which is 8:30a. This action upon information and belief, is an "Abuse of Discretion".

**(8).** The Court Docket will demonstrate a consistent pattern by this Judge of ignoring Williams Objections in the form of "motion[s]" not

being addressed on the merits therefore prejudicing Williams due-process., which is an "Abuse of Discretion".

**(9).** Upon entry of this Court's order (ECF 28) granting Equifax concerns and denying Williams the same, Judge Johnson Jr. indicated that he wants to protect Equifax from a large damage award, as well, he indicated that he must protect the public interest. There's millions of consumers out there, if Equifax is knowingly and willfully violating FCRA then isn't it actually IN THE PUBLIC INTEREST to hold them accountable. Once again, upon information and belief, this constitutes an "Abuse of Discretion" gives the appearance to a "public observer and Williams" as bias and impropriety especially when they are 5 days late with no reasonable excuse that was mentioned in Williams "objection" motion, yet was not taken in consideration on its merits by this Court.

**(10).** Mysteriously the green return receipt of concerning Capital One was "misrouted" and the Equifax alleges complaint was "misrouted" what a coincidence, yet Capital One managed to bring "notice" within the allotted timeframe to request an "Extension of Time" for show cause. Equifax failed to do so. Yet now this Court fails to admonish Equifax on this fatal procedural error. This appears to be bias and prejudicial towards Plaintiff, Williams, and upon information and belief, constitutes an "Abuse of Discretion".

**(11).** When Capital One finds itself on the docket, it finally hires Counsel. When Equifax sees entry of default, on the docket, that impacts them negatively, it hired Counsel. What a coincidence. Yet the Court did not admonish Equifax or Capital One. Upon information and belief, this constitutes impropriety and an "Abuse of Discretion".

**(12).** (ECF 28) judge's order: (a) "mailroom personnel misroute the lawsuit to another location instead of the legal department" is a conclusory remark, as Jessica Spurlock makes no mention of WHO at mailroom, WHICH personnel and WHERE is "another location", located. Spurlock could NOT have personal knowledge of the facts unless she makes specific references to answer the 'WHO, WHICH and WHERE (b) When Equifax's legal department became aware of this action" is vague and ambiguous, as Spurlock makes no reference as to the TIME AND DATE as to WHEN the legal department became "aware of this action". Therefore, the statement is a conclusory remark that is not based on Spurlock's knowledge of the facts, but rather an interpretation made by the COURT ((c) When Equifax's legal department became aware of this action, it immediately forwarded the action to King and Spalding." This statement is conclusory, as Jessica

Spurlock made NO MENTION of WHEN the legal department became "aware of this action" and did NOT mention when it "forwarded" the action to King and Spalding (d) "which then filed an answer of Equifax's behalf. King and Spalding did NOT file the answer on "Equifax's behalf", Jones Walker LLP did, with Counsel Reid acting on behalf of Equifax.

## B. Plaintiff Williams Appearing As Pro Se Under The Constitution Of The United States Enable Him To Act As An Officer Of The Court

Because the act of appearing pro se' installs and grants an individual under the constitution of the United States, full authority to act as an officer of the Court in all matters civil and criminal, it therefore stands to reason that an affidavit signed by an individual, pro se', should have the same weight as an affidavit signed by an attorney for a litigant

It therefore stands to reason that:

> "A judge must grant a motion for disqualification if the motion and supporting affidavits state facts from which it reasonably may be inferred that the judge has a bias or prejudice what will prevent him from dealing fairly with the party seeking recusal. The judge must accept the affidavit filed with the motion as true, even though the Judge believes that the statements contained in the affidavit are false". (See Johnson v. District Court, 674 P. 2d. 952 (Colo.1982).

Movant is entitled to an evidentiary hearing before a judge other than Judge Johnson Jr., at which hearing Williams may adduce evidence.

## CONCLUSION:

The Judicial Canons seek to assure the "public" that a judge is not partial, biased, or presumptive regarding the facts of a case. The clear objective standard of the Judicial Cannons is to require recusal if a reasonable person would perceive potential bias or prejudice in a judge handling the matter. Judge Johnson's actions are replete with examples, both directly from his actions, and indirectly from his track record of clearly erroneous decisions, that demonstrate an appearance of impartiality to hear the matter that will be discussed and argued in this case, as well as, a hostility toward Plaintiff, Williams. In light of the forgoing, to avoid any appearance of bias or impropriety, and to promote *"public confidence"* in the integrity and impartiality of the judiciary, Plaintiff, Williams, respectfully request Judge Johnson Jr. to recuse himself from this case.

Respectfully submitted,

*[signature: Troy J. Williams]*

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

August 27, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *" Motion for Recusal"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".** I have sent the following parties a copy of my brief via United States Postal Service and by email.. *If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services Inc.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person