Case 5:17-cv-01216-CLS   Document 31   Filed 08/28/17   Page 1 of 6

Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services Inc.
Case No.5:17-cv-01216-CLS

FILED
2017 Aug-28 AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

**August 27, 2017**

FILED
2017 AUG 28  A 9 46
U.S. DISTRICT COURT
N.D. OF ALABAMA

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
Inc.**
*Defendant(s)*

CaseNo. 5:17-cv-01216-HNJ
: PLAINTIFF DEMANDS TRIAL
: BY JURY

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION FOR RECUSAL

I, Troy T. Williams, of Harvest, in Madison Alabama, MAKE OATH AND SAY THAT:

I do solemnly swear by all laws and statutes that apply, that I, Plaintiff, Williams, pro se' "affiant" have personal knowledge of the following:

According to the Court Docket in this proceeding, the following actions have taken place by this Court towards Plaintiff, Williams:

> **(1).** (ECF 14) indicated that Capital One submitted an *"Extension of Time"* motion in which Williams respectfully declined and submitted his *"objection by way of a motion"* (ECF 16) that was never ruled on within the timeline dictated by the Court, which was three days, which Williams upon information and belief, constitutes "Abuse of Discretion" and has grave implications concerning the outcome of this case. Granting of Capital One's "good cause" motion of extension of time to file answer, ruled on within 30 minutes; opposition filed timely within 72 hours; no ruling on the merits of opposition; allowed delay until time expired for Capital One to have filed a timely answer, prejudicing Plaintiff by not addressing the objection. (ECF 10) shows Capital One was served summons and complaint properly.
>
> **(2).** (ECF 18) indicated that Williams mistakenly as a pro se' submitted "motion for default", which at the time was a "procedural error" and this Court "admonished" Williams by denying his motion and expressed in strong language that Williams is trying to "rush ahead" (ECF 20). This Court once again indicated that a party to the matter had three days to dispute.
>
> **(3).** (ECF 21) indicated that Williams made corrections to his procedural error, and submitted his motion for "entry of default" and was granted by the Clerk of the Court (ECF 23) because Equifax has clearly defied or did not comply with Fed. R. Civ. P. Rule 12(a) and upon issuance of "entry of default" Equifax was "five" days passed the date to file which was August 18, 2017.
>
> **(4).** Upon "entry of default" by the Clerk of the Court (ECF 23), which took place at 1:44p, Equifax files an answer to Williams' complaint with an entry time of approximately 5:18p (ECF 24), with ample time to be fully aware of the "entry of default" and to submit first, its "motion to set aside entry of default"; yet submits an "answer" that is

clearly beyond all reasonableness to a public observer, late. Yet this Court does not "admonish" Equifax over its "procedural error" as it did Williams, which upon information and belief, constitutes an "abuse of discretion" and has grave implications on the outcome of the case whether equity and justice will be administered correctly.

**(6).** Upon entry of Williams "motion to strike and request for sanctions" because of Equifax untimely submission of an "answer" to Williams' Complaint (ECF 27) this Court does not address concerns regarding Williams' motions on the merits, which denies Williams due process and gives the appearance of bias and impropriety which upon information and belief, constitutes an "Abuse of Discretion"

**(7).** Upon entry of Williams' motion (ECF 29) to address Equifax's "motion to set aside entry of default and extension of time", submitted on August 24, 2017 via electronically at the close of normal business hours for the court which is 8:30a to 4:30p.,( which does have a dropbox for late and earlier filing, 7:30a-8:30a and 4:30p-5:30p), Court files granting of Equifax motion at 8:10am (ECF 28), twenty minutes prior to anticipation of Plaintiff's motion for objection, again, showing extreme prejudice. The reason Williams claims this is the appearance of bias and impropriety, is that Williams is pro se' and therefore not afforded the same option of electronically filing as a licensed attorney and has to physically submit all his filings to the Courthouse. That being said, even if Williams had submitted a response in what the Court deems as an early filing box, there was and is no guarantee that his filing would have been inputted in the Court Docket system prior to Judge Johnson Jr. order which took place at 8:15a. That being said, this Court knew Williams hands were tied and his only option was to wait until the Court was open to the public which is 8:30a. This action upon information and belief, is an "Abuse of Discretion".

