# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| TROY T. WILLIAMS, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No.  5:17-cv-01216-HNJ |
| vs. ) | |
| ) | |
| CAPITAL ONE BANK (USA) N.A., ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

## **O R D E R**

Plaintiff filed a Motion for Recusal.  (Doc. 30).  He asks the undersigned to recuse himself, claiming the undersigned violated his personal liberties or failed to provide due process and equal protection, thereby giving the appearance of bias or partiality.

Title 28 U.S.C. § 455(a) requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and § 455(b) requires recusal if the judge is personally biased or prejudiced towards a party. *Iacullo v. United States of America*, 463 Fed.Appx. 896 (11th Cir. 2012), instructs:

> To require recusal, a judge's bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quotations omitted). Adverse judicial rulings are generally "proper grounds for appeal, not for recusal." *Liteky*

1

>*v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). "A judge's ordinary efforts at courtroom administration" also do not show bias. *Id.* at 556, 114 S.Ct. at 1157.

*Id.* at 898. A movant "may not simply point to the court's prior adverse rulings against him to support a charge of bias, where adequate legal grounds exist for the rulings." *United States v. Katopodis*, 2012 WL 12977448, at *1 (N.D.Ala. Oct. 30, 2012).

As evidence of the undersigned's alleged partiality toward defendants, plaintiff refers to the orders granting defendant Capital One's motion for an extension of time to answer, denying without prejudice plaintiff's motion for default judgment, granting defendant Equifax's motion to set aside the clerk's entry of default[1] and to extend the time for its answer, and denying plaintiff's motion to strike Equifax's answer and impose sanctions. The entry of such orders is not alone evidence of bias. Instead, it is the attempt of a judge, within the discretion afforded a district court, to manage litigation and promote a decision on the merits rather than on purely procedural grounds. The undersigned possesses no personal bias or prejudice toward or against any party to this litigation.

---

[1] A magistrate judge has the authority to rule on a motion to set aside a clerk's entry of default, as courts consider such a motion non-dispositive. *See Allstate Fire and Cas. Ins. Co. v. Novosad*, 2016 WL 5430191, at *1, n.2 (E.D.Mich. Sept. 29, 2016); *Minnesota Life Ins. Co. v. Caradine*, 2014 WL 2938342, at *2, n.5 (N.D.Iowa June 30, 2014); *J & J Sports Prods., Inc. v. Martinez*, 2013 WL 2147790, at *1, n.2 (M.D.N.C. May 16, 2013); *Pinkston v. Atlanta Reg'l Comm'n*, 2007 WL 4224814, at *2 (N.D.Ga. Nov. 27, 2007).

Because any adverse rulings of the undersigned against the plaintiff in this action had sound procedural and legal bases, those rulings are not adequate grounds for recusal. Therefore, the court DENIES plaintiff's Motion for Recusal.

**DONE** this 29th day of August, 2017.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE
JUDGE