Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services Inc.
Case No. 5:17-cv-01216-HNJ

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

FILED
2017 AUG 31 P 12: 32
U.S. DISTRICT COURT
N.D. OF ALABAMA

**August 31, 2017**

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
Inc.**
*Defendant(s)*

: CaseNo. 5:17-cv-01216-HNJ
: PLAINTIFF DEMANDS TRIAL
: BY JURY
:
:
:

---

## PLAINTIFF'S MOTION FOR QUASH

---

**Comes now**, Plaintiff, Williams, by way of pro se', hereby moves to quash Capital One's motion (ECF 33) submitted on August 29, 2017 for the following:

1. Apparently Capital One agrees with Plaintiff, Williams, on the grounds that the *"objection"* was filed timely, and that a ruling or answer was due on the 18th of August, 2017.

2. Reply brief should have been filed timely after entry of *"objection motion"* because the Court had until 18th of August, 2017, to make a decision.

3. This is procedurally incorrect on behalf of the Court and defendant Capital One by way of the Federal Rules of Civic Procedure to rule on this matter because the Court has already considered Williams objection moot or de-facto ruling by its action granting Capital One leave to file on September 1, 2017.

4. (ECF 14) indicated that Capital One submitted an *"Extension of Time"* motion in which Williams respectfully declined and submitted his *"objection by way of a motion"*(ECF 16) that was never ruled on within the timeline dictated by the Court, which was three days, which Williams upon information and belief, constitutes *"Abuse of Discretion"* and has grave implications concerning the outcome of this case. Granting of Capital One's "good cause" motion of extension of time to file answer, ruled on

within 30 minutes; opposition filed timely within 72 hours; no ruling on the merits of opposition; allowed delay until time expired for Capital One to have filed a timely answer, prejudicing Plaintiff by not addressing the objection. (ECF 10) shows Capital One was served summons and complaint properly.

5. Apparently Capital One reviewed Plaintiff, Williams, *"Motion for Recusal"*, an accepted Williams' allegation in his *"motion"* for objection. Ironically, this Court for whatever reason simply did not rule in a timely fashion as indicated by this Court that Williams and/or party has three days to *"reconsider"* or *"rebut"*.

6. If the Court found that Williams motion had merit, then it is possible that Court would have reconsidered its order and therefore Capital One would have been required to file on 18th of August, 2017 as the summons indicated by way of Fed. R. Civ. P. Rule 4 and all sub-part that applies.

7. Plaintiff, Williams, asserts this Court *"ignored"* Williams' timely filed objection, so therefore, why is Capital One concerned with

the Court's actions. The Court's action have granted leave for Capital One to file on September 1, 2017.

8. For this Court to rule on this motion submitted by Capital One is a blatant act of *"abuse of discretion"* by this Court as mentioned in Williams' *"Motion for Recusal"* which Capital One apparently agrees with Williams because it filed this latest motion. It agrees that the Federal Rules of Civic Procedure are not being followed by this Court.

9. Capital One inadvertently is attempting to back-track in hopes that the court docket will reflect proper Federal Rules of Procedure being applied by the Court concerning this matter, in case Williams files an Appeal with the 11th Circuit. In other words, Capital One is wanting this Court to play *"father time"*.

10.   Capital One pointed out in this entry of motion to respond to Williams' objection that Williams did not specify how Capital One's actions are bringing him *"harm and injury"*, however this is not true because if the Court and Capital One are not adhering to the Federal Rules of Civic Procedure Rule 12(a) then these actions alone constitute harm and injury because Williams would never

receive an equitable hearing on the merits especially this early in

the proceeding.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothelt1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

August 31, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Motion to Quash"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".** I have sent the following parties a copy of my brief via United States Postal Service and by email..*If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services Inc.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person