FILED
2017 Oct-05  AM 09:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2017 OCT -5  A 9 09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

### October 4, 2017

This document relates to:

**Troy T. Williams,** an Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A. and Equifax Information Services Inc.**
*Defendant(s)*

: **AMENDED COMPLAINT**

: **CaseNo. 5:17-cv-01216-CLS**
: PLAINTIFF DEMANDS TRIAL
: BY JURY
:
: **UNOPPOSSED**
:

---

## AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. RULE 15(a) AND COURT ORDER (ECF 46)

---

**COMES NOW,** the Plaintiff, Consumer, Williams, by way of pro se', to bring forth this amended complaint against the Defendant(s), [Capital One Bank(USA)N.A., (hereinafter known as "Capital One Bank") and Equifax Information Services Inc., (hereinafter known as "Equifax")] as follows:

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, title VI of Pub.L. 91–508, 84 Stat. 1114[1], (15 U.S.C. § 1681 et seq.[hereinafter "FCRA"].

2. Plaintiff Williams exhaustively attempted to mitigate damages and reduce cost for all parties by attempting to reach an amicable solution by way of a "Settlement Proposal" for each defendant to consider.(emphasis supplied).

   a. All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The court requires that the attorneys for all parties make an early analysis of the case along with their clients and be prepared to discuss settlement at an early date. The parties shall also consider and discuss whether this action may be suitable for mediation, whether under the court's ADR plan or otherwise.(ECF 44 p.2).

3. In such proposal, defendants were liable only for actual and statutory damages without admitting or denying any wrong doing. Plus defendants would not have to face punitive damages.

4. Both parties Counsel have been made fully aware of "Settlement Proposal".

5. Neither Capital One Bank, nor Equifax responded in a timely fashion before submission of "Amended Complaint".

6. Now Plaintiff Williams brings forth this Amended Complaint as ordered by the Court to file on or before October 5, 2017 (ECF 46).

---

[1] **Any reference to the FCRA or any part thereof encompasses all relevant parts and subparts thereto.** U.S. Federal Government legislation enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. **It was intended to protect consumers from the willful and/or negligent inclusion of inaccurate information in their credit reports**. To that end, the FCRA regulates the collection, dissemination, and use of consumer information, including consumer credit information.

7.  Plaintiff Williams contacted all three CRA's [Credit Reporting Agencies] in and around 2014 via mail in which all three agencies "verified" a "civil claim judgment" in Williams' first dispute attempt.

8.  In or around June 2017, Plaintiff Williams contacted all three CRA's [Credit Reporting Agencies] for a "re-investigation".

9.  Experian and TransUnion LLC., after receiving *"verification letter for re-investigation purposes"*....**"deleted"** the disputed *"item"* in favor of Capital One for not being able to *"verify"* original consumer signed agreement (*effective agreement copyrighted 2004*).

10.  Equifax, failed to conduct an *"re-investigation"* for alleged inaccuracies and correct any deficiencies in a timely 30 day manner in accords with 15 U.S.C. § 1681i(a)(1)(A).

11.  Capital One Bank violated § 1681s-2(b) by not properly conducting and reporting "re-investigation" of information disputed by Plaintiff through Equifax.

## JURISDICTION:

12.  The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

13.  Personal jurisdiction exists over Defendants as they had the necessary minimum contacts with the State of Alabama and this suit arises out of their

specific conduct with Plaintiff in Alabama. All the actions described in this suit occurred in Alabama.

14.     Subject matter jurisdiction exists under federal question jurisdiction **28 U.S.C. § 1331§ 1332.**

## VENUE:

15.     Venue is proper as Plaintiff lives in Alabama and the Defendants do business in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES:

16.     Plaintiff, Troy T. Williams [hereinafter "Plaintiff"] is a *"consumer"*, natural person who is a resident of Alabama.

17.     Defendant Capital One Bank(USA)N.A., ("Defendant" or "Capital One Bank") is a foreign company that engages in the business of suing *"consumers"* and/or reporting consumer credit information to credit reporting agencies. It conducts business in this Judicial District. Its principal place of business is the State of Virginia and it is incorporated in Virginia.

18.     Defendant Equifax Information Services, LLC, ("Defendant" or "Equifax") is a Limited Liability Company authorized to do business in Alabama.

## FACTUAL ALLEGATIONS:

19.     Plaintiff Williams was denied gainful employment and/or looked upon

in an unfavorable light by Governmental Employer and Employer[s] due to

his credit report involving Equifax and other CRA's, [Credit Reporting

Agencies].

