
FILED
2017 Oct-20 AM 10:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

October 20, 2017

This document relates to:

**Troy T. Williams,** an Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
LLC.**
*Defendant(s)*

CaseNo. **5:17-cv-01216-CLS**
: PLAINTIFF DEMANDS TRIAL
: BY JURY

: UNOPPOSED

---

## PLAINTIFF'S POSITION CONCERNING PARTIES PLANNING MEETING

---

The following persons participated in the Rule 26(f) conference on September 29, 2017, by telephone and do to the fact that "parties could not reach an agreement, items discussed on that particular date is no longer in effect due to Plaintiff Williams' Voluntary With-drawl that took place on October 11, 2017. Since then, the Court has granted an extension to the "Parties" in hopes of filing

jointly. After several attempts the "Parties" were unable to reach a meeting of the minds. In response to not being able to agree concerning the Parties Planning Meeting, Defendant[s] indicated they plan to file separately and Plaintiff indicated that he would do the same.

      (a)    Troy T. Williams an Individual ("Plaintiff");

      (b)    Joshua H. Threadcraft, attorney for Defendant Capital One Bank (USA), N.A. ("Capital One");

      (c)    Kirkland E. Reid, attorney for Equifax Information Services, LLC ("Equifax")

1.    <u>Synopsis of the Case:</u>

    a.    <u>Plaintiff's Synopsis</u>: This action arises out of Defendants' violations of the Fair Credit Reporting Act, title VI of <u>Pub.L. 91–508</u>, 84 <u>Stat. 1114</u> (15 U.S.C. § 1681 et seq.[hereinafter "FCRA"].**Any reference to the FCRA or any part thereof encompasses all relevant parts and subparts thereto.** The defendant[s] are [Capital One Bank(USA)N.A. and Equifax Information Services LLC.

**Plaintiff's Position:**

1. Plaintiff Williams understands Capital One Bank(USA)N.A. will be denying FCRA claims of § 1681s-2(b) and § 1681s-2(b)(1)(D).

2. Plaintiff Williams understands that Equifax will be denying FCRA claims under §1681e(b), §1681(g), §1681h(c), §1681i(a)(1)(A), §1681i(a)(1)(B), §1681(n), and 1681(o).

3. Plaintiff Williams asserts why is Defendant Capital One Bank(USA)N.A. Counsel making defense arguments in a Parties Planning Meeting in which Plaintiff Williams does not consent to in any way, form or fashion and Plaintiff Williams has brought this same issue up to Counsel in the past via email to reach a consensus. Counsel has opportunity to raise such defenses in his

answer to the Amended Complaint (ECF 57) and/or otherwise as indicated by the Federal Rules of Civic Procedure.

1.  <u>Initial Disclosures</u>.  Plaintiff will complete by **October 20, 2017**, the Initial Disclosures required by Rule 26(a)(1).

2.  <u>Discovery Plan</u>.  Plaintiff suggests the following discovery plan:

(a).  Discovery will be needed with respect to all claims and defenses asserted by each party. The parties do not believe discovery should be conducted in phases or limited to or focused on particular issues.

**Plaintiff's Position:**

(b)  Disclosure or discovery of electronically stored information should be handled as follows: that **"The scope of any search shall include, and not be limited in any way, form or fashion to, ALL specific documents as it relates to Capital One Bank(USA)N.A. account already requested by Plaintiff in the Amended Complaint and/or correspondence with co-defendants, including: (1) the signed effective "Card-Holder" credit agreement copyright 2004 with Capital One which must be provided when requested by law according to CFPB [Consumer Financial Protection Bureau] (2) all documents as it relate to the Charge-Off date as it pertains to the item in question (3) ALL information in plaintiff's credit file, regardless of how it is stored, regarding the Capital One judgment and deletion thereof.**

Plaintiff suggests the format for the production of electronically stored information, ESI, shall be provided in the form of Portable Document Format (PDF) and that audio files shall be provided in Waveform Audio File Format (WAVE, or WAV), or MPEG-1 Audio Layer-3 (MP3) or a standard audio format version.  ESI shall be provided to opposing parties by email where size permits, otherwise by US Mail or courier.

**Plaintiff's Position:**

(c)  Plaintiff suggests an order regarding claims of privilege or of protection as trial-preparation material asserted after production as

follows: **any demands for production of documents regarding the signed effective "Card-Holder" credit agreement copyright 2004 as it pertains to Capital One Bank(USA)N.A. and any demands for the "FULL FILE DISCLOSURE" by Equifax Information Services LLC, including, but not limited to, the exact date/time/source of information in the ACDV form and/or return ACDV sent and received by Equifax Information Services LLC. shall not be barred in discovery.** Plaintiff agrees to return any inadvertently disclosed privileged and/or trial-preparation material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) and Plaintiff request that the agreement be included in an order under Federal Rule of Evidence 502. Plaintiff will cooperate with privilege and protecting confidential/proprietary information as long as it does not conflict with "Full File Disclosure" by Equifax Information Services LLC. as well as "any" and "all" documents concerning Capital One Bank(USA)N.A. account item as it relates to this matter.

(d)  All discovery will commence upon the filing of this report to be completed by.  **Plaintiff position: December 13, 2017**

(e)  With respect to the number of interrogatories and timing of responses, Plaintiff suggests that no deviation from Rule 33 is necessary.

(f)  With respect to the number of requests for admission and timing of responses, Plaintiff suggests that no deviation from Rule 36 is necessary.

(g)  With respect to the number of requests for production and timing for responses, Plaintiff suggests that no deviation from Rule 34 is necessary.

(h)  With respect to the number and duration of depositions by oral examination, Plaintiff suggests that no deviation from Rule 30 is necessary.

(i)  Dates for Exchanging Reports of Expert Witnesses.  Reports from retained experts under Rule 26(a)(2) are due from Plaintiff position:

   (1) Plaintiff's Report: **December 15, 2017**

(j)    Any supplementation under Rule 26(e) shall be due as required under Rule 26(e) and the Court's Scheduling Order governing same.

3.    Other Items.

(a) Plaintiff **does not** request a conference with the Court before entry of the scheduling order.

(b) Plaintiff does not request a pretrial conference.

(c) Plaintiff request until **December 15, 2017**, to join additional parties and amend the pleadings.

(d) The final date to file dispositive motions shall be:

Plaintiff's Position: **February 1, 2018**.

(e) Prospects for Settlement. Plaintiff's Position: Plaintiff has made several attempts with defendant[s], Capital One Bank(USA)N.A. and Equifax Information Services LLC. to reach an amicable settlement.

(f) Alternative Dispute Resolution. Plaintiff is unable to evaluate the likelihood of successful Alternative Dispute Resolution at this time.

(g) Pre-Trial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) shall be due thirty (30) days before trial.

(h) Objections to Pre-Trial Disclosures. Plaintiff suggests fifteen (15) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(i) Suggested Trial Dates and Estimated Length of Trial. The case will be set for trial on or about:

Plaintiff's Position: **March, 2018**. The estimated length of trial is expected to be **one day.**

(k) Other matters: None

DATED: **October 20, 2017**

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

October 20, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Plaintiff's Party Planning Meeting Results"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".**I have sent the following parties a copy of my brief via United States Postal Service and by email.. *If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services Inc.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person