Case 5:17-cv-01216-CLS   Document 63   Filed 10/20/17   Page 1 of 6

FILED
2017 Oct-20 AM 11:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

Troy T. Williams v Capital One Bank(USA)N.A. and Equifax Information Services LLC
Case No: 5:17-cv-01216-CLS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

FILED
2017 OCT 20 A 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

October 20, 2017

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
LLC.**
*Defendant(s)*

: CaseNo. 5:17-cv-01216-CLS
: PLAINTIFF DEMANDS TRIAL
: BY JURY
:
:
:
: UNOPPOSED

## PLAINTIFF'S MOTION TO FILE SEPARTE PLANNING MEETING NOT TO BE IN CONTRADISTICNTION OF COURT ORDER (ECF 46 & 56)

**Comes now**, Plaintiff, Williams, by way of pro se', hereby moves this Honorable Court with his explanation of why he is filing a separate Parties Planning Meeting in accords with Fed. R. Civ. P. Rule 26(f).

According to 26(f) Amendment[s] 1980, 1983 respectively, this subdivision indicates there has been widespread criticism of abuse of discovery. The committee suggested abuse can be best prevented by the intervention of the Court[s]. In other words, the Amendment[s] provide that Counsel who has attempted without success to effect with opposing Counsel a reasonable program or plan of discovery is entitled to the assistance of the Court

The purpose of Discovery is to provide a mechanism for making relevant information available to the litigants, "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation". (See Hickman v. Taylor 329 U.S. 495, 507 (1947).

The spirit of the rules is violated when advocate attempts to use discovery tools as a tactical weapon[s] rather than expose the facts and illuminate the issues.

Now Williams will explain why he is filing separately after exhaustive attempts to reach consensus.

1. The Court issued Orders (ECF 46& 56) for the parties to entertain Party Planning Meeting in accords with Fed. R. Civ. P. Rule 26(f).
2. Plaintiff had every intention to abide with Court Orders However noted a series of flaws and imperfections with defendants Counsel draft of the joint Parties Planning Report as follows:

3. Defendant[s] Counsel wrote the following: *"the scope of any search shall be limited to reasonably accessible documents and information within these categories"*.

4. Plaintiff Williams took issue with the above statement by Defendant[s] Counsel on the grounds (1) Plaintiff disagreed with Defendant[s] Counsel that discovery *"shall be limited"* (2) found the phrase *"reasonably accessible"* as vague and ambiguous.

5. Plaintiff Williams voiced his objections as to the vague and ambiguous language written by Counsel, Counsel for Capital One Bank(USA)N.A. wrote the following to Plaintiff via email...."*What we need you to do is withdraw the original and Amended reports you filed yesterday, sign the joint report we provided to you if it meets with your approval*". (See Email Attachment).

6. Rather than sign something Plaintiff strongly disagreed with as well as felt uncomfortable, Plaintiff suggested that he would provide his own version regarding the scope of discovery.

7. Counsel for Capital One Bank(USA)N.A. asked if Plaintiff would be opposed to a filing with the Court requesting an extension of time, and Williams indicated that he would not oppose.

8. Simultaneously, Counsel for Equifax asked Plaintiff would he be opposed to filing his planning motion separately whereby defendant[s] would also file their respective motion separately and Williams did not oppose. Court granted Counsel for Capital One request for the extension of time, which the Court granted the parties.

9. During the "extension of time" allowed, Plaintiff and Counsel for Capital One Bank(USA)N.A. exchanged a series of emails, and Counsel for Capital One wrote back with the following revision to the paragraph regarding discovery: ***"Plaintiff suggests the form for production of electronically stored information, ESI, shall be provided in the form of Portable Document Format (PDF) ....when deemed reasonable in the view of the producing party"***.

10. However, Plaintiff did NOT insert the language, "when deemed reasonable in the view of the producing party" defendant[s] Counsel Threadcraft did, and tried to mask it off as something Plaintiff had written.

11. Moreover, Defendant[s] Counsel Threadcraft has started to use the Parties Planning Meeting as a defense motion, which Plaintiff found completely unacceptable.

12. For these reasons, Plaintiff suggests filing his own parties' planning meeting limited to Plaintiff's position, and requested that Counsel for Defendant[s] do the same.

## CONCLUSION:

In sum, Plaintiff Williams had every intention of filing jointly but due to imperfections found, vague and ambiguous language, along with defense arguments inserted into the Defendant[s] Parties Planning Meeting, Williams could not reach a consensus and has decided to file his own.

## RELIEF:

**Wherefore**, Plaintiff Williams prays and ask this Honorable Court that his request be accepted and granted for the sake of equity and justice.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

October 20, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Plaintiff's Party Planning Meeting Results"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".** I have sent the following parties a copy of my brief via United States Postal Service and by email.. *If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services Inc.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person