13 of 117

# Response To Planning Meeting Document:

Capital One and Equifax Litigation 5:17-cv-01216HNJ x



**T Williams <twothe1t1will@gmail.com>** Oct 12 (8 days ago)

to Joshua, Kirk

To All Respected Counsel On Record:

After careful consideration and reflection of the Planning Meeting Document sent via email in light of our tel-conference and what was said and discussed, Williams respectfully declines to sign this document because it does not meet my approval for the following reasons:

1. It appears to Plaintiff that this document is an attempt to subvert the "Discovery" process which would ultimately bring harm and injury to Plaintiff.

2. Why are Defendant[s] inserting defense arguments in discovery meeting. This opportunity to the best of Plaintiff's understanding as a pro se', is not used to argue merits of the case.

3. Under **a.** Plaintiff's Synopsis: Plaintiff has already made corrections to the scrivener's error regarding "Equifax Information Services Inc." on the amended complaint, and therefore this statement needs to be changed to reflect "Equifax Information Services, LLC". (See ECF 51).

4. Under **b (1).** Plaintiff does not agree with the statement **"Notably"**, Williams has failed to attach a single credit report to either his Complaint, or Amended Complaint, showing that Capital One was reporting the Judgment placed at issue in his lawsuit."

   1. The original complaint was deemed moot by the court.
   2. Counsel does not state any Federal Rules of Civic Procedure and/or Authority that mandates that Plaintiff must include exhibits in either Complaint or Amended Complaint. Plaintiff's understanding as a pro se' is....that is left up to the discretion of the Court. Furthermore, the Amended Complaint has been verified.
   3. Counsel is supposedly a partner at a law firm, and therefore it is reasonable to assume he knows about the filing of complaints.
   4. Plaintiff specifically mentions in the Amended Complaint the Capital One judgement (see page 8. Para 33) regarding Equifax Information Services LLC.
   5. Plaintiff has already submitted an affidavit under penalty of perjury (see ECF 26 ) which clearly indicates the Capital One Judgment appearing on his credit report(s) as it pertains to Equifax Information Services LLC.

6. Apparently, Counsel over-looked the Amended Complaint and docket.

Therefore, counsel must remove the quoted statement above.

5. Regarding the statement, **"Further, all Williams' claims are barred by the Rooker-Feldman doctrine."** Williams will absolutely not agree to Counsel's statement. Plaintiff disagrees with this statement, and counsel should not use the parties' planning meeting to cite defense arguments to Williams' amended complaint. Williams brings these claims under Fair Credit Reporting Act sec. 1681s-2(b) and 1681s-2(b)(1)(D) as it pertains to Capital One Bank(USA)N.A. As for co-defendant Equifax Information Services LLC., Williams brings the following claims under Fair Credit Reporting Act sec. 1681i(a)(1)(A), 1681i(a)(1)(B), 1681e(b), 1681(g), 1681h(c), 1681(n) and 1681(o).. Counsel will have the opportunity to cite his affirmative defenses to Williams' complaint as per any scheduling order issued by the Court and/or answering the Complaint within the dictates of the Federal Rules of Civic Procedure Rule 8 and all parts and sub-parts that apply. Therefore, this statement counsel must remove the quoted statement above.

6. Under b. (2). Plaintiff has already made corrections to the clerical error regarding the "improperly named" defendant Equifax Information Services Inc. and thus this paragraph is now rendered moot. (See ECF 51).

7. Under "Discovery Plan" 2. (b), Plaintiff disagrees with the following statement: **"The scope of any search shall be limited to reasonably accessible documents and information within these categories."** <u>The Phrase "reasonably accessible documents and information" comes off to Plaintiff as vague and ambiguous</u>. This also applies to Electronically Stored Information, work-product, atty-client privilege.

8. Plaintiff will not entertain any "discovery games" played by either co-defendant. Plaintiff is quite familiar with the tactics used by Capital One Bank(USA)N.A. in his prior TCPA litigation. Also, Plaintiff has made demands for strict proof thereof regarding the specifics of his **"FULL"** consumer file disclosure from Equifax Information Services LLC., sent via email to Chief Counsel, Charles Campbell, AND via registered mail, both of which were ignored by Equifax Information Services LLC.

9. Plaintiff suggests the sentence in the planning meeting be changed to the following: **"The scope of any search shall include, and not be limited to, ALL specific documents already requested by Plaintiff in the Amended Complaint and/or correspondence with co-defendants, including**:

1. **The signed effective credit agreement copyright 2004 with Capital One.**
2. **The Charge-Off date as it pertains to the item in question.**
3. **ALL information in plaintiff's credit file, regardless of how it is stored, regarding the Capital One judgment and deletion thereof.**

NONE of these requests are barred by work-product, attorney-client privilege, is unduly

burdensome, etc. These documents are readily available, and must be included in the scope of discovery as the **BARE MINIMUM.**

10. Under "Discovery Plan" 2 (c): any demands for production of documents regarding the signed effective credit agreement copyright 2004 is "**NOT**" subject to the attorney-client and/or work-product privilege. This shall include any demands for the "**FULL FILE DISCLOSURE**" by Equifax Information Services LLC, including, but not limited to, the exact date/time/source of information in the ACDV form and/or return ACDV sent and received by Equifax Information Services LLC.

11. **Conclusion:** In sum, if the aforementioned above paragraphs are entertained and inserted in Defendant[s] Planning Meeting Document, Plaintiff Williams will entertain and sign this document. If the paragraphs mentioned above are not entertained, then ultimately Williams must respectfully decline. Thank You.


Best Regards,

**Troy-T Williams**
**Without Recourse, Without Prejudice All rights in tact, UCC 1.308**