

FILED
2017 Oct-20 AM 11:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

**TROY T. WILLIAMS,**

**PLAINTIFF,**

**V.**

**CAPITAL ONE BANK (USA), N.A., et al.**

**DEFENDANTS.**

**Case No.: 5:17-cv-01216-CLS**

---

# REPORT OF THE PARTIES' PLANNING MEETING

---

The following persons participated in the Rule 26(f) conference on September 29, 2017, by telephone:

(a) Troy T. Williams, an individual, ("Plaintiff");

(b) Joshua H. Threadcraft, attorney for Defendant Capital One Bank (USA), N.A. ("Capital One");

(c) Kirkland E. Reid, attorney for Equifax Information Services, LLC ("Equifax")

Synopsis of the Case:

a. Plaintiff's Synopsis: This action arises out of Defendants' violations of the Fair Credit Reporting Act, title VI of Pub.L. 91-508, 84 Stat. 1114 (15 U.S.C. § 1681 et seq [hereinafter "FCRA"] **Any reference to the FCRA or any part thereof encompasses all relevant parts and subparts thereto.** The defendant[s] are [Capital One Bank(USA)N.A. and Equifax Information Services LLC.~~Plaintiff Williams brings forth his cause of action against said defendants, [Capital One Bank(USA)N.A., hereinafter, "Capital One Bank and Equifax Information Services Inc., hereinafter,~~

30580622 v1

~~"Equifax"] for violations of Fair Credit Reporting Act, hereinafter known, "FCRA" and all parts and sub-parts that apply.~~

1. Capital One Bank(USA)N.A.: Plaintiff Williams brings a FCRA claim under § 1681s-2(b)(1)(D) and Defendant hereby denies.

2. Equifax: Plaintiff Williams brings FCRA claims under § 1681e(b), §1681(g), §1681i(a)(1)(A), § 1681(a)(1)(B), § 1681(n), and 1681(o). Defendant hereby denies.

3. Plaintiff Williams disagrees with Counsel's statement: "Further, all Williams claims are barred by the Rooker-Feldman doctrine" and does not consent.

4. Plaintiff Williams does not agree with the statement: "Notably Williams has failed to attach a single credit report to either his Complaint, or Amended Complaint, showing that Capital One was reporting the Judgment placed at issue in his lawsuit and does not consent.

b. Defendants' Synopsis:

(1) *Capital One's Synopsis*: Plaintiff Troy Williams' Amended Complaint asserts a single claim against Capital One for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). Capital One denies Williams' allegations and demands strict proof thereof. Notably, Williams has failed to attach a single credit report to either his Complaint, or Amended Complaint, showing that Capital One was reporting the Judgment placed at issue in his lawsuit. Indeed, the Affidavit Williams recently filed with this Court attaches an Equifax credit report, which specifically states the following in the section listing the judgment at issue: "**Public Record Information. This section includes public record items Equifax obtained from local, state and federal courts through a third party vendor LexisNexis.**" (ECF No. 58, p. 17.) The credit report attached to Williams' Affidavit, wholly refutes his contention that Capital One reported the judgment to Equifax. Further, Williams' claims fail to state a claim upon which relief can be ~~provided~~ granted for reasons including that they are barred by the Rooker-Feldman doctrine. This lawsuit is the third time Williams has filed suit against Capital One in this Court. This lawsuit is the

third time Williams has attempted to proceed against Capital One in forma pauperis without paying a filing. This lawsuit is nothing more than an impermissible transparent attempt to collaterally attack a valid state court judgment, alleging that Capital One reported false information to the Consumer Reporting Agencies, an allegation which is contradicted by the credit report attached to Williams' Affidavit.

(2) *Equifax's Synopsis*: Equifax Information Services LLC, improperly named by Plaintiff as Equifax Information Services Inc., is a consumer reporting agency as defined by the FCRA. Equifax states that it complied with the FCRA in its handling of Plaintiff's credit file, including reinvestigating any disputes made by Plaintiff. Equifax denies that it caused Plaintiff to suffer any damages or is otherwise liable to Plaintiff in any manner.

1. Initial Disclosures. The parties will complete by **October ~~13~~20, 2017,** the Initial Disclosures required by Rule 26(a)(1).

2. Discovery Plan. The parties propose the following discovery plan:

(a) Discovery will be needed with respect all to claims and defenses asserted by each party. The parties do not believe discovery should be conducted in phases or limited to or focused on particular issues.

**Plaintiff's Position:**

(b) Disclosure or discovery of electronically stored information should be handled as follows: that **"The scope of any search shall include, and not be limited in any way, form or fashion to, ALL specific documents as it relates to Capitl One Bank(USA)N.A. account already requeted by Plaintiff in the Amended Complaint and/or correspondence with co-defendnat, including (1) the signed effective "Card-Holder" credit agreement copyrighted 2004 with Capital One which must be provided when requestd by law according to CFPB [Consumer Financial Protection Bureau] (2) all documents as it relate to the Charge-Off date as it pertains to item in question (3) ALL information in Plaintiff's credit file, regardless of how it is stored, regarding the Capital One judgment and deletion thereof.**

Plaintiff suggests the forma for production of electronically stored information, ESI, shall be provided in the form of Portable Document Format (PDF) when deemed reasonable in the view of the producing party and that audio files shall be provided in Waveform Audio File Format (WAVE or WAV), or MPEG-1 Audio Layer-3 (MP3) or a standard audio format version. ESI shall be provide to opposing parties by email where size permits, otherwise by U.S. Mail or courier.

