Case 5:17-cv-01216-CLS   Document 72   Filed 11/13/17   Page 1 of 15                FILED
                                                                          2017 Nov-13 AM 10:15
Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services LLC.   U.S. DISTRICT COURT
                                                                          N.D. OF ALABAMA
                                                   Case No: 5:17-cv-01216-CLS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

FILED
2017 NOV 13  A 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

November 13, 2017

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
LLC.**
*Defendant(s)*

: CaseNo. 5:17-cv-01216-CLS
: PLAINTIFF DEMANDS TRIAL
: BY JURY
:
:
:
:

---

## PLAINTIFF'S RESPONSE TO DEFENDANT, CAPITAL ONE BANK(USA)N.A. 12b(1) AND 12(b)(6) MOTION

---

**Comes now**, Plaintiff, Williams, by way of pro se', hereby moves this Honorable Court to deny Defendant, Capital One Bank(USA)N.A. motion to dismiss on the following grounds:

## I. Introduction:

This complaint brought forth by Plaintiff, Williams, is about violations of the Fair Credit Reporting Act, title VI of Pub. L. 91-508, 84 Stat. 1114[1], (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"], by Defendant [Capital One Bank(USA)N.A.], hereinafter, known as "Capital One Bank".

## II. Background:

In or around May 2017, Williams requested his free annual credit report from all three credit reporting agencies. Contained within all the credit reports was a "civil claim judgment" in favor of Capital One Bank, with an origination date of Jan. 2011. In or around June 2017, Plaintiff, by way of FCRA § 609(a)(1)(A) letter for "re-investigation purposes", titled "Verification Letter", **"disputed"** the alleged "item" reported by Capital One Bank being reported to the credit reporting agencies, asking for the physical verification of the "original signed consumer contract and/or signed effective agreement copyrighted 2004". CRA's [Credit Reporting Agency] Experian and TransUnion received a § 609(a)(1)(A) dispute letter (ECF 58), and alleged that they conducted a "re-investigation" concerning the "original signed consumer contract and/or signed effective agreement

---

[1] **Any reference to the FCRA or any part thereof encompasses all relevant parts and sub-parts thereto.** U.S. Federal Government legislation enacted to promote the accuracy, fairness and privacy of the consumer information contained in the files of consumer reporting agencies. **It was intended to protect consumers from the willful and/or negligent inclusion of inaccurate information in their credit reports.** To that end, the FCRA regulates the collection, dissemination and use of consumer information, including consumer credit information.

copyrighted 2004" by contacting and supplying the "furnisher", that being Capital One Bank, with the dispute information, and as a result, deleted the "item" in favor of Capital One Bank for not being able to "verify" the "signed effective "Card-Holder" agreement copyrighted 2004". In other words, how can anyone within reason calculate the alleged amount reported as a default judgment, unless the applicable signed "Card-Holder agreement copyrighted 2004 is provided. The applicable signed effective agreement would indicate the terms and conditions, the interest rate, the costs, etc. Counsel for Capital One Bank(USA)N.A. in his first submission of a "Motion to Dismiss"(ECF 35 & 36) which was denied, stated that p.1, ¶2 *on January 11, 2011, a $4,078.83 default judgment, plus court costs and post judgment interest was entered against Williams.* Now Counsel for Capital One Bank(USA)N.A. reiterates the same.

The CFPB says, *"By law, the issuer must make your agreement available to you upon request.* If you are having trouble getting your agreement, let us know by submitting a complaint." (ECF 13). Williams did just that and the CFPB communicated that Capital One Bank declined to answer and declined the request to produce the applicable Card-Holder agreement copyrighted 2004. (*See Wheeler v. Capital One Bank, N.A. et. al 2:12-cv-05848*).

Plaintiff, Williams, is not disputing the state-court judgment, Williams is disputing that defendant's [Capital One Bank(USA)N.A.] actions by reporting the amount of $4,078 by not including the signed effective "Card-Holder" agreement copyrighted 2004 which has caused Plaintiff injury to his credit worthiness, lost opportunity to receive credit, damage to reputation, denial of income producing opportunities, worry, distress, frustration and embarrassment. To date, Capital One has never provided such documentation. So the question becomes, what is Capital One hiding?

### III. Defendant[s] Answer To Plaintiff's Amended Complaint Must Comply With Fed. R. Civ. P. Rule 8 Or 12 Or Be Denied.

