Case 5:17-cv-01216-CLS   Document 73   Filed 11/13/17   Page 1 of 18
Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services LLC.
Case No: 5:17-cv-01216-CLS
FILED
2017 Nov-13 AM 10:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

## November 13, 2017

This document relates to:

**Troy T. Williams,** an
Individual

                              CaseNo. 5:17-cv-01216-CLS

*Plaintiff,*                          : PLAINTIFF DEMANDS TRIAL
                                  : BY JURY

V.

**Capital One Bank (USA)N.A.
and Equifax Information Services
LLC.**
*Defendant(s)*

---

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT EQUIFAX INFORMATION SERVICES LLC. ANSWER TO SECOND AMENDED COMPLAINT (ECF 67)

---

      **Comes now**, Plaintiff, Williams, by way of pro se', hereby moves this Honorable Court to "strike" defendant, Equifax Information Services LLC., hereinafter known as, ["Equifax"] answer (ECF 67) to Plaintiff Williams complaint pursuant to Fed. R. Civ. P. Rule 12(f)(1)(2).

## I.  Introduction:

This action arises out of Defendant "Equifax" violations of the Fair Credit Reporting Act, title VI of Pub.L. 91–508, 84 Stat. 1114[1], (15 U.S.C. § 1681 et seq.[hereinafter "FCRA"], out of state law violations and out of the invasion of Plaintiff's personal and financial privacy (ECF 47 & 57).

## II.  Background:

Upon the granting of "Motion For Leave To Amend", Plaintiff Williams corrected scrivener's errors of the "Caption Page" and as a result this gave defendant "Equifax" until October 31, 2017 to file an answer (ECF 57). Altogether, "Equifax" knew or should have known that suit was being brought against it and has had ample time to answer and prepare (ECF 1, 47 & 57). That being said, Plaintiff Williams intends to expose the deficiency and untruthfulness of answer[s] "Equifax" has submitted in regards to Plaintiff Williams' complaint.

## III.  Memorandum of Law:

Rule 12(f)(1)(2) of Federal Rules of Civic Procedure provides that a motion to strike; the court may strike from a pleading an insufficient defense or any

---

[1] **Any reference to the FCRA or any part thereof encompasses all relevant parts and subparts thereto.** U.S. Federal Government legislation enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. **It was intended to protect consumers from the willful and/or negligent inclusion of inaccurate information in their credit reports.** To that end, the FCRA regulates the collection, dissemination, and use of consumer information, including consumer credit information.

redundant, immaterial, impertinent, or scandalous matter and may (1) act on its own (2) on motion made by a party either before responding to the pleading or if a response is not allowed within 21 days after being served with the pleading. This amendment affords a specific method of raising insufficiency of a defense. (*See Dysart v. Remington-Rand Inc., (D.Conn. 1939) 31 F.Supp.*).

When considering a motion to strike an affirmative defense and answer, courts would consider whether the defense was legally sufficient under any set of facts which may be inferred from the allegations of the pleading."[2]

Generally, courts would only grant a motion to strike an affirmative defense under Rule 12(f) upon a finding that (1)there was no question of fact or law that might allow the challenged defense to succeed; (2) under no set of circumstances could the defense succeed, regardless of what evidence could be marshaled to support it; and (3) prejudice would result from the defense remaining in the case[3].

---

[2] **Glenside West Corp. v. Exxon Co.** USA 761 F. Supp. 1100, 1115 (D. N.J. 1991).

[3] See **SEC v. Sands,** 902 F. Supp. 1149, 1165-1166 (C.D. Cal. 1995),aff'd sub nom. **SEC v. First Pac. Bancorp,** 142 F.3d 1186 (9th Cir.1998). See also **Augustus v. Bd. of Public Instruction,** 306 F.2d 862, 868 (5th Cir. 1962); **Johnson v. Chrysler Corp.,**187 F.R.D. 440,441 (D. Me. 1999); **Microsoft Corp. v. PTI (USA),** No. 1-CV-2018, 2003 WL 21406291,*1 (E.D.N.Y. Mar. 14, 2003) (setting forthsame three-part test); **Texas 1845 LLC v. Wu Air Corp.,**No. 11-CV-1825, 2012 WL 382828, *6 (E.D.N.Y. Feb. 6, 2012).

