FILED

2017 Dec-29  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| TROY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 5:17-cv-01216-CLS |
| v. | ) | |
| | ) | |
| CAPITAL ONE BANK (USA), et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S
## RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY JUDGE

Defendant Equifax Information Services LLC ("Equifax") files its Response
to Plaintiff's Motion to Disqualify Judge, as follows:

## INTRODUCTION

This is a case under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et
seq.* ("FCRA.  Plaintiff claims that Equifax and Capital One violated the FCRA in
relation to a judgment against Plaintiff and in favor of Capital One that allegedly
reported on his Equifax credit file[1] (Doc. 57 at ¶ 33). Plaintiff's motion is the
second seeking recusal and the latest in a series of frivolous motions filed by
Plaintiff. Apparently displeased with the Court's rulings on his various motions,

---

[1] Notably, Plaintiff does not allege that the judgment did not belong to him or that it was not
entered against him.

{MB292808.1}

Plaintiff filed the present motion seeking to have Judge Smith removed from this case.

Plaintiff has shown absolutely no basis whatsoever for recusal.  His motion is a transparent retaliatory reaction to the Court's denial of his previous motions. It is completely meritless.  Plaintiff's frivolous motion should be denied.

<u>**RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**</u>

**I.     PROCEDURAL BACKGROUND**

Plaintiff filed his Complaint in this Court on July 20, 2017.  (Doc. 1).  Due to a mailroom issue, Equifax served its Answer on August 23, 2017. (Docs. 24 and 27). The next day Equifax moved to set aside the Clerk's entry of default and to enlarge the time to file an answer. (Doc. 27). Plaintiff moved to strike Equifax's answer. (Doc. 26). The Court granted Equifax's motion and denied Plaintiff's motion to strike. (Doc. 28). Unhappy with the Court's decision to set aside the default and deny his motion to strike, Plaintiff moved to recuse Magistrate Judge Johnson on August 28, 2017. (Doc. 30). Judge Johnson denied Plaintiff's motion to recuse the next day. (Doc. 32).

Plaintiff filed an Amended Complaint on October 17, 2017. (Doc. 57). Equifax timely filed its answer to the Amended Complaint on October 31, 2017. (Doc. 67). Following what has become a pattern, Plaintiff filed a frivolous motion

to strike Equifax's answer on November 13, 2017. (Doc. 73). The Court denied Plaintiff's motion to strike on December 8, 2017. (Doc. 75). Again unhappy with the Court's ruling and following his pattern of filing frivolous motions, Plaintiff filed his motion to recuse Judge Smith on December 13, 2017.  (Doc. 76).

## II.    PLAINTIFF'S ALLEGED BASIS FOR RECUSAL

The only "evidence" that Plaintiff submitted in support of his motion was his own affidavit.  (Doc. 77.)  In his affidavit, Plaintiff claims, without any support, that "the Honorable Lynwood Smith . . . has a personal bias and prejudice against me." (*Id*., ¶ 4). Yet the remainder of Plaintiff's affidavit is nothing more than a laundry list of complaints about the Court's orders denying Plaintiff's various motions. (*Id*.).

Plaintiff's motion to disqualify provides no further evidence or clarity regarding the alleged personal bias of Judge Smith. In his motion to disqualify, Plaintiff cites a single line from the Court's order denying Plaintiff's motion to strike as evidence of Judge Smith's personal bias: "upon consideration; the issues raised by Plaintiff Williams can be addressed, if necessary, after conclusion of discovery." (Doc. 76 at p. 5). Plaintiff does not provide or cite to any evidence of alleged bias beyond the Court's prior rulings denying his various motions.

## ARGUMENT

There is absolutely no basis for recusal in this matter.  Plaintiff's motion is frivolous.  His conclusory, unsupported, and self-serving claims of bias and prejudice are completely false.  He has wholly failed to demonstrate any bias or prejudice to require recusal. Instead, Plaintiff has merely demonstrated that he is a disgruntled litigant who is reaching for any reason to express his displeasure with the Court's rulings in this case.  As discussed below, Plaintiff's Motion should be denied.

## I.   RECUSAL REQUIRES SHOWING AN OBJECTIVE PERSON WOULD ENTERTAIN SIGNIFICANT DOUBT ABOUT THE JUDGE'S IMPARTIALITY.

Plaintiff moves to disqualify under two statutes: 28 U.S.C. § 144 and 28 U.S.C. § 455, which govern the recusal of federal judges from matters pending before them.  Section 144 provides, in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

Section 455(a) provides that, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality

might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) provides in relevant part that "[h]e shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" 28 U.S.C. § 455(b)(1).

In the Eleventh Circuit, recusal "turns on whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014) (quoting *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013)) (internal quotations omitted). While "any doubts must be resolved in favor of recusal. . .there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is. Indeed, a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (internal citations and quotations omitted).

## II.    PLAINTIFF HAS FAILED TO DEMONSTRATE ANY PERSONAL BIAS OR PREJUDICE AND, THEREFORE, HIS MOTION SHOULD BE DENIED.

The Eleventh Circuit has held that "to require recusal, a judge's bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.

Adverse judicial rulings are generally proper grounds for appeal, not for recusal." *Iacullo v. United States* 463 Fed. Appx. 896 (11th Cir. 2012) (quoting *Jaffe v. Grant*, 793 F.2d 1182, 188-89 (11th Cir. 1986) and *Liteky v. United States*, 510 U.S. 540, 555 (1994)). As Magistrate Judge Johnson pointed out in denying Plaintiff's previous motion to recuse, "a movant may not simply point to the court's prior adverse rulings against him to support a charge of bias, where adequate legal ground exist for the rulings." (Doc. 32 at p. 2) (quoting *United States v. Katopodis*, 2012 WL 12977448, at *1 (N.D. Ala. Oct. 30, 2012).

Here, Plaintiff has offered no evidence of bias beyond the Court's rulings. He has failed to cite to any evidence to support a claim of bias from an extrajudicial source. The affidavit is void of any specific, detailed facts that would support a finding of prejudice or bias. Instead, he provides a string of grievances related only to the Court's orders. Plaintiff is simply upset the Court has repeatedly denied his frivolous motions. As the District of South Carolina put it:

"[s]uch "the-judge-has-ruled-against-me-therefore-the-judge-must-be-biased" allegations are precisely the types of grievances that courts have long held do not justify recusal." *Cornelius v. City of Columbia, S.C.*, No. C/A 3:08-2508-CMCPJG, 2010 WL 3724690, at *3 (D.S.C. Sept. 16, 2010) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) and *Liteky* at 550).

## CONCLUSION

For the foregoing reasons, Equifax respectfully requests that the Court deny Plaintiff's motion.

Respectfully submitted this 29th day of December, 2017.

/s/ *Kirkland E. Reid*
Kirkland E. Reid (REIDK9451)
Jones Walker LLP
11 N. Water Street, Suite 1200
Mobile, AL 36602
Tel. (251) 432-1414 (main)
Fax (251) 439-7358
Email:  kreid@joneswalker.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Joshua H. Threadcraft
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

And via U.S. Mail to:

Troy T. Williams
PO Box 464
Harvest, AL 35749

Dated:  December 29, 2017

/s/ *Kirkland E. Reid*
Kirkland E. Reid