# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TROY T. WILLIAMS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Civil Action No. 5:17-CV-01216-CLS** |
| **CAPITAL ONE BANK (USA),** ) | |
| **N.A., and EQUIFAX** ) | |
| **INFORMATION SERVICES,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This case is before the court on the *pro se* plaintiff's motion to disqualify the undersigned due to personal bias and prejudice.[1] Plaintiff bases his allegations of bias upon this court's December 8, 2017 order, which denied plaintiff's motion to strike the answer filed by defendant Equifax Information Services, Inc. ("Equifax") to plaintiff's Second Amended Complaint, even though Equifax failed to comply with the court's order to respond to the motion to strike by November 28, 2017.[2]

Federal law requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), and whenever

---

[1] Doc. no. 76.

[2] *See* doc. no. 73 (motion to strike); doc. no. 74 (order to respond); doc. no. 75 (order denying motion to strike).

"he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(b).

> To require recusal, a judge's bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986) (quotations omitted).  Adverse judicial rulings are generally "proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).  "A judge's ordinary efforts at courtroom administration" also do not show bias. *Id*. at 556, 114 S. Ct. at 1157.

*Iacullo v. United States*, 463 F. App'x 896, 898 (11th Cir. 2012).[3]

The failure of Equifax to comply with this court's order to respond to plaintiff's motion to strike is not to be commended.  Even so, as another judge of this court has stated:

> When the opposing party fails to file an objection, the motion is not automatically granted. Rather,
>
>> the Court will review the merits of the [movant]'s position and, if it is clearly incorrect or inadequate to satisfy the [movant]'s initial burden, will deny the motion despite the [nonmovant]'s failure to respond.  If, however, the [movant]'s presentation is adequate to satisfy its initial burden, the Court will not deny the motion based on arguments the [nonmovant] could have made but by silence elected not to raise.
>
> *Gailes v. Marengo County Sheriff's Dep't*, 2013 WL 81227, *5 (S.D. Ala. Jan. 4, 2013).

---

[3] Plaintiff already has been apprised of this standard on one other occasion, when United States Magistrate Judge Herman N. Johnson, Jr., denied the motion plaintiff filed for him to recuse himself. *See* doc. no. 32 (order denying motion for recusal).

*Lake v. Marshall-Dekalb Electric Cooperative*, No. 4:15-CV-339-VEH, 2015 WL 12781058, at *1 (N.D. Ala. May 14, 2015) (Hopkins, J.) (alterations in original).

Here, the arguments asserted in plaintiff's motion to strike were clearly incorrect. Plaintiff asserted that many of the defenses raised in Equifax's answer were wrong, unfounded, or inconsistent with Equifax's prior statements. But, at the pleading stage, Equifax is entitled to assert defenses that ultimately may not be supported by the evidence, just as plaintiff is entitled to assert claims that ultimately may not be successful on the merits. The purpose of the pleadings are to frame the parties' claims and defenses for discovery. If, after discovery is conducted, there is no evidence to support the claims or defenses, summary judgment can then be granted. None of the defenses asserted in Equifax's answer are so salacious or meritless that they need to be stricken from the pleading at this stage of the case, prior to discovery.

Plaintiff may disagree with this court's denial of his motion to strike, but that is not grounds for judicial disqualification. The court's decision to control its docket by denying the motion to strike does not demonstrate bias. Accordingly, plaintiff's motion to disqualify is DENIED.

**DONE** and **ORDERED** this 8th day of January, 2018.

_____
United States District Judge