Case 5:17-cv-01216-CLS   Document 87   Filed 01/18/18   Page 1 of 6

FILED
2018 Jan-18 PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

Troy T. Williams v. Capital One Bank(USA)N.A.N.A.
Case No. 5:17-cv-01216-CLS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

### January 17, 2018

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank (USA)N.A.et.al.**
*Defendant*

CaseNo. 5:17-cv-01216-CLS
: PLAINTIFF DEMANDS TRIAL
: BY JURY

## DOCKETING STATEMENT

**Comes Now**, Plaintiff, Williams, pro se', pursuant to F. R. App. P. 12 now files this timely Docketing Statement to *Eleventh Circuit,* as well as, encompassing *Eleventh Circuit* Rules 3(c)(1) and 28a.

## I.   JURISDICTION OF THE DISTRICT COURT C.R. 28(a)(4)

The district court had jurisdiction over the parties and over the subject matter of the case in accordance with **Title 15 U.S.C. § 1681p, Title 28 U.S.C.§ 1331 & 1332**, as the district court[s] have jurisdiction over federal questions of law actions that arise under the laws of the United States.

## II.   JURISDICTION OF THE COURT OF APPEALS C.R. 28(a)(4)

This appeal is taken from the final decision of the U.S. District Court for the Northern District of Alabama, Eastern Division entered on January 8th, 2018 (ECF 84) by the Honorable C. Lynwood Smith Jr..

The United States Court of Appeals has jurisdiction to decide this case pursuant to Title **28 U.S.C. § 1291**, as well as in accordance with **F. R. App .P.  3(a) and 4(a),** as a timely notice of appeal has been filed on January 17th, 2018.

## III.   ISSUES FOR REVIEW

1. Whether Standard of Review should be *de novo*.

2. What constitutes a *"furnisher of information"* under FCRA § 1681s-2(b) that the *Eleventh Circuit* has yet to settle?

3. When does a third-party like "Lexis-Nexis", who FCRA and parts and all sub-parts that apply, define "Lexis-Nexis" as a "consumer reporting agency" become a "furnisher" of information. Lexis-Nexis, by its own admission on its own website, states the following, quoted verbatim: *("Lexis-Nexis is considered to be a consumer reporting agency under the Fair Credit*

*Reporting Act, federal and state statutes, as well as, a "reseller" of credit information"). See FCRA §603(f) & See* http://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf.

4. Did the Court commit a *"mistake of law"* by prematurely curtailing a consumer's private right against a furnisher of information regarding violations of 1681s-2(b). (see *In DiMezza v. First USA Bank Inc.*, 103 F. Supp. 2d. 1296, 1300 (D.N.M. 2000) "the plain language of [(15U.S.C.§1681(n) and (o)] provide a private right of action for a consumer against furnishers of information who have willfully and negligently failed to perform their duties upon notice of dispute".). http://files.consumerfinance.gov/f/201309_cfpb_bulletin_furnisher.pdf

5. According to 15 U.S.C. § 1681a(b), defines a "person" to mean any individual, partnership, corporation, trust, estate, cooperative, association government or governmental subdivision, or agency or other entity. That being said, DID the Court commit a *"mistake of law"* when it made a blanket legal conclusion that Capital One Bank did not fit the definition of "person" and "furnisher of information" to specifically exclude Capital One Bank (ECF 84).

6. Was the Court in contradistinction of FCRA and parts and all sub-parts that apply when it determined that "Lexis-Nexis" reported a "civil claim judgment" (ECF 84) in favor of Capital One Bank to consumer reporting agency, Equifax Information Services LLC., when the Court acknowledged that Capital One Bank is the Creditor of item in dispute; even though Equifax acknowledged in answering Williams Complaint (ECF 57) p. 13 ¶ 49 and found in Plaintiff's "Motion to Strike" (ECF 73) p. 8 ¶ 6…that Equifax denies *that it is obligated to rely upon whatever the public records state about a consumer"*. **See *Cushman v. TransUnion* 3rd Cir.**

7. Has the Court *"erred"* when Equifax admits receiving the dispute letter (609(a)(1)(A)) (ECF 58 & 73) which clearly indicates and instructs Equifax

to contact the "furnisher of information", Capital One Bank, not "Lexis-Nexis" to "verify" the original signed consumer contract and/or applicable signed card-holder agreement copyrighted 2004. Equifax response to the letter, *"it speaks for itself"*.

8. How did the Court make a legal conclusion that Capital One Bank never received the ACDV from Equifax Information Services LLC. when the Court records reflect that Capital One Bank did not state otherwise.

9. Experian and TransUnion in their *re-investigation* results ( ECF 58) state, that they contacted the "furnisher" of information, that being Capital One Bank, and *could not "verify"* the original signed consumer contract and/or applicable signed card-holder agreement copyrighted 2004, the amount being reported and *'deleted"* the item in dispute for being reported inaccurately. This creates a genuine issue of material fact as to whether Capital One Bank received the ACDV and reported any information to Equifax Information Service LLC.

10. Did the Court *"err"* by granting Capital One Bank's 12b(6) without having Capital One Bank produce and verify the applicable signed card-holder agreement copyrighted 2004 even though Williams filed a consumer compliant (ECF 13) with the CFPB requesting the applicable signed card-holder agreement copyrighted 2004 that requires *"by law, the issuer (Capital One Bank) must make your agreement available to you upon request"* to resolve all doubt as to Capital One Bank reporting a default amount of $4,078.83 which consist of court cost and post judgment interest (ECF 35 & 72). See *Wheeler v. Capital One Bank, N.A. et. al. 2;12-cv-05848.*

11. Did the Court *"err"* by "granting" Capital One Bank 12b(6) when there is outstanding genuine issues of material fact in dispute, not regarding the state-court judgment which is irrelevant, but Plaintiff was specifically disputing the factual error of the amount $4,078.83 being reported to the consumer reporting agencies, like Equifax Information Services LLC. In other words, there is a difference in charge-off amount of $2,300 and default amount of $4,078.83, which includes post judgment interest and fees which

can only come about via an applicable signed card-holder agreement copyrighted 2004.

12. With all due respect, this Court stated on p. 23-24 of 27 of its order (ECF 84), *"Even so, his actual claim against Capital One is based upon Capital One's alleged failures to conduct an appropriate re-investigation of his claim, and to appropriately report the results of the re-investigation to consumer reporting agencies. That claim challenges Capital One's actions and inactions with regard to the reporting of Williams' debt, but it does not challenge the validity of the debt itself. Accordingly, success on Williams' FCRA claim in this case would not "effectively nullify" the state-court default judgment; Because Williams' FCRA claim is not "inextricably intertwined" with the state-court default judgment, the Rooker-Feldman doctrine does not bar the claim"*. As well, the Court stated that 12b(1) did not apply in this case. That being said, Rooker-Feldman, is the premise or substance of Capital One Bank's 12b(6).

13. Plaintiff figured out that there was a factual error of an item being reported and therefore asked for **verification** within the mandates of the FCRA and parts and all sub-parts that apply, which is separate from any state-court judgment which has nothing to do with the item itself, only the factual inaccuracy of the item reported.

14. Did the Court *"err"* in its order (ECF 84) by attacking the character of a pro se' (sovereignty issues) which Plaintiff Williams clearly addressed in Plaintiff's Response (ECF 72) and state-court. Supreme Court has already decided that all citizens are sovereign (ECF 72).

Respectfully submitted,

*/s/ Troy J. Williams*

(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com

## Certificate of Interested Parties:

January 17, 2018

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Plaintiff's Docketing Statement"* is in compliance with **with Local Court Rules and Fed.R.Civ.P."**.I have sent the following parties a copy of my brief via United States Postal Service and/or by email..*If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Captial One Bank (USA)N.A.**
**Attn: Joshua Threadcraft**
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Email: JThreadcraft@burr.com
Attorney To Be Noticed

**Equifax Information Services LLC.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person