# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TROY T. WILLIAMS,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No. 5:17-CV-01216-CLS |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES, INC.,** | ) |
| | ) |
|    **Defendant.** | ) |

## ORDER

This case is before the court on the *pro se* plaintiff's motion for an interlocutory appeal from this court's January 8, 2018 order granting the motion to dismiss filed by defendant Capital One Bank (USA), N.A. ("Capital One").[1]

The applicable provision of the statute governing interlocutory appeals reads as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law as to which there is substantial ground for difference of opinion* and that *an immediate appeal from the order may materially advance the ultimate termination of the litigation*, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the

---

[1] Doc. no. 86. The January 8, 2018 order granting Capital One's motion to dismiss is doc. no. 84.

> order: *Provided however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (first emphasis supplied, second emphasis in original).

> The Eleventh Circuit has characterized a § 1292(b) interlocutory appeal as a "rare exception" to the premise that the great bulk of appellate review must be conducted after final judgment [*McFarlin v. Conseco Service, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)]. As a result, § 1292(b) should "be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation[,] where a question which would be dispositive of the litigation is raised[,] and there is serious doubt as to how it should be decided." [*Id.* at 1256]. "Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion." [*U.S., ex rel. Powell v. American InterContinental University, Inc*., 756 F. Supp. 2d 1374, 1379 (N.D. Ga. 2010)].

*Flint Riverkeeper, Inc. v. Southern Mills, Inc*., 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017) (bracketed case citations supplied, other bracketed alterations in original).

Here, there is no substantial ground for difference of opinion regarding the disposition of Capital One's motion to dismiss. As such, allowing an interlocutory appeal would delay, not advance, the ultimate termination of this litigation. Plaintiff's contention that the court's ruling on the motion to dismiss was incorrect is insufficient to justify an exception to the general policy of preserving appellate review until final judgment has been entered.

Plaintiff's motion for an interlocutory appeal is DENIED.

**DONE** and **ORDERED** this 22nd day of January, 2018.

_____
United States District Judge