**(8).** The Court Docket will demonstrate a consistent pattern by this Judge of ignoring Williams Objections in the form of "motion[s]" not being addressed on the merits therefore prejudicing Williams dueprocess., which is an "Abuse of Discretion".

**(9).** Upon entry of this Court's order (ECF 28) granting Equifax concerns and denying Williams the same, Judge Johnson Jr. indicated that he wants to protect Equifax from a large damage award, as well, he indicated that he must protect the public interest. There's millions of consumers out there, if Equifax is knowingly and willfully violating FCRA then isn't it actually IN THE PUBLIC INTEREST to hold them accountable. Once again, upon information and belief, this constitutes an "Abuse of Discretion" gives the appearance to a "public observer and

Williams" as bias and impropriety especially when they are 5 days late with no reasonable excuse that was mentioned in Williams "objection" motion, yet was not taken in consideration on its merits by this Court.

(10). Mysteriously the green return receipt of concerning Capital One was "misrouted" and the Equifax alleges complaint was "misrouted" what a coincidence, yet Capital One managed to bring "notice" within the allotted timeframe to request an "Extension of Time" for show cause. Equifax failed to do so. Yet now this Court fails to admonish Equifax on this fatal procedural error. This appears to be bias and prejudicial towards Plaintiff, Williams, and upon information and belief, constitutes an "Abuse of Discretion".

(11). When Capital One finds itself on the docket, it finally hires Counsel. When Equifax sees entry of default, on the docket, that impacts them negatively, it hired Counsel. What a coincidence. Yet the Court did not admonish Equifax or Capital One. Upon information and belief, this constitutes impropriety and an "Abuse of Discretion".

(12). (ECF 28) judge's order: (a) "mailroom personnel misroute the lawsuit to another location instead of the legal department" is a conclusory remark, as Jessica Spurlock makes no mention of WHO at mailroom, WHICH personnel and WHERE is "another location", located. Spurlock could NOT have personal knowledge of the facts unless she makes specific references to answer the 'WHO, WHICH and WHERE (b) When Equifax's legal department became aware of this action" is vague and ambiguous, as Spurlock makes no reference as to the TIME AND DATE as to WHEN the legal department became "aware of this action". Therefore, the statement is a conclusory remark that is not based on Spurlock's knowledge of the facts, but rather an interpretation made by the COURT ((c) When Equifax's legal department became aware of this action, it immediately forwarded the action to King and Spalding." This statement is conclusory, as Jessica Spurlock made NO MENTION of WHEN the legal department became "aware of this action" and did NOT mention when it "forwarded" the action to King and Spalding (d) "which then filed an answer of Equifax's behalf. King and Spalding did NOT file the answer on "Equifax's behalf", Jones Walker LLP did, with Counsel Reid acting on behalf of Equifax.

(13). William established a pattern of filing his motions at 8:30a, and had so on THREE prior occasions. The Court knew or should have known that William would file and objection to the motion to set aside the entry of default at 8;30a, which of course he clearly did. But the court filed the granting of Equifax's motion at 8:10a, thereby denying

Williams the opportunity to be heard on any objection to Equifax motion and declaration of Jessica Spurlock.

**(14).** The court denied Williams the opportunity to be heard on Capital One's motion for good cause, on Equifax's motion to set aside the default, AND the court has assisted Equifax in averting an objection to Williams motion to strike.

**(15).** The removal of Williams Capital One "civil claim judgment" from his Equifax report does grant Equifax an automatic pass to escape having to answer and having to face possible liability of FCRA violations.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

August 27, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this " *Motion for Recusal*" is in compliance with **with Local Court Rules and Fed.R.Civ.P.".**I have sent the following parties a copy of my brief via United States Postal Service and by email..*If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services Inc.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person