20.     Capital One Bank willfully, intentionally, maliciously, and knowingly

reported false or inaccurate information to Equifax and other CRA's, [Credit

Reporting Agencies] and continued to do so despite Plaintiff's dispute[s]

about the account that was transmitted through Equifax and other CRA's

[Credit Reporting Agencies] in violation of FCRA § 623(a) albeit no private

right of action.

21.     The inaccuracies include, but are not limited to, the "amount" of the

alleged debt reported and lack of signed effective agreement copyrighted

2004.

22.     Capital One Bank failed to conduct a proper investigation of Plaintiff

Williams dispute[s] and failed to inform Equifax that the account was in

dispute     in     defiance     of     FCRA     and     CFPB     notice

http://files.consumerfinance.gov/f/201309_cfpb_bulletin_furnisher.pdf

which Plaintiff has a private right of action.(see In DiMezza v. First USA

Bank Inc., 103 F. Supp. 2d. 1296, 1300 (D.N.M. 2000) "the plain language

of [(15U.S.C.§1681(n) and (o)] provide a private right of action for a consumer against furnishers of information who have willfully and negligently failed to perform their duties upon notice of dispute".)

23.     Capital One Bank, a furnisher, failed to review all relevant information provided with the dispute[s] by consumer Williams forwarded by Equifax.

24.     Alternatively, Capital One Bank, a furnisher, reviewed all relevant information provided with the dispute[s] by consumer Williams forwarded by Equifax.

25.     Capital One Bank, a furnisher, failed to report the results of the re-investigation to Equifax.

26.     Alternatively, Capital One Bank, a furnisher, reported the results of the re-investigation to Equifax.

27.     Capital One Bank business practices as it pertains to credit cards target the "least sophisticated consumer" because "When defendants engage in the initiation and perpetration of credit card collection lawsuits, they attach to the Complaint false documents intended to represent the governing contracts by and between Capital One and its customers when, in fact, the attached contracts are purposefully and intentionally false documents misrepresented as the actual Customer Agreement; the attached false

Case 5:17-cv-01216-CLS   Document 47   Filed 10/05/17   Page 7 of 27

Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services Inc. | 7
**Case No: 5:17-cv-01216-CLS** |

contracts are dated after the date of any credit card issuance, and therefore, cannot represent the true Customer Agreement". (**See Wheeler v. Capital One et al. 2:12-cv-05848** at ¶ 27, emphasis supplied…**See Henner et al. v Apothaker & Associates, P.C. et al. Case No: 2:10-cv-05765**).

28. The **CFPB** [Consumer Financial Protection Bureau] governed by the **FTC** [Federal Trade Commission]; in their Chase Bank Consent Order 2015, says, "Bank[s] made certain errors calculating pre and post judgment fees and interest when filing debt collection lawsuits, which resulted in judgment against consumer[s] for incorrect amounts (2) practices harmed consumer[s] and subjected certain consumers to collection activity for accounts that were not theirs, in amounts that were incorrect or uncollectible (3) obtain judgment against consumer[s] using documents that were falsely sworn and at times contained inaccurate amount[s] (4) these actions affect consumer[s] ability to obtain credit, employment, housing and insurance in the future (5) when a Bank sells a debt must provide a signed effective cardholder agreement after debt sale (6) this practice misleads consumers and court[s] and cause consumer[s] to pay false or incorrect debt and incur legal expense to defend against invalid claim. (see http://files.consumerfinance.gov/f/201507_cfpb_consent-order-chanse-bank-usa-na-and-chase-bankcard-services-inc.pdf.

29.     Capital One Bank continues to be non-compliant with **Wheeler v. Capital One et al., 2:12-cv-05848** by submitting false forms and/or "false agreements" when asked for the "signed effective agreement copyrighted 2004" via a motion to compel in Federal Court concerning same disputed account item reported to Equifax and CRA's [Credit Reporting Agencies]. (See Case No. 1:15-cv-05012).

30.     Capital One Bank's item in dispute by consumer Williams, which was reported to Equifax and other CRA's [Credit Reporting Agencies], was charged off in or around 2008 for approximately $2,300.

31.     Defendant Capital One Bank reported to the credit reporting agencies, like Equifax, Experian, and TransUnion $4,078.83, an inaccurate amount owed without providing signed effective cardholder agreement copyrighted 2004.

32.     A 2015 study released by the Federal Trade Commission found that 23% of consumers identified inaccurate information in their credit reports.

33.     Plaintiff Williams requested and received his free annual credit report in accords with FCRA from all three credit reporting agencies Experian, Equifax and TransUnion. The results of the annual credit report from all Defendants is as follows:

1. Experian credit report file number **2450-1462-36**, dated **May 15, 2017,** indicated ID# DV2010902072---date filed: Jan 2011---status: "civil claim judgment"---judgment in favor: Capital One Bank USA N.A.

2. Equifax credit report file number **7135081568**, dated **May 15, 2017,** indicated ID# DV2010902072---date filed: Jan 2011---status: "civil claim judgment"---judgment in favor of Plaintiff: Capital One Bank USA N.A. $4,078.

3. TransUnion credit report file number **310131585**, dated **May 12, 2017,** indicated ID# DV2010902072---date filed: Jan 2011---status: "civil claim judgment"---judgment in favor: Capital One Bank USA N.A.

34.     Plaintiff Williams disputed with Defendant Equifax and other CRA's that the Defendant Capital One Bank (judgment) be deleted if could not be verified by way of the *"signed effective agreement"* or the *"applicable signed customer agreement copyrighted 2004"*.

35.     Plaintiff Williams initiated *"dispute"* by way of *"verification letter for the purpose of re-investigation"* dated June 3, 2017 for Equifax, dated June 3, 2017 for Experian, and dated June 17, 2017 for TransUnion, all sent via certified mail, and the results are as follows:

1. **Experian's** "reinvestigation results" concerning *"dispute"* report number with Capital One: #1647-0520-27 **dated June 21,2017----** results---**"DELETED":** Experian's dispute results also indicate the following: *"Otherwise, we have contacted the "**company**" reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the "accuracy" of the information; provide us a response to your dispute; and update their records and systems as necessary. If an item says **"Deleted"** we have removed it from your credit report and taken steps so it does not reappear".*

2. **TransUnion's** "reinvestigation results" concerning *"dispute"* report number with Capital One: #310131585 **dated June 30,2017**----results---**"DELETED":** TransUnion dispute results also indicate the following: *"Otherwise, we have contacted the* **"company"** *reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute;* <u>verify the "accuracy" of the information; provide us a response to your dispute;</u> *and update their records and systems as necessary. If an item says* **"Deleted"** *we have removed it from your credit report and taken steps so it does not reappear".*

3. Equifax **failed** to conduct a "reinvestigation" in a timely manner in accords with 15 U.S.C. § 1681i(a)(1)(A).

36.     Capital One Bank violated 15 U.S.C. § 1681s-2(b)(1)(D) that requires "if the investigation finds that the information is incomplete or inaccurate," the furnisher must "report those results to **all other consumer reporting agencies** to which the person furnished the information and that compile and maintain files on consumers **on a nationwide basis**."

37.     Capital One Bank failed to conduct a reasonable investigation upon notice of dispute letter submitted by consumer, Williams, concerning a "re-investigation" forwarded by Equifax.

38.     **Defendant, Capital One Bank failure to conduct a proper and reasonable investigation continued to furnish the false and inaccurate information to willfully, intentionally and maliciously injure Plaintiff's credit worthiness.**

39. **Defendant, Equifax failed to modify, update and/or delete information within the dictates of FCRA and continued to publish the false and inaccurate information concerning Capital One's account to willfully, intentionally and maliciously injure Plaintiff's credit worthiness.**

40. Experian and TransUnion notified Defendant Capital One Bank in accordance with FCRA of the dispute by Plaintiff Williams *"verification and/or dispute notice"* dated dated June 3, 2017 for Experian, and dated June 17, 2017 for TransUnion, all sent via certified mail.

41. A *"verification letter for re-investigation"* dated June 3, 2017, received on June 9, 2017, signed by Greg Moody of Equifax, as confirmed by USPS, Equifax upon information and belief (1) notified Capital One that Williams disputed the *"item"* reported (2) failed to conduct a reasonable investigation concerning dispute or correct or delete any inaccurate, incomplete or *"unverifiable"* information within 30 days of the receiving notice of the dispute, therefore violating 15 U.S.C. § 1681i(a)(1)(A).

42. No notification was sent by defendant Equifax to Plaintiff Williams indicating additional time needed for *"re-investigation"*, nor did Plaintiff

send additional information to qualify for an extension therefore violating 15

U.S.C. § 1681i(a)(1)(B).

43.      Plaintiff Williams emphatically stated in all three *"verification*

*letters",* to all three credit reporting agencies ....

> "According to the *"provisions"* the **Fair Credit Reporting Act, section
> 609(a)(1)(A),** you are required when put on *"notice"* via letter by Federal
> Law, to verify---through the physical verification of the *original signed
> consumer contract and/or effective agreement copyrighted 2004* as it
> relates to *Capital One Bank N.A. USA*  account listed as "Judgment Filed"
> on 1/2011 Docket# DV2010902072 .

44.      Defendant Equifax, along with other CRA's [Credit Reporting

Agencies], failed to properly investigate this dispute because.... if defendant

[Equifax]; and other CRAs had properly investigated; the Capital One

account would have been deleted prior to dispute.

45.      Capital One Bank was provided with more than sufficient information

in the dispute and in their own internal sources of information to conduct an

investigation and to conclude that the account complained of was factually

inaccurate, incomplete or could not be verified.

46.      Equifax was provided with more than sufficient information in the

dispute and in their own internal sources of information to conduct an

investigation and to conclude that the account complained of was being

reported incorrectly.

47.    Defendant Equifax properly notified Defendant Capital One of Plaintiff's dispute in accordance with FCRA requirements.

48.    Alternatively, Defendant, Equifax, failed to notify Defendant Capital One of Plaintiff's dispute in accordance with the FCRA requirements.

49.    Defendant Equifax, has previously proclaimed that it is obligated to rely upon whatever the public records state about a *"consumer"*.

50.    CRAs (Credit Reporting Agencies) like Equifax, has a policy to favor the paying customer, in this situation Defendant Capital One Bank, rather than what the *"consumer"* says about a debt.

51.    Despite this knowledge, Defendant Equifax, has completely abdicated their obligations under federal and state law and have instead chosen to merely *"parrot"* whatever their customer, Defendant Capital One Bank, has told them to say.(See Cushman v. TransUnion 3rd Cir. No.96-1553 1997).

52.    The primary reason for this wrongful policy is that furnishers (such as Capital One Bank) provide enormous financial rewards to Defendant Equifax.

53.    The importance of Equifax keeping a judgment on Williams' credit report is that Capital One Bank understands this is one of the most powerful methods furnishers have to *"extract"* payments from a *"consumer"* is by

placing accounts as stated in this paragraph on the *"consumer's"* credit report.

54.     Defendant Capital One has a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff Williams. The reason is to keep false information on the credit report. The false information consists of an inaccurate balance of $4,078.83 reported, along with a *"lack of signed effective agreement copyrighted 2004".*

55.     Defendant Capital One Bank has promised through its subscriber agreements or contracts with the credit reporting agencies to accurately update accounts but Defendant Capital One Bank has willfully, intentionally, maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under FCRA.

56.     Defendant Capital One Bank assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and/or judgments and this duty was *"breached"* in a negligent, wanton, reckless, willful, intentional and/or malicious manner.

57.     Defendant, Capital One Bank, has a policy to *"park"* false information on at least one of the consumer's credit reports. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the *"consumer"* will be forced to pay off the balance in order to

obtain a refinancing or to qualify for a loan or to increase the *"consumer's"* credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

58.     Defendant Equifax aligns itself with its' clients and has a policy to allow "parked" false information to be published on the customer's credit report.

59.     Capital One Bank maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Williams' disputes which led as a direct result and consequence of Capital One Bank  either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

60.     Equifax maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Williams' disputes which led as a direct result and consequence of Equifax  either failing to delete information found to be inaccurate, failing to

replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

61.     Upon information and belief Equifax and other CRA's make more money by keeping negative information on credit file of consumer[s] like Williams due to the subscriber agreement[s] with its client[s], like Capital One.

62.     At all relevant times Defendant Equifax, failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy to Plaintiff Williams' credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

63.     Defendant Capital One Bank failed to properly conduct a reasonable investigation and reasonable procedures to assure maximum possible accuracy of Plaintiff Williams' credit information and Plaintiff Williams' credit report, concerning the account in question due to a letter of dispute for re-investigation. These violations occurred during and after the dispute process began with the *"consumer"* reporting agency, thus violating 15 U.S.C. § 1681s-2(b).

64.     Defendant Capital One failed to refrain from continuing to submit information that it knows (or should know) is incorrect.

65.     Equifax   willfully   and   maliciously   concealed   from   and/or misrepresented facts to Plaintiff Williams concerning his report.

66.     The   conduct   of   the   Defendants   has   proximately   cause   Plaintiff Williams past and future monetary loss, past and future damage to Plaintiff Williams' credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

67.     It   is   a   practice   of   Capital   One   Bank   to   maliciously,   willfully, recklessly,   wantonly   and/or   negligently   ignore   and   refuse   to   follow   the requirements of the FCRA.

68.     It   is   a   practice   of   Equifax   to   maliciously,   willfully,   recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA.

69.     All   Defendants   are   sophisticated   businesses   and   they   know   their *"conduct"* is wrong.

70.     For example, Equifax have been sued for this identical misconduct in Alabama.

71.     All actions taken by Capital One were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Williams and/or with the knowledge that their actions would very likely harm Plaintiff Williams and/or that their actions were taken in violation of the FCRA

and/or they knew or should have known that their actions were in reckless disregard of the FCRA .

72.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and *"consumer"* reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants.

73.   Plaintiff has suffered damages as a result of these actions by Defendant Equifax and Capital One Bank in the form of an emotional application, mental anguish[2], anger[3], anxiety[4], depression[5], headaches[6], worry[7], frustration[8], sleep deprivation[9], stomach problems[10], humiliation[11], amongst other negative emotions; as well as lost of enjoyment of life[12].

---

[2]Casteel v. Crown Life Ins.Co.....OrkinExtermining Co. v. Jeter,832.So.2d.25,39,43(Ala2001).
[3]Kenney v. R&R Corp., 20 MDLR 29, 32(1998).
[4]Beldo v. University of Massachusetts, Boston, 20 MDLR 105,113(1998).
[5]Nikolsky v. Summit Services Group Inc., 20MDLR 126,129(1998)
[6] Eng v. American Pie Inc.,20 MDLR 53,58(1998)
[7]Samuelson v. Sungard Financial Systems, Inc. 20MDLR 197,204(1998).
[8] MCAD v. Franzaroli, 357 Mass.112,115(1970).
[9]Guth v. Fradellos., 18 MDLR 229,231(1996).
[10] Chanson v. Westinghouse Corp.17 MDLR 1293,1300-1(1995).
[11]Tosti v. Ayik.400 Mass.224(1987).
[12]Samuelson v. Sungard Financial Systems, Inc. 20MDLR 197,204(1998).

## CAUSE OF ACTION:

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681et seq.
### EQUIFAX

74.     Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein as pertains to Equifax.

75.     Plaintiff is a *"consumer"* as defined and codified by 15 U.S.C.§

1681a(c).

76.     Defendant Equifax, is a *"consumer"* reporting agency, as codified at

15 U.S.C. § 1681(f) regularly engaged in the business of assembling,

evaluating, and disbursing information concerning *"consumers"* for the

purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681(a)(b),

to third parties for monetary compensation.

77.     Equifax Violations include, but are not limited to the following:

    a.   Failing in preparation of Plaintiff's report, to follow reasonable procedures to

       assure the maximum possible accuracy of the information in the report §

       1681e(b).

    b.   Failing to provide all information on file in violation of § 1681(g).

    c.   Failing to provide trained personnel to explain the information in Williams file in

       violation of § 1681h(c).

    d.  Failing to properly notify, train, or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff.

    e.  Failing to properly "re-investigate" Plaintiff's dispute § 1681i(a)(1)(A).

    f.  Failing to provided notice for additional time for re-investigation § 1681i(a)(1)(B).

    g.  Willfully and maliciously concealed from and/or misrepresented "facts" to Plaintiff regarding his report.

78.    As a result of Equifax's Violations Plaintiff has suffered damages, denial of income producing opportunities, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, humiliation, all to Williams harm.

79.    All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint. Plaintiff demands judgment for damages against Equifax for actual, statutory, punitive and other relief as the Court deems just and proper pursuant to 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o).

## CAUSE OF ACTION:

### COUNT I.

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681et seq.
### CAPITAL ONE BANK

80.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein as it pertains to Capital One Bank.

81.     Plaintiff is a *"consumer"* as defined and codified by 15 U.S.C.§ 1681a(c).

82.     Defendant Capital One Bank is an entity who, regularly and in the course of business, *"furnishes"* information to one or more *"consumer"* reporting agencies about its transactions or experiences with any *"consumer"* and therefore constitutes a *"furnisher"*, as codified at 15 U.S.C. § 1681s-2.

83.     Capital One Bank's Violations include, but are not limited to the following:

   a.   Capital One Bank violated § 1681s-2(b) by not properly conducting and reporting "re-investigation" of information disputed by Plaintiff through the credit reporting agencies.

   b.   Capital One Bank violated § 1681s-2(b)(1)(D) "if the investigation finds that the information is incomplete or inaccurate," the furnisher must "report those results

to **all other consumer reporting agencies** to which the person furnished the information and that compile and maintain files on consumers **on a nationwide basis**."

84.     All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint. Plaintiff demands judgment for damages against Capital One Bank for actual, statutory, punitive and other relief as the Court deems just and proper pursuant to 15 U.S.C. § 1681(n) and 15 U.S.C. § 1681(o).

## COUNT II

### INVASION OF PRIVACY
### EQUIFAX

85.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein as it pertains to Equifax.

86.     Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant Equifax violated Alabama state law as described in this Complaint.

87.     Defendant Equifax willfully, intentionally, recklessly, maliciously and/or negligently caused emotional harm to Plaintiff by engaging in highly

offensive *"conduct"* in the course of credit reporting this debt thereby *"invading"* and *"intruding"* upon Plaintiff's right to privacy.

88.      The emotional harm to Plaintiff caused by Defendant Equifax intentional, reckless, and/or negligence was expressed and experienced by Plaintiff in the form of anger, headaches, anxiety, and depression, worry, sleep deprivation, stomach problems, as well as lost of enjoyment of life due to *"abusive"* conduct.

89.      Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs and private financial information.

90.      The *"conduct"* of Defendant Equifax, in engaging in the above-described *"conduct"* against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Equifax which occurred in a way that would be highly offensive to a reasonable person in that position by failing to modify, delete or block information within the specified time period of receiving a notice of dispute.

91.      As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant Equifax.

92.     All acts of Defendant Equifax were committed with malice, intent, wantonness, and/or recklessness and as such Defendant are subject to *"punitive"* damages.

## COUNT III

## NEGLIGENT, WANTON AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS EQUIFAX

93.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein as it pertains to Equifax..

94.     Equifax agents or employees are allowed and encouraged to break the law.

95.     Equifax is aware of the "wrongful conduct" of its employees or agents.

96.     Equifax negligently wantonly and/or intentionally hired, retained or supervised incompetent employees or agents, who were allowed or encouraged to violate the law willfully and maliciously, with the intent to harm Plaintiff, and Defendant is thereby "responsible" to the Plaintiff for the wrongs committed against Plaintiff, and the damages suffered by Plaintiff.

## COUNT IV.

## STATE LAW CLAIMS
## EQUIFAX

97.     Plaintiff incorporates by reference all of the paragraphs of this

Complaint as though fully stated herein as pertains to Equifax.

98.     Defendant Equifax has violated Alabama State Law by publishing

false and/or inaccurate information concerning Plaintiff.

99.     Defendant, Equifax intentionally *"published"* false and defamatory

information related to the Defendant Capital One's account in a willful and

malicious manner with the intent to harm consumer.

100.     Defendant, Equifax acted with willfulness, negligence, malice,

wantonness, recklessness, carelessness, and/or intentional *"conduct"* in their

dealings with and about Plaintiff Williams with the intent to harm as set

forth in this Complaint. This includes the initial reporting of Defendant

Capital One account; the handling of any investigations on the account; and

all other aspects as set forth in this Complaint.

101.     It was foreseeable, and Equifax did in fact forsee it, that refusing to

properly update and investigate would cause the exact type of harm suffered

by the Plaintiff Williams.

102.    Defendant, Equifax invaded the privacy of Plaintiff Williams as set forth in Alabama law including publishing false information about Plaintiff's Williams personal financial obligations.

103.    Such negligence, malice, wantonness, recklessness, carelessness, willfulness and/or intentional *"conduct"* proximately occurred before, during and after the disputes with Defendant Equifax.

### **PRAYER FOR RELIEF:**

**Wherefore,** Plaintiff requests that this Honorable Court enter judgment in favor of the Plaintiff, *"with prejudice",* against Defendants for all damages allowable (including statutory, actual, and punitive) costs, expenses and injunctive relief to prevent further violations and for such other and further relief as may be just and proper.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

Cc: Richard Cordray
    Director of Consumer Financial Protection Bureau
    1625 Eye Street N.W.
    Washington D.C. 20006

## Certificate of Interested Parties:

October 5, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Amended Complaint"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".** I have sent the following parties a copy of my brief via United States Postal Service and by email.. *If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
*Attorney To Be Noticed*

**Equifax Information Services Inc.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*Attorney To Be Noticed*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person