(c) Plaintiff suggests an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: **any demands for production of documents regarindg the signed effective "Card-Holder" credit agreement copyright 2004 as it pertains to Capital One Bank(USA)N.A. and any demands for the "FULL FILE DISCLOSURE" by Equifax Information Services LLC, including but not limited to, the exact date/time/source of information in the ACDV form and/or return sent and received by Equifax Information Services LLC, shall not be construed by defendant[s] as work-product and/or atty-client privilege and/or barred as it pertains to discovery.** Plaintiff agrees to return inadvertently disclosed privileged and/or trial preparation material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) and Plaintiff request that the agreement be included in an order under Federal Rule of Evidence 502. Plaintiff will cooperate with privilege and protecting confidential/proprietary information as long as it does not conflict with and "Full File Disclosure" by Equifax Information Services LLC And "any" and "all" documents concerning Capital One Bank(USA)N.A. account item as it relates to this matter.

**DEFENDANTS' POSITION:**

(b) Disclosure or discovery of electronically stored information should be handled as follows: The parties have discussed the format for the production of Electronically Stored Information (ESI). The scope of any search shall be limited to reasonably accessible documents and information within these categories. The parties have discussed the format for the production of electronically stored information, and have agreed that ESI shall be provided in the form of Portable Document Format (PDF) when deemed reasonable in the view of the producing party and that audio files shall be provided in Waveform Audio File Format (WAVE, or WAV), or MPEG-1 Audio Layer-3 (MP3) or a standard audio

format version. ESI shall be provided to opposing parties by email where size permits, otherwise by US Mail or courier.

(c) The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: The parties agree that inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. The parties further agree to return any inadvertently disclosed privileged and/or trial-preparation material in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b) and the parties request that their agreement be included in an order under Federal Rule of Evidence 502. The parties shall cooperate concerning matters of privilege and protecting confidential/proprietary information.

(d) All discovery will commence upon the filing of this report to be completed by:

(1) Plaintiff's Position: December 13, 2017

(2) Defendants' Position: March 23, 2018.

(e) With respect to the number of interrogatories and timing of responses, the parties agree that no deviation from Rule 33 is necessary.

(f) With respect to the number of requests for admission and timing of responses, the parties agree that no deviation from Rule 36 is necessary.

(g) With respect to the number of requests for production and timing for responses, the parties agree that no deviation from Rule 34 is necessary.

(h) With respect to the number and duration of depositions by oral examination, the parties agree that no deviation from Rule 30 is necessary.

(i) Dates for Exchanging Reports of Expert Witnesses. Reports from retained experts under Rule 26(a)(2) are due from Plaintiff by:

(1) Plaintiff's Position:

a. Plaintiff's Report(s): December 15, 2017

b. Defendants' Report(s): December 15, 2017

(2) Defendants' Position:

a. Plaintiff's Report(s): January 12, 2018

b. Defendants' Report(s): February 23, 2018

(j) Any supplementation under Rule 26(e) shall be due as required under Rule 26(e) and the Court's Scheduling Order governing same.

43. Other Items.

(a) The parties **do not** request a conference with the Court before entry of the scheduling order.

(b) Plaintiff does not request a pretrial conference. Defendants ~~The parties~~ request a pretrial conference **30 days before the trial date**.

(c) Plaintiff requests until **December 15, 2017**, ~~The parties request until **October 30, 2017**, for Plaintiff~~ to join additional parties and amend the pleadings. Defendants request that Planitiff be allowed until **October 30, 2017**, to join additional parties and amend the pleadings, and that Defendants be allowed until **December 15, 2017**, to join additional parties and amend the pleadings.

(d) The parties request until **December 15, 2017** for the defendants to join additional parties and amend the pleadings.

(e) The final date to file dispositive motions shall be:

(1) Plaintiff's Position:~~December 20, 2017~~**February 1, 2018**

(2) Defendants' Position: April 13, 2018

(f) Prospects for Settlement. Plaintiff and Equifax are unable to evaluate the likelihood of settlement at this time. Capital One does not believe settlement is likely.

(g) Alternative Dispute Resolution. The parties are unable to evaluate the likelihood of successful Alternative Dispute Resolution at this time.

(h) Pre-Trial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) shall be due thirty (30) days before trial.

(i) Objections to Pre-Trial Disclosures. Parties should have fifteen (15) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(j) Suggested Trial Dates and Estimated Length of Trial. The case will be set for trial on or about:

(1) Plaintiff's Position: March 2018

(2) Defendants' Position: July, 2018.

The estimated length of trial is expected to be:

(1) Plaintiff's Position: 1 day

(2) Defendants' Position: 1-2 days

(k) Other matters: **None**


________________________
Troy T. Williams
PO Box 464
Harvest, AL 35749
Telephone: 256-749-2614
Email: twothe1t1will@gmail.com

*Pro Se Plaintiff*

*/s Joshua H. Threadcraft*
Joshua H. Threadcraft (ASB-7136-H36T)
Burr & Forman, LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
E-mail: Joshua.Threadcraft@burr.com

*Attorney for Capital One Bank (USA), N.A.*

*/s Kirkland E. Reid*
Kirkland E. Reid (REIDK9451)
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, AL 36602
Tel. (251) 432-1414 (main)
Fax (251) 439-7358
Email: kreid@joneswalker.com

*Attorney for Equifax Information Services LLC*

CERTIFICATE OF SERVICE

I do hereby certify that on this the ___ day of October, 2017, I caused a copy of the foregoing to be electronically filed which will provide electronic notice of the filing to the following:

Troy T. Williams
PO Box 464
Email: twothe1t1will@gmail.com

Kirkland E Reid
Jones Walker
11 N Water Street Suite 1200
Mobile, AL 36602
E-mail: kreid@joneswalker.com

s/ *Joshua H. Threadcraft*
OF COUNSEL