Rule 8(b) and all sub-parts that apply of the Federal Rules of Civic Procedure contemplate that a party in responding to a pleading must (1) state in short and plain terms its defense to each claim asserted against it (2) admit or deny the allegations asserted against it by an opposing party (3) a denial must fairly respond to the substance of the allegations (4) if a party intends to deny all allegations and jurisdiction it may do so in a general denial; yet a party that does not intend to do so must specifically deny designated allegations (5) even if a party denies part of an allegation, it must admit the part that is true (6) a party that lacks information or knowledge to form a belief as to the truth of an allegation must so state (7) an

allegation is "admitted" if a responsive pleading is required and the allegation is not denied.

When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008))*. A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)*. It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims."

A district court may treat a party's motion to dismiss for lack of subject-matter Jurisdiction under Rule 12(b)(1) as either a facial or factual challenge to the court's jurisdiction. *Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)*. And a court must limit its consideration of a facial challenge to the contents of the complaint itself, read in the light most favorable to the plaintiff. In other words, a District Court[s] has "substantial authority" to weigh the evidence and satisfy itself as to the existence of power to hear the case. Because Plaintiff is preceding pro se,

the Court must construe his pleading liberally. *See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).*

The rule of law is Court[s] grant 12(b)(6) motions for failing to state a claim in which relief can be granted, 12(b)(1) for lack of subject-matter and/or summary judgment, Fed. R. Civ. P. Rule 56(c) when there is no genuine issue of fact in dispute. *See Boro Hall Corp. v. General Motors Corp., C.C.A.2, 1942, 124 F.2d 822, certiorari denied 1943, 63 S.Ct. 436, 317 U.S.; Sparks v. England, C.C.A.8, 1940, 113 F.2d 579; See West v Founders Life Ins. Assurance Co. of Florida, 547 So.2d. 870, 871 (Ala.1989); see also Ala.code § 12-21-12(d), Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).*

The reasonableness or lack thereof of the procedures regarding conducting a ***proper investigation by Capital One Bank(USA)N.A. upon receiving a "notice of dispute" from CRA, CRA being Equifax*** pursuant to 15 U.S.C. § 1681s-2(b) and § 1681s-2(b)(1)(D) and whether Capital One Bank(USA)N.A. followed them are jury questions. If out-standing issue[s] exists in regards to the cause of action stated, then justice requires that the Court deny a parties' motion to dismiss.

### A. Capital One's Second Attempt At Misdirection Is Insufficient And Grounds For Denial.

In an act of desperation in addressing Williams' Amended Complaint, Capital One is attempting to sway this Court to entertain subject matter that is

irrelevant to alleged FCRA § 1681 violations. For example, (1) Plaintiff filing multiple lawsuits and not paying a filing fee (2) the lawsuit is nothing more than an impermissible transparent collateral attack on a valid state court judgment (3) Williams fails to state a claim in which relief can be granted for reasons including that they are barred by the Rooker-Feldman doctrine (4) that Williams Affidavit is somehow defective, suggesting that they, [Capital One Bank(USA)N.A.] never reported the information to Equifax, some other entity did (5) Williams "notably" failed to attach a single credit report to his Complaint[s] (6) defendant's motion is an attempt to defame Plaintiff's character by mentioning that he alleges to be "Sovereign"[2], while conveniently leaving out that Williams, as a pro se' addressed the confusion concerning this matter in State-Court by asserting that his understanding of "sovereignty" was misunderstood and misapplied. However, the fact is…..that the United States Supreme Court has settled the matter and has acknowledged that all "Citizens" are sovereign[3] (See Case 2130681).

---

[2] A rogue, deviant, no respect for rule of the law of land, questionable character

[3] **In re Boyd v. State of Nebraska,143.U.S.135(1892),Supreme Court** opined, "the words (People of the United States) and (Citizens) are synonymous terms and mean the same thing they both describe the political body, who according to our Republic Institution, form the "sovereignty", and hold the power, and conduct the government through representatives, they are what we familiarly call the (Sovereign People) and every citizen is one of these people and constituents member of this "sovereignty". In other words, in this country, "sovereignty" resides in the people[3]. See..,**Julliard v.Greeman,110.U.S.421, Yick Wo.v.Hopkins,118.U.S.356(1886), Luther v.Borden,48.U.S.112.L.Ed.581(1849).**

[3] See.., Plessy v. Ferguson, 163.U.S.537 (1896);

(a). The 1st Amendment clearly spells out that a party my bring suit to redress a perceived or genuine grievance. It does not indicate how many times a party may do so.

(b). A party has a right to file "in forma pauperis" if they meet the requirements. In forma pauperis has long been recognized by the Court[s] of Equity for the interests of justice.

(c). Williams clearly states in his Amended Complaint that Capital One Bank(USA)N.A. has violated FCRA § 1681s-2(b) and § 1681-s-2(b)(1)(D) and Plaintiff has been harmed by such conduct.

(d). Williams has no control over what was sent to him by Equifax as it relates to his credit report, nor does Plaintiff have control over who Equifax uses as a "intermediary-[Lexis-Nexis]" to obtain such information reported. Yet FCRA clearly defines the intermediary "Lexis-Nexis" as a "consumer reporting agency", and not a "furnisher".

(e). Williams submitted his Affidavit in Support of Amended Complaint clearly demonstrating Credit Reports as mentioned within the Amended Complaint.

Once again, this information provided by Capital One Bank has no bearing on violations of [FCRA § 1681], motion to dismiss should be denied.

### B. <u>Co-Defendant Capital One Bank(USA)N.A. Alleges Plaintiff's Claims Barred By Rooker-Feldman.</u>

Defendant, Capital One Bank(USA)N.A. alleges that Williams claim[s] is barred by Rooker-Feldman, suggesting that this Honorable Court lacks jurisdiction over the matter. Lets examine that.

The principle behind the Rooker-Feldman doctrine[4] seems simple enough: of all the federal court[s], only the United States Supreme Court has appellate jurisdiction over state court judgments. Yet from this innocuous principle rooted in

---

[4] The doctrine is named for the two cases that created it: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), discussed infra at Part I. A, and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), discussed infra at Part I.B.

our country's federalist foundations, a seemingly impermeable cover of jurisprudential kudzu has grown. Since Feldman, the Supreme Court has provided us with little guidance in determining which claims are "inextricably intertwined" with a prior state court judgment and which are not. (See Moccio v. N.Y. State Office of Court Admin., 95 F.3d. 195, 198 (2nd Cir. 1996). In other words, there is no bright line that separates a federal claim that is "inextricably intertwined" with a state court judgment from a claim that is not so intertwined" (See Ritter v. Ross, 992 F. 2d. 750, 754 (7th Cir. 1993). Rooker-Feldman, however, does not bar every federal claim that might undermine a state court decision, such as a claim that a defendant committed fraud or misrepresentation before or during proceeding .*See, e.g. Conklin v. Anthou, 495 F. App'x 257, 262 (3d Cir. 2012); Gray v. Martinez, 465 F. App'x 86, 89 (3d Cir. 2012).* Such claims are allowed to the extent that they do not directly seek review of the state court proceeding.

If trial courts could readily annul the judgment of each other on the merits, the prerequisite of finality in the judicial system would be destroyed. This is the consistency of basis of Rooker.

The majority of commentators on the Rooker-Feldman doctrine sharply criticize it, and many have suggested that it be abandoned entirely. The critics assert that to the extent that the current conception of the Rooker-Feldman doctrine

overlap with existing doctrines of preclusion and abstention, it is redundant and unnecessary to the extent that it reaches beyond the preclusion and abstention doctrines, it is harmful and even illegitimate. In general, Rooker-Feldman" is a narrow doctrine that applies only in limited circumstances," and a federal court may have jurisdiction over a claim which is nonetheless precluded by a previous state court judgment. *Id.* at 169–70 (internal quotation marks omitted) (quoting Lance v. Dennis, 546 U.S. 459, 464–66 (2006)).

Furthermore, lets not confuse res judicata with the Rooker-Feldman doctrine "inextricably intertwined" element is understandable insofar as both doctrines define the respect one court owes to an earlier judgment, but the two are founded on different principles: (1) res judicata rests on the Full Faith and Credit Statute, which require the federal court[s] to give a judgment the same effect as the rendering state would (2) Rooker-Feldman doctrine rests on the principle that district court[s] only have original jurisdiction. In other words, Rooker-Feldman is a jurisdictional bar, whereas res judicata determines which party prevails after the court has assumed jurisdiction over the suit. The interpretation of "inextricably intertwined" is a blunt instrument and reaches far beyond the circumstances of the Rooker and Feldman cases, often denying plaintiffs their choice of forum, or worse, denying them a chance to bring their action (which does not seek to overturn the state court judgment at all). Taken to its logical end, this approach

makes the Rooker-Feldman doctrine superfluous and abrogates our dual system of court[s].

Inextricably intertwined currently in use among lower federal court[s] is the *GASH* approach[5], which focuses on the injury alleged by the federal plaintiff. According to this approach, the "inextricably intertwined" determination "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy[6]. If the federal claim alleges an injury that was caused by the state court judgment, then the Rooker-Feldman doctrine bars jurisdiction over the "inextricably intertwined" claim, whether it was argued or not. When a plaintiff suffers an injury out of court and then fails to get relief from the state court, a subsequent federal suit is not inextricably intertwined; only if the plaintiff complains of an injury which was caused by the state court judgment would Rooker-Feldman prohibit federal jurisdiction. Under this approach, if a plaintiff is not seeking to set aside the state court judgment but rather presents "some independent claim, albeit one that denies a legal conclusion that a

---

[5] The approach is so labeled here because one of the most frequently cited articulations of this approach is in *GASH* Associates v. Village of Rosemont, 995 F.2d. 726 (7th Cir. 1993).
[6] Taylor v. Fed. Nat'l Mortgage Ass'n, 374 F.3d 529, 533 (7th Cir. 2004).

state court has reached in a case to which he was a party," then federal court has jurisdiction[7].

In Kougasian v. *TMSL*, Inc. the Ninth Circuit found that, although the plaintiff sought relief from the state court judgment, she did not complain of a legal wrong committed by the state court. Instead, she alleged that wrongful acts of the defendant[s] were responsible for the court's erroneous judgment. Because her complaint only satisfied one prong of the "forbidden de facto appeal" test, the court held that Kougasian was not seeking a forbidden appeal and therefore it had no occasion to inquire into whether any of her claims were inextricably intertwined with the issues before the state court[8].

Williams presents an independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party. And Williams is not complaining of a legal wrong committed by the state court, instead, he alleges that wrongful acts of the defendant[s] by not including the applicable signed "Card-Holder" agreement copyrighted 2004 is responsible for any error in the reporting of the amount of $4,078.83 to the CRA's [Consumer Report Agencies], like Equifax Information Services LLC.

---

[7] See *GASH* Assocs., Id. at 728.
[8] See **Noel v. Hall**, 341 F.3d. 1148, 1156-59 (9th Cir. 2003)(emphasizing that the Supreme Court has not used the Rooker-Feldman doctrine to deny jurisdiction in any case other than those two).

The federal court has jurisdiction and Defendant[s] motion to dismiss should be denied.

## CONCLUSION:

In sum, as mentioned in paragraphs above, there is outstanding genuine issues[s] of material fact in dispute that exist, which are left for jury questions. For example (1) who deleted Capital One Bank(USA)N.A.'s account (2) when was the notice of dispute received by Capital One Bank(USA)N.A. (3) what was communicated in the ACDV (4) what was the response to the ACDV by Capital One Bank(USA)N.A. (5) when was Capital One Bank(USA)N.A.'s [judgment] deleted (6) when did Capital One Bank(USA)N.A. alert all credit reporting agencies on a nation-wide basis (7) why did Capital One Bank(USA)N.A. delete the "item" in dispute from Experian and TransUnion. Even if the item no longer appears on or with the CRA's, [Equifax], this does not grant Capital One Bank(USA)N.A., a pass for alleged harm and injury caused by their non-compliance with the FCRA. Furthermore, Williams contends that he has stated a claim 1681s-2(b) for relief to be granted concerning Capital One Bank(USA)N.A.. All things being said, Williams' claims should move forward to discovery. These questions and many more, Capital One Bank(USA)N.A. has gone to great lengths to avoid. Therefore, for the sake of equity and justice, Capital One

Bank(USA)N.A. motion to dismiss should be denied for the interests of equity and justice.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

November 13, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Plaintiff's Response to Capital One's Motion to Dismiss"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".**I have sent the following parties a copy of my brief via United States Postal Service and/or by email..*If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services LLC.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person