## IV. Argument:

Plaintiff, Williams, asserts that "Equifax" answer to his complaint can be construed as a mockery of this Honorable Court and the judicial system and should be stricken in its entirety. Yet if the Court with its' broad power will not consider that, then perhaps it will consider "striking" the answer[s] that Williams points out as "rebuttals" below for its "dishonesty", "insufficiency" and 'fraud upon the court".

In essence, this simplistic rationale is based upon common sense. Some courts have stated that it would be inequitable to hold plaintiffs to a higher pleading standard than defendants. Such a rationale arguably is grounded *in Twombly's* acknowledgment of "the need for fair notice" in a plaintiff's Complaint, and that such a concern should be equally applied to defendants[4]. The reasoning is simple. Just as a defendant faced with a factually deficient Complaint, a plaintiff should not have to respond to defenses that lack factual support[5]. In *U.S. v. Quadrini,* the district court reasoned that the same pleading standards must apply to defendants and plaintiffs "otherwise a court could not make a Rule 12(f) determination on whether an affirmative defense is adequately pleaded under Rules

---

[4] **See LSI, 2012** WL 359713 ("[g]iving fair notice to the opposing party would seem to apply as well to affirmative defenses given the purpose of Rule 8(b)'s requirements for defenses."

[5] **See Francisco,** 2010 WL 2990159 at *6.

8 and/or 9 and could not determine whether the affirmative defense would withstand a Rule 12(b)(6) challenge[6]." Accordingly, "[l]ike the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a 'reasonably founded hope' of success[7]."(emphasis added).

Now let's examine how this answer is insufficient, dishonest and/or bad faith and fraud upon the court on behalf of Equifax. The following is Williams' rebuttal to answers submitted by Equifax as it relates to Plaintiff Williams complaint.

1. p.2 ¶ 2: Plaintiff Williams exhaustively attempted to mitigate damages and reduce cost for all parties by attempting to reach an amicable solution by way of a "Settlement Proposal" for each defendant to consider (emphasis supplied).

   **Equifax Ans:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

   **Williams Rebuttal:** Equifax's answer is patently absurd and dishonest. Either Counsel Reid for Equifax is "incompetent" and/or deliberately trying to "deceive" this Court with an answer as stated above when Williams' email which contained the "Settlement Proposal" in PDF form was sent on or about September 26, 2017, indicating that the "proposal" would be in effect until submission of Plaintiff Williams Amended Complaint due on or before October 5, 2017 per court order (ECF 46).(See Email Exh #1). Furthermore, Counsel Reid is demonstrating "incompetency" and/or deliberately trying to "deceive" the Court with an answer as stated above when this Court issued an Order (ECF 44 p.2) which states, *"All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees..etc.."* Therefore, Equifax's answer upon information and belief constitutes "fraud upon the court", is dishonest, insufficient and should be stricken.

---

[6] **No. 2:07-CV-13227,** 2007 WL 4303213 (E.D. Mich. Dec. 6, 2007).
[7] *Id.*

2. p.4 ¶ 16: Plaintiff, Troy T. Williams [hereinafter "Plaintiff"] is a "consumer", natural person who is a resident of Alabama.

   **Equifax Ans:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

   **Williams Rebuttal:** Equifax's answer is patently absurd and dishonest. Either Counsel Reid for Equifax is "incompetent" and/or deliberately trying to "deceive" this Court with an answer as stated above for claiming not to know or have information as to whether Plaintiff Williams is a "consumer" and resident of Alabama, yet on ¶ 76 p. 19, Equifax "admits" being a "consumer" reporting agency regularly engaged in the business of assembling, evaluating, and disbursing information concerning "consumers". For clarity for Counsel Reid, the "C" in CRA stands for "consumer", as in [Consumer Reporting Agency]. Equifax's own records (ECF 58) indicates and suggest Equifax's answer is other than what they "stated" when they sent Plaintiff Williams his free annual credit report. *As well, their answer to ¶ 18 on p. 4, Equifax "admits" they are "authorized to do business in Alabama." Yet on p.4 ¶ 13, 15, they claim they are without knowledge to do business in Alabama.* Therefore, Equifax's answer upon information and belief constitutes "fraud upon the court", is dishonest, insufficient and should be stricken

3. p.3 ¶ 9: Experian and TransUnion LLC., after receiving "verification letter for "re-investigation purposes"..."**deleted**" the disputed "item" in favor of Capital One Bank for not being able to "verify" original consumer signed agreement (effective agreement copyrighted 2004).

   **Equifax's Ans:** Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

   **Williams Rebuttal:** Equifax answer is patently absurd and dishonest. Either Counsel Reid for Equifax is "incompetent" and/or deliberately trying to "deceive" this Court with an answer as stated above when Experian and TransUnion LLC., records and investigation results "speak for themselves" (ECF 58). Experian and TransUnion LLC., removed the "item" in dispute which was a judgment in the amount of $4,078 for not being able "verify" the "original signed consumer contract and/or applicable signed Card-Holder agreement, copyrighted 2004. Clearly Williams did not photoshop and/or create documents in violation of copyright laws concerning Experian and TransUnion. Nor did Williams create and include website address and phone number contact information, and submit them to the Court under penalty and perjury in an "Affidavit". Therefore, Equifax's answer upon information and belief constitutes "fraud upon the court", is dishonest, insufficient and should be stricken.

4. p.17 ¶ 70: For example, Equifax have been sued for this identical misconduct in Alabama.

**Equifax Ans:** Equifax **denies** the allegations in Paragraph 70.

**Williams Rebuttal:** Equifax answer is patently absurd and dishonest. Either Counsel Reid for Equifax is "incompetent" and/or deliberately trying to "deceive" this Court with an answer as stated above when Equifax has been sued for the same and/or similar conduct in the State of Alabama. (See Rogers v. Discover Bank et. al. Case 2:13-cv-01124-HGD). Equifax **settled** in *Rogers v Discover et. al* in which Rogers claimed Equifax violated § 1681e(b), Alabama State Law, Invasion of Privacy and Negligent, Wanton And/or Intentional Hiring And Supervision Of Incompetent Employees Or Agents, the same as Plaintiff Williams. This can be confirmed by visiting the Law Firm of Watts & Herring LLC., website of Birmingham, AL. Therefore, Equifax's answer upon information and belief constitutes "fraud upon the court", is dishonest, insufficient and should be stricken.

5. p.3 ¶ 10: Equifax, failed to conduct an "re-investigation" for alleged inaccuracies and correct any deficiencies in a timely 30 day manner in accords with 15 U.S.C. § 1681i(a)(1)(A).

**Equifax Ans:** Equifax **denies** the allegations in Paragraph 10.

**Williams Rebuttal:** Equifax answer is patently absurd and dishonest. Either Counsel Reid for Equifax is "incompetent" and/or deliberately trying to "deceive" this Court with an answer as stated above when Equifax admitted that they received the letter, signed for by a "Greg Moody" **on June 9th 2017**. Counsel Reid for Equifax stated, *"the dispute speaks for itself"*. The letter indicated that Equifax had 30 days to respond. That being said, Equifax had 30 days to conduct an "investigation" and 5 days upon receipt of the dispute letter to forward the dispute via ACDV to their client, the furnisher, Capital One Bank and report the "results" back to Williams, the consumer, within 30 days. *Yet thru Equifax's own (admission) via their records (ECF 58), Equifax inadvertently affirms and admits* they failed to conduct the "investigation" within the 30 days dictated by FCRA and parts and "all" sub-parts that apply, therefore being in statutory violation of FCRA. Nor did Equifax indicate that they needed additional time pursuant to 15 U.S.C. § 1681i(a)(1)(B). Equifax records indicate that "re-investigation" results was concluded on **August 18, 2017**, which far exceeds the allotted timeframe dictated by FCRA. And, finally, the "item" in dispute was "deleted". Therefore, Equifax's answer upon information and belief constitutes "fraud upon the court", is dishonest, insufficient and should be stricken.

6. p.13 ¶ 49: Defendant Equifax, has previously proclaimed that it is obligated to rely upon whatever the public records state about a "consumer".

   **Equifax Ans:** Equifax **denies** the allegations in Paragraph 49.

   **Williams Rebuttal:** Equifax answer is patently absurd and dishonest. Either Counsel Reid for Equifax is "incompetent" and/or deliberately trying to "deceive" this Court with an answer as stated above when Equifax denies that it relies on whatever the public records state about a "consumer", yet their records state just that, "public records" (ECF 58). Equifax has not been forthright when relying on information according to **Cushman v. TransUnion 3rd Cir. "The grave responsibility imposed by 1681i(a) must consist of something more than merely parroting information received from other sources."** Therefore, Equifax's answer upon information and belief constitutes "fraud upon the court", is dishonest, insufficient and should stricken.

7. p.17 ¶ 65: Equifax willfully and maliciously concealed from and/or misrepresented facts to Plaintiff Williams concerning his report.

   **Equifax Ans:** Equifax **denies** the allegations in Paragraph 65.

   **Williams Rebuttal:** Equifax answer is patently absurd and dishonest. Either Counsel Reid for Equifax is "incompetent" and/or deliberately trying to "deceive" this Court with an answer as stated above when Equifax denies concealing factual information from Williams concerning his report. Williams submitted an "Affidavit" (ECF 12, & 45), which included Registered Mail Number, that he requested "all" information in his credit file within the dictates of FCRA and parts and "all" sub-parts that apply. To date, Williams never received such requested information, nor did Equifax indicate otherwise in its answer. The *Seventh Circuit* has held that "informational injury"— deprivation of a right to receive truthful information, is sufficient to satisfy "Spokeo". **Carlson v. United States 837 F.3d 753 (7th Circuit, 2016).** Therefore, Equifax's answer upon information and belief constitutes "fraud upon the court", is dishonest, insufficient and should be stricken.

8. p.20 ¶ 79: All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint. Plaintiff demands judgment for damages against Equifax for actual, statutory, punitive and other relief as the Court deems just and proper pursuant to 15 U.S.C. § 1681 (n) and 15 U.S.C. § 1681 (o).

   **Equifax Ans:** Equifax **denies** the allegations in Paragraph 79.

**Williams Rebuttal:** Equifax answer is patently absurd and dishonest. Either Counsel Reid for Equifax is "incompetent" and/or deliberately trying to "deceive" this Court with an answer as stated above when Equifax denies the allegations. Equifax (admission) (ECF 58), inadvertently affirms and admits that they **did not** comply with FCRA in a timely manner with parts and "all" sub-parts that apply. The plain language of the FCRA would entitle Williams to statutory, actual and punitive damages. Incorporated within Williams complaint p.18 ¶ 73, he mentioned what kind of damages he incurred. The *Eighth Circuit* has upheld awards for "mere mental pain an anxiety" under the FCRA where the plaintiff has alleged that he has suffered "only loss of sleep, nervousness, frustration and mental anguish" over an incorrect credit report. **Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829, 834 (8th Cir. 1976).** Therefore, Equifax's answer upon information and belief constitutes "fraud upon the court", is dishonest, insufficient and should be stricken.

### A.     Legal Analysis:

1. **Equifax First Defense**: by Equifax's own records (admission) (ECF 58), makes their defense nonsensical. If Equifax maintained reasonable procedures to assure maximum possible accuracy before and upon receipt of the letter of dispute for "re-investigation purpose", then why did Equifax delete the "item" in dispute. Therefore Equifax defense should be stricken.

2. **Equifax Second Defense**: by Equifax's own records (admission) (ECF 58) it has published inaccurate and/or incomplete information in violation of FCRA and Alabama State Law to the harm and injury of Plaintiff Williams credit worthiness, his reputation, amongst other injuries incorporated within Williams' complaint. If not, then why has Equifax deleted the "item" in dispute. For such acts committed by Equifax, Williams is entitled to damages pursuant to FCRA and Alabama State Law. Therefore, Equifax defense should be stricken.

3. **Equifax Third Defense**: by Equifax's own records (admission) (ECF58) they have violated the FCRA and parts and "all" sub-parts as incorporated within Williams' complaint. Therefore, Equifax defense should be stricken.

4. **Equifax Fourth Defense:** by Equifax's own records (admission)(ECF 58) and answers, Williams is entitled to damages in the form of "punitive". Williams clearly indicated within his complaint, that Equifax

actions were "willful and malicious, with the intent to harm" Plaintiff on p. 11 ¶ 39, p. 22 ¶ 87, p.24 ¶ 96 and p.25 ¶ 100. The verbiage used satisfies the criteria of the FCRA and parts and "all" sub-parts that apply. Therefore, Equifax defense should be stricken.

5. **Equifax Fifth Defense:** Punitive damages are left to the discretion of the Court[s] and/or jury, which has broad powers to decide on the merits of the case. Yet the mention of this defense demonstrates "inconsistency" and can be construed or implies that Williams is entitled to "punitive" damages. Therefore, Equifax defense should be stricken.

6. **Equifax Sixth Defense:** by Equifax's own records (admission) (ECF 58) it has violated the FCRA and parts and "all" sub-parts that apply as incorporated within Williams complaint. Williams complaint clearly states and claims FCRA verbiage that Equifax actions, "willful and malicious, with the intent to harm Plaintiff" occurred. Therefore, §1681 h(e) is not barred. Therefore, Equifax defense should be stricken.

7. **Equifax Seventh Defense**: Williams complaint has been deemed by the Court to meet the "plausible standard" set forth by Fed. R. Civ. P. Rule 8. The Court would have noted otherwise. In fact, the Court has ordered the "scheduling order" which includes the trial date. A party cannot get to trial date if the complaint fails to state a claim for relief to be granted. Therefore, Equifax defense should be stricken.

8. **Equifax Eighth Defense:** Plaintiff's cause of action is timely and the Court has jurisdiction pursuant to 15 U.S.C § 1681p. The Statute of Limitations begins to run for two years upon submission and receipt of the dispute letter for "re-investigation" purposes pursuant to FCRA and parts and "all" sub-parts that apply. Therefore, Equifax defense should be stricken.

In other words, Equifax's defenses are improper and legally insufficient.

There are many other examples of Equifax and its' agent not being truthful or extremely naïve to the facts of this case in their submission of their answer" to

Plaintiff, Williams, complaint. As indicated above, Equifax's answers to Williams' complaint upon information and belief, constitutes, "fraud upon the court"[8], yet Equifax's agent states with certainty and under penalty of perjury( see certificate of service as filed "a true and correct" copy) that Equifax has done no wrong.

## CONCLUSION:

In sum, Plaintiff Williams moves this Honorable Court to grant this "Motion To Strike Equifax's Answer" for Equifax's moral turpitude in answering Plaintiff Williams' complaint. By Equifax's own admission via its records (ECF 58) and Counsel Reid acknowledgement of the dispute letter for "re-investigation" purposes, signed by Greg Moody on June 9th 2017, stated, *"that the dispute speaks for itself"*, Equifax inadvertently affirms and admits that it violated FCRA and parts and "all" sub-parts that apply as incorporated in Williams' complaint. Equifax has been sued for the same and/or similar "conduct" in Rogers v. Discover Bank et. al. Case 2:13-cv-01124-HGD, in which they settled with Rogers.

The moral turpitude on Equifax's part includes the following: (1) they have clearly demonstrated that they have been "untruthful" about not receiving a "Settlement Proposal" from Plaintiff (2) that Equifax has never been sued for the same or similar conduct in the State of Alabama (3) that Equifax doesn't do

---

[8] **Fraud upon the court** can result in the striking of pleadings as well as a dismissal of the entire case. Desimone v. Old Dominion Ins. Co., 740 So.2d 1233, 1234 (Fla. 4th DCA 1999).

business in the State of Alabama (4) that Equifax doesn't know whether Williams is a "consumer" as defined by FCRA; yet sent Plaintiff Williams his free annual credit report (ECF 58).

Justice and equity demand that Equifax's answer and/or part of their answer be stricken pursuant to Fed. R. Civ. P. Rule 12(f)(1)(2) for their demonstrative acts of moral turpitude in answering Plaintiff Williams complaint and mockery of this Honorable Court.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

November 13, 2017

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Motion To Strike Equifax Answer To 2nd Amend Complaint"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".** I have sent the following parties a copy of my brief via United States Postal Service and/or by email..*If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services LLC.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person



T Williams <twothe1t1will@gmail.com>

## Settlement Proposal
3 messages

**T Williams** <twothe1t1will@gmail.com>  Thu, Sep 28, 2017 at 5:32 PM
To: "Reid, Kirk" <kreid@joneswalker.com>

Mr. Reid,

This is for your review.

**DISCLAIMER:** This is an attempt to reach out concerning settlement. This proposal is in effect until submission of the amended complaint. Once amended complaint is submitted this offer will no longer be in effect. The Amended Complaint will increase the uncertainty level concerning dismissal and costs will increase thereafter. Thank you.

--
Continued success, peace and happiness

**Troy-T Williams**
**Without Recourse, Without Prejudice All rights in tact, UCC 1.308**

**Electronic Communication Notice:**
*THIS MESSAGE IS PRIVATE INTENDED FOR THE RECIPIENT ONLY!* This is Not A Public Communication!
This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality (ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Tampering with private communications and information is a serious crime that can lead to a Dejure Grand Jury indictment.

**HONORABLE AND PEACEFUL NOTICE TO OFFICERS/AGENTS OF THE FEDERAL UNITED STATES CORPORATION:** This information is not intended to harass, intimidate, offend, conspire, blackmail, coerce, cause anxiety, alarm, contempt or distress, or impede any public duties. IT IS PRESENTED WITH ONLY HONORABLE AND PEACEFUL INTENTIONS. Any affirmation contrary to this verified statement of facts will comprise your stipulation to committing a fraud upon the court. A Dejure Grand Jury will be used for enforcement of this lawful and proper disclaimer and to correct all LEGAL defects "in" LAW.
Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.
Notice to Respondeat Inferior is Notice to Respondeat Superior.
Notice to Respondeat Superior is Notice to Respondeat Inferior.

Exh- 1A

📎 **Settlement Proposal Equifax.pdf**
   287K

---

**T Williams** <twothe1t1will@gmail.com>                     Sat, Nov 11, 2017 at 10:36 AM
To: T Williams <twothe1t1will@gmail.com>

[Quoted text hidden]

[Quoted text hidden]

http://www.ssfla.com/home.html#40UNDER40
www.jurisdictionary.com?refercode=WT0011
**Without Recourse, Without Prejudice All rights in tact, UCC 1.308**

**Electronic Communication Notice:**
***THIS MESSAGE IS PRIVATE INTENDED FOR THE RECIPIENT ONLY***! This is Not A Public Communication!
This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality (ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s),and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Tampering with private communications and information is a serious crime that can lead to a Dejure Grand Jury indictment.

**HONORABLE AND PEACEFUL NOTICE TO OFFICERS/AGENTS OF THE FEDERAL UNITED STATES CORPORATION:** This information is not intended to harass, intimidate, offend, conspire, blackmail, coerce, cause anxiety, alarm, contempt or distress, or impede any public duties. IT IS PRESENTED WITH ONLY HONORABLE AND PEACEFUL INTENTIONS. Any affirmation contrary to this verified statement of facts will comprise your stipulation to committing a fraud upon the court. A Dejure Grand Jury will be used for enforcement of this lawful and proper disclaimer and to correct all LEGAL defects "in" LAW.
Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.
Notice to Respondeat Inferior is Notice to Respondeat Superior.
Notice to Respondeat Superior is Notice to Respondeat Inferior.

---

📎 **Settlement Proposal Equifax.pdf**
   287K

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>        Sun, Nov 12, 2017 at 11:47 AM
To: twothe1t1will+caf_=13059262310=tomail.net@gmail.com

Exh - 1B

 Gmail

T Williams <twothe1t1will@gmail.com>

## Settlement Proposal Equifax Void.pdf
5 messages

**T Williams** <twothe1t1will@gmail.com>  
To: "Reid, Kirk" <kreid@joneswalker.com>

Mon, Oct 9, 2017 at 4:54 PM

Mr. Reid,

This is for your review.  Thank you.

Best Regards,

Troy T Williams

**Settlement Proposal Equifax Void.pdf**  
191K

Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services Inc. | 1
Case No. 5:17-cv-01216-CLS

NOTICE OF OPPORTUNITY TO SETTLE:      Exh - 2

DATE: October 3, 2017

Case No: 5;17-cv-01216-CLS

Troy T. Williams v. Capital One Bank(USA)N.A. and Equifax Information Services Inc.

Mr. Threadcraft,

This is an attempt to clarify concerning settlement. My intentions are to lessen your client [Capital One Bank(USA)N.A.] cost by avoiding trial and punitive damages awarded by a jury.

Foundationally each correspondence I send builds upon previous writings.

I am willing to release any and all claims regarding your client, past, present and future without Capital One Bank(USA)N.A. having admitted any wrong doing. Moreover, let this communication serve as my full agreement to confidentiality. A settlement avoids :

1. Public disclosure that Capital One Bank(USA)N.A. violated 15 U.S.C. § 1681s-2(b) and 15 U.S.C. § 1681s-2(b)(1)(D). as well as, any admittance or denial to an "inapplicable agreement".
2. Added costs of litigation.
3. Punitive damages awarded for Capital One Bank(USA)N.A. knowingly, willful, intentional, and malicious actions.

Should your client [Capital One Bank(USA)N.A.] decided to settle, be advised to:

1. Send a money order, bank draft, or certified check payable to Troy T. Williams located at P.O. Box 464, Harvest, AL. 35749 in the amount of ████████.
2. Plaintiff will file an immediate Request for Dismissal with Prejudice in the instant case with the Court and:
3. Remove all derogatory information from credit report agency Equifax.

Exh - 2A

**Default:**

I will construe your failure to respond by October 5, 2017 as a waiver of any and all claims regarding the case.

Please limit all future communications in writing concerning "Settlement Proposal".

Troy T .Williams attest to this Demand on October 3, 2017 and swear that the statements I make are true and correct under the pains and penalties of perjury Under the Laws of The United States of America 28 U.S.C. § 1746.


Best Regards,

Troy T. Williams
P.O. Box 464
Harvest, Alabama[35749]
twothe1t1will@gmail.com
256-749-2614
256-829-8246 Alt#