FILED

2018 Mar-15  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

Troy T. Williams v. Equifax Information Services LLC. | 1
**Case No. 5:17-cv-01216-CLS** |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

## March 15th , 2018

This document relates to:

**Troy T. Williams,** an
Individual                                    :
                                              :
                                              **CaseNo. 5:17-cv-01216-CLS**
*Plaintiff*,                                  : PLAINTIFF DEMANDS TRIAL
                                              : BY JURY
V.                                            :
                                              :
                                              :

**Equifax Information Services LLC.**
*Defendant*

---

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. RULE 56

---

**Comes now**, Plaintiff, Williams, pursuant to Fed.R.Civ.P. Rule 56, moves for summary judgment against defendant, Equifax Information Services LLC., hereinafter known as ["Equifax"]. A party may move for summary judgment, identifying each claim or defense---or the part of each claim or defense---on which summary judgment is sought.

Troy T. Williams v. Equifax Information Service LLC.
**Case No. 5:17-cv-01216-CLS**

# TABLE OF CONTENTS:
## In compliance with L.R.

TABLE OF CONTENTS…………….………………….. ………………………………………i

TABLEOFAUTHORITIES………………………………………………………………………ii

I.      PRELIMINARY STATEMENT……………………….……………………….........2
II.     MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT
………………………………………………………………………………………..2
III.    COMPLAINT…………………………………………………………………………4
IV.     STATEMENT OF UNDISPUTED FACTS………………………………………….4
        A. Equifax   Reported   Civil   Claim   Judgment   In   The   Amount   of
        $4,078.83………………………………...……………………………...............10

        B. Plaintiff's Dispute Letter………………………………………….2,5,6,7,8,15,17

        C. Consumer Reporting Agency Letter[s]…..…………………………………...10,11

V.      ARGUMENT AND AUTHORITIES……………………………………………….14
        A. Equifax  Has  Violated  15  U.S.C.§  1681i(a)(1)(A)  As  It  Pertains  To
        Plaintiff……………………………………………………………………….14,15
            1. Evidence   Shows   Equifax   Failed   To   Comply   With   15U.S.C.§
            1681i(a)(1)(A)……………………………………………………………..15,16
            2. Equifax Sent Out An "ACDV" As Required By FCRA……………….16,17
            3. Equifax Was Aware That Item In Dispute Was Deleted By CRA,
            Experian……………………………………………………………………..17,18
            4. Equifax Has Subscriber Agreement With Capital One Bank N.A………..18
            5. Equifax Has Motive To Park The Account………………………………18,.19
            6. Equifax Is Attempting To Mask Or Cover-Up Violating 15 U.S.C. §
            1681i(a)(1)(A)……………………………………………………………..19,20

        B. Equifax  Has  Violated  Title  15U.S.C.  §  1681i(a)(1)(B)  As  It  Pertains  To
        Plaintiff……………………………………………………………………….20,21

        C. Equifax  Has  Violated  Title  15U.S.C.  §  1681e(b)  As  It  Pertains  To
        Plaintiff…………………………………………………………………………21,22

        D. Equifax  Has  Violated  Title  15U.S.C.  §  1681h(e)  As  It  Pertains  To
        Plaintiff…………………………………………………………………….22,23,24

E.  Equifax Has Violated State Law Claims As It Pertains To Plaintiff…………..24


VI.    CONCLUSION……………………………………………………………...24,25,26

# TABLE OF AUTHORITIES:
## In Compliance With L.R.

**Cases:**                                                                                              **Page**

*Celotex Corp v. Catrett,* 477 U.S. 317, 322-23 (1986)……..…………………………………..2

*Cushman v. Trans Union Corp.,* 115 F.3d 220 (3d Cir. 1997)………..…………………….....15

*In Re Royal Carribbean Cruises LTD.,* 55 F. Supp. At 1369…………………………………..2

*Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d. 829,834 (8th Cir. 1976)…………........…......10

*Rogers v. Discover Bank et.al.* 2:13-cv-00124-HGD…………….…………………………...14

*St.Charles Foods v. America's Favorite Chicken Co.,* 198 F. 3d. 815, 819 (11th Cir. 1999).........2

*Whatley v. CAN Ins. Co.,* 189 F.3d. 1310, 1313 (11th Cir. 1999)…………………………….2


**Statutes:**

**ALABAMA STATE LAW**...........................................................................................................24

**Annot. 74 A.L.R. 2d. 984 (1960)**……..………………… ……………………………..2

**FCRA: Fair Credit Reporting Act Pub.L. 91-508 ,84 Stat. 1114**……..…….…………………………………………2,4,5,10,15,16,17,18,21,22,23,24

**15 U.S.C. § 1681i(a)(1)(A)**……..…………………………………………2,6,11,12,14,15,19,20

**15 U.S.C. § 1681i(a)(6)(A)**……..………………………………………………………..….2

**15 U.S.C. § 1681i(a)(1)(B)**……..………………………………………………12, 14, 21

**15 U.S.C. § 1681e(b)**...........................................................…..…………………………22

**15 U.S.C. § 1681h(e)**……..……………………………………………………………....23

**Fed. R. Civ. P. Rule 56**…………..………………………………………………………....1

## I.   **Preliminary Statement:**

Plaintiff Williams brings forth claims against Equifax for willful and negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et.seq. respectively. Williams asserts that he has sent a dispute letter for "re-investigation" purposes as it pertains to Capital One Bank N.A. "civil claim judgment" in the amount of $4,078.83. Upon submission of Plaintiff's Original and Second Amended Complaint, Williams claims the amount of "4,078.83 is being reported "inaccurately" for lack of the original signed consumer contract and/or signed effective agreement copyrighted 2004.

Williams initiated his dispute on June 9th, 2017, sent certified mail and did not receive results of the "re-investigation" within the 30days pursuant to §1681i(a)(6)(A) as directed, stated and found under Fair Credit Reporting Act 15 U.S.C. § 1681i(a)(1)(A). The burden of proof shifts to Equifax to prove otherwise.

## II.   **Memorandum Of Law For Summary Judgment:**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Whatley v. CNA Ins. Co.,* 189 F.3d 1310, 1313 (11th Cir. 1999). The court must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party. *St. Charles Foods, Inc. v. America's*

*Favorite Chicken Co.,* 198 F.3d 815, 819 (11th Cir. 1999).The non-moving party

must conclusively show the absence of any genuine issues of material fact, and the

court must draw every possible inference in favor of the non-moving party.*In re

Royal Carribbean Cruises Ltd.,* 55 F. Supp. at 1369. The moving party is entitled

to summary judgment, as a matter of law, when the non-moving party fails to show

the existence of genuine issues of material fact. Additionally, the non-moving party

must "make a showing sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial".

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).*The failure of proof

concerning an essential element of the non-moving party's case necessarily

renders all other facts immaterial and requires the court to grant the motion for

summary judgment.Id.*

In the instant case, taking every possible inference, the Plaintiff, is entitled to

final summary judgment relief as a matter of law based upon the evidence in this

case and substantive case authority cited herein. By amendment, *"answers to

interrogatories, affidavits and admissions, or the lack thereof"* are included among

the materials which may be considered on motion for summary judgment. *See

Annot., 74 A.L.R.2d. 984 (1960)*.Based upon all evidence [*interrogatories,

admissions, affidavits, etc.*] provided thus far, the Defendant has failed to establish

that the Defendants did not violate any provision of the "FCRA" or Fair Credit

Reporting Act.Plaintiff hereby files *"Motion for Summary Judgment"* and in support therefore states as follows:

### III.   Complaint:

Plaintiff Williams brings forth this action that arises out of Equifax Information Services LLC.violations of the Fair Credit Reporting Act, title VI of Pub.L. 91–508, 84 Stat. 1114[1], (15 U.S.C. § 1681 et seq.[hereinafter "FCRA"], out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant. To date, Defendant denies any wrong doing or violations of the Fair Credit Reporting Act as stated in his Compliant and pleadings.

### IV.   <u>Statement Of Undisputed Facts:</u>

1. Equifax response to Plaintiff Williams' "interrogatories # 1" indicated that their proper name is Equifax Information Services LLC.(See Exh-A).

2. Equifax response to Plaintiff Williams' "interrogatories # 1" indicated that they are a "Consumer Reporting Agency" as defined by the FCRA, Fair Credit Reporting Act.(See Exh-A).

---

[1]**Any reference to the FCRA or any part thereof encompasses all relevant parts and subparts thereto.** U.S. Federal Government legislation enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies. **It was intended to protect consumers from the willful and/or negligent inclusion of inaccurate information in their credit reports.** To that end, the FCRA regulates the collection, dissemination, and use of consumer information, including consumer credit information.

3. Equifax response in answering Plaintiff Williams verified second amended complaint (ECF 57) ¶ 18 p.4 of 27, indicated they **"admit"** they are authorized to do business in Alabama.

4. Equifax response to Plaintiff Williams' Admission #1 p.3, defendant **"admit"** that it "maintains a credit file for plaintiff".(See Exh-B).

5. Equifax response in answering Plaintiff Williams verified second amended complaint (ECF 57) ¶ 35 p.9 of 27, defendant **"admits"** that it received a letter from Plaintiff and defendant states…*"the dispute speaks for itself"*.

6. Equifax response in answering Plaintiff Williams' Admission #59 p. 23, asked "Equifax and its' counsel, Kirkland E Reid of Jones Walker LLP., upon receipt of the 609(a)(1)(A) dispute letter and in answering Plaintiff Williams Complaint, replied by stating that the dispute letter "it speaks for itself". Equifax direct response…*Equifax states that its answer speaks for itself.* (See Exh-B).

7. Equifax response in answering Plaintiff Williams verified second amended complaint (ECF 57) ¶ 41 p.11 of 27, defendant **"admits"** it received letter from Plaintiff alleging "a verification letter" dated June 3rd, 2017, received on June 9th, 2017, signed by Greg Moody of Equifax.

8. United States Postal Service, confirms Greg Moody signed for dispute letter on June 9th, 2017.(See Exh-H)

9. Equifax own records submitted under penalty and perjury via discovery *request for production of documents* initiated by Plaintiff Williams shows a copy of letter, and correct address processed on June 10th, 2017 showing EFX ORIGINAL DOC. which any person can confirm via USPS.(See Exh-C p.EIS-Williams 000006-000008).

10. Equifax own records (EIS-Williams 000006-000008) indicate they failed to comply with FCRA by failing to submit ACDV within 5 days from signing for the dispute letter on June 9th, 2017. Equifax records indicate letter processed on June 10th, 2017, dispute generated on June 16th, 2017.(See Exh-C).

11. Equifax failed to conduct proper investigation upon receipt of dispute letter dated June 3rd, 2017, signed for on June 9th, 2017 by a Greg Moody and report the results within 30 days to "Consumer" Williams pursuant to 15 U.S.C. § 1681i(a)(1)(A).

12. After Equifax received dispute letter on June 9th, 2017 simple mathematics indicate that…30 days from June 9th, 2017 would reflect a calendar date of July 9th, 2017. Even if you give another day, that date would reflect July 10th, 2017. If a person goes by the MTNCUPD of June 21st, 2017, 30 days from that calendar date would put a person roughly in or around July 21st, 2017.(See Exh-C).

13. Equifax's own record (EIS-Williams 000010) confirmation #723005423, , indicated that the item was no longer appearing on the credit file.(See Exh-C)

14. United States Postal Service by way of "Informed Delivery" verifies that Williams did not receive "any" mail from Equifax to his P.O. Box 464 Harvest, Alabama on July 10th, 2017 thru July 18th, 2017 (ECF 11). Plaintiff Williams' "affidavit" stating as such went un-rebutted and unopposed by Equifax.

15. Equifax admission via its own records (EIS-000003), indicate that dispute was processed on June 10th, 2017 in Equifax's "ACRO Maintenance Transaction Summary" and generated a confirmation #7167015034.(See Exh-C).

16. Equifax admission via its own records (EIS-Williams 000006), indicates that defendant was aware of Plaintiff's dispute letter asking for the "physical verification" of the "original signed consumer contract" as it pertains to Capital One Bank N.A. and dated June 10th,, 2017.(See Exh-C).

17. Equifax admission via its own records indicated, failed to transmit "ACDV" to "furnisher" within 5 days upon signing for receipt of dispute letter sent via USPS by Plaintiff Williams. Equifax employee, Greg Moody, signed on

June 9th, 2017, dispute letter processed on June 10th, 2017, dispute generated on June 16th, 2017 and assigned a confirmation #7167015034.(See Exh-C)

18. When Greg Moody, Equifax employee signed for the dispute letter sent via USPS on June 9th, 2017, it was June 10th, 2017 in India. Equifax vendor in this case is Serco as confirmed by Equifax.

19. Equifax admission via its own records indicates (EIS-Williams 000003-000010), dispute generated on June 16th, 2017 and assigned a confirmation #7167015034.(See Exh-C).

20. Equifax, in answering Plaintiff Williams' "interrogatories # 10" indicated defendant outsourced dispute across seas to India where employees Ambrish Yadav, Ankur Mishra, and AheshVaishnav assisted in processing the dispute and while doing so, Equifax records (EIS-Williams 000003) indicate on June 16th, 2017, "DO NOT PROCESS DISPUTE THRU AUTO maintenance; "MR" (Manager) PLS SEND UPDATED CREDIT REPORT AFTER INVEST." Date received: June 10th, 2017 in reference to confirmation #7167015034 (which collaborates with dates of June 16th, 2017 and June 21st, 2017).(See Exh-A, C).

21. Equifax admission via its own records (EIS-Williams 000010), indicates willfulness and negligence on defendant part for changing the "status" of confirmation #7167015034, dated June 21st, 2017,**(contains only 3 inquiries**

**in the June report)**which indicated "MTN" (which means monthly maintenance which comes directly from "furnisher" and in Plaintiff's case, updates on or around the 21st of every month); Equifax changed the status to reflect "review" concerning confirmation #7167015034 dated June 21st, 2017 concerning on the **August report which shows 12 inquiries.** (See Exh-C).

22. Equifax owns more than 10% of stock in Capital One Financial, which is the parent company of Capital One Bank N.A.. as indicated in Capital One Bank N.A.'s Disclosure Statement presented in the Eleventh Circuit to Williams appeal Case #18-10191.(See Exh-K).

23. Equifax in answering original complaint (ECF 1) filed on July 20th, 2017 failed to mention that they own more than 10% stock in Capital One Financial, the parent company of Capital One Bank N.A(ECF 25).

24. Equifax in answering Plaintiff Williams' Admission # 37 p. 14, **"admitted"** that defendant has a subscriber agreement with Capital One Bank N.A.(See Exh-B).

25. Equifax answered Plaintiff Williams' Admission #60 p. 23, which states. "Williams in his amended complaint (ECF 57), used the verbiage of "willful and malicious"(see p. 11 ¶ 39, p. 22 ¶ 87, p. 24 ¶ 96 and p. 25 ¶ 100) when referring to Equifax Information Services LLC., reporting Capital One

Bank(USA) "civil claim judgment" in the amount of $4,078.83. Equifax's answer...**Equifax states that the amended complaint speaks for itself.**(See Exh-B).

26. Plaintiff Williams mentioned in his "Motion to Strike"(ECF 73), in which Equifax was ordered to answer (ECF 74) indicated The *Eighth Circuit* has upheld awards for "mere mental pain an anxiety" under the FCRA where the plaintiff has alleged that he has suffered "only loss of sleep, nervousness, frustration and mental anguish" over an incorrect credit report. **Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829, 834 (8th Cir. 1976).**

27. Equifax admission via its own records indicates (EIS-Williams 000010)), on June 21st, 2017, the item in dispute (Capital One Bank N.A. "civil claim judgment") is showing "status" as updated. Updated in this case means, item was "verified" according to Equifax's standards, procedures and policies. By given an "updated" status, the item in dispute remains "parked" on the account.(See Exh-C EIS-000001).

28. Plaintiff Williams submitted memorandum (ECF 58) concerning CRA's [Consumer Reporting Agencies] Experian and TransUnion that included dispute letter and results. Experian and TransUnion **"deleted"** the item in dispute, that being the "civil claim judgment" in favor of Capital One Bank N.A. Experian deleted the "civil claim judgment" in favor of Capital One

Bank on June 21st, 2017. TransUnion deleted the "civil claim judgment" in favor of Capita One Bank on June 30th, 2017(ECF 58). (See Exh-I, J).

29. Equifax admission via its own records(EIS-Williams 000002-000005) indicates,**"NO DISCLOSURE WILL BE SENT"**defendant failed to send the results of the status, status being "updated" concerning confirmation #7167015034, pursuant to 15 U.S.C. § 1681i(a)(1)(A) within 30 days of June 9th, 2017. Nor does Equifax's own records indicate that they notified consumer, Williams, pursuant to 15 U.S.C. § 1681i(a)(1)(B) that defendant needed additional time concerning investigation.(See Exh-C).

30. Equifax admission via its own records indicates (EIS-Williams 000001), confirmation #7167015034 confirms a "civil claim judgment" in favor of Capital One Bank N.A.(See Exh-C).

31. Item in dispute ("civil claim judgment in favor of Capital One Bank N.A.) being reported by Equifax would continue to be reported until next "MTN" cycle update which would occur on or around July 21, 2017.(See Exh-C).

32. Plaintiff Williams did not receive any correspondence or communication (EIS- Williams 000010) from Equifax concerning the results of the "dispute" for the month of June  or  July 2017.(See Exh-C).

33. Plaintiff Williams commenced suit on July 20th, 2017 (ECF 1) against defendant for violations of 15 U.S.C. § 1681i(a)(1)(A), § 1681i(a)(1)(B), §

Invasion Of Privacy, Negligent, Wantonand/orIntentional Hiring And Supervision Of Incompetent Employees Or Agents, and State Laws Claims.

34. Upon submission of Plaintiff Williams' original complaint (ECF 1) filed July 20th, 2017, Equifax had until August 18th to file an answer pursuant to Fed. R. Civ. P. Rule 4 within 21 days after being served with the summons and complaint.

35. Equifax filed its answer to Plaintiff Williams complaint filed on July 20th, 2017(ECF 1) five days late (ECF 24).

36. Plaintiff Williams motioned for "Entry of Default" (ECF 21) and the Court granted "Entry of Default" (ECF 23) on August 23rd, 2017.

37. In ORDER (ECF 28) rendered by Hon. Johnson Jr., the Court incorporated Jessica Spurlock's Declaration in its' ORDER found on p.3 of 5, that "mailroom personnel "misrouted" the lawsuit to "another" location instead of legal department; yet admits Equifax received the complaint on July 28th, 2017.

38. Equifax in answering Plaintiff Williams' Admission #46 p. 18, indicated they "object" to Jessica Spurlock can provide with specificity and particularity the exact location of the "mystery and/or another location" as vague and ambiguous. Equifax is without knowledge or information sufficient to admit or deny the request.(See Exh-B)

39. Equifax in answering Plaintiff Williams' "interrogatories" submitted by Celestina Gobin, an employee with Equifax, Jessica Spurlock "notarized" the interrogatories.(See Exh-A).

40. Equifax in answering Plaintiff Williams' Admission # 62 p. 24, **"admits"**Equifax Information Services LLC., at any-time while conducting business in the State of Alabama has been sued prior to Williams compliant for 1681i(a)(1)(A), and/or 1681i(a)(1)(B), and/or 1681e(b), and/or 1681h(e).(See Exh-B)

41. Equifax in answering Plaintiff Williams' Admission #65 p. 25, defendant was asked, Equifax Information Services LLC., was sued by Charles J. Rogers of 250 Highway #30, Eufaula, Alabama 36027?  (See Rogers v. Discover Bank et. al. Case 2:13-cv-01124-HGD).**Equifax states, the referenced complaint speaks for itself.** (See Exh-B).

42. Plaintiff Williams submitted an "affidavit" (ECF 11, 45) that went un-rebutted and unopposed that stated "he requested all information in his consumer file, when was the item in dispute deleted, etc…"

43. Equifax Information Services LLC., in answering Plaintiff Williams complaint p. 13 ¶ 49 (ECF 57) pursuant to Fed. R. Civ. P. Rule 8, Equifax **"denied"** that it is obligated to rely upon whatever the public records state

about a "consumer"**Cushman v. TransUnion 3ʳᵈ Cir.**.Equifax states that its

answer speaks for itself.

### V.    Argument And Authorities:

### A. Equifax Has Violated Title 15 U.S.C. § 1681i(a)(1)(A) As It Pertains To Plaintff.

The Fair Credit Reporting Act (a) Reinvestigations of Disputed Information (1)

Reinvestigation Required (A) In general.    Subject to subsection (f), if the

completeness or accuracy of any item of information contained in a consumer's

file at a consumer reporting agency is disputed by the consumer and the consumer

notifies the agency directly, or indirectly through a reseller, of such dispute, the

agency shall, free of charge, conduct a reasonable reinvestigation to determine

whether the disputed information is inaccurate and record the current status of the

disputed information, or delete the item from the file in accordance with paragraph

(5), before the end of the 30-day period beginning on the date on which the agency

receives the notice of the dispute from the consumer or reseller.

### 1. Evidence    That    Equifax    Failed    To    Comply    With 15U.S.C.§1681i(a)(1)(A)

Plaintiff Williams contends that by way of answers to( Req.for Docs., Req.for

Interrogatories, Admissions) and (Williams' Un-rebutted Affidavits),    that

Equifax's actions and/or lack thereof, speak for themselves which results in that

there is no genuine issue of material fact in dispute that Equifax has violated §

1681i(a)(1)(A). Equifax records as requested by Plaintiff via "discovery" (*Req.for Docs, Req. for Interrogatories, admissions*) and their answers concerning such, clearly indicate that Equifax failed to conduct a timely re-investigation and report those results to consumer, Williams, within 30 days as it relates to the dispute letter signed for by Greg Moody on June 9th, 2017. (ECF 11) clearly demonstrates that Williams did not receive any correspondence or communication from dates of June 9th, 2017 thru July 9th, 2017 by way of United States Postal Service "Informed Delivery". Furthermore, USPS "Informed Delivery" indicates that Plaintiff Williams did not receive "any" correspondence from Equifax after July 9th, 2017 until August 4th, 2017.Equifax had until or around July 9th, 2017 to mail out results of the investigation. Equifax records, along with Williams' records and affidavits clearly reflect that Equifax failed to do just that, send the results of the re-investigation regardless of what they indicated in the ACIS file. Equifax went a step further, and deliberately did not send out results of the investigation to Williams because their own records reflect. "NO DISCLOSURE TO BE SENT OUT" (EIS-Williams 000001) and the following will prove why.

## 2. Equifax Sent Out An "ACDV" As Required By FCRA.

In answering Plaintiff Williams Admission #43 p. 17, Equifax **"admits"** that they timely review and act upon **all** such ACDV's, AUD's and notifications as required by FCRA.(See Exh-B).

Equifax **"admitted"** to Plaintiff Williams Admission #32 p. 13 which says, ACDV,[herein known as Automated Consumer Dispute Verification], is used by Equifax to "re-investigate" trade-line data account(s) on a consumer's credit report and designed to be used by a Consumer Reporting Agency, like Equifax, if a consumer disputes the completeness or accuracy of information reported on his or her credit report directly with the Consumer Reporting Agency, like Equifax.

On or around June 16th 2017, Equifax sent what is known as a "ACDV"(EIS-Williams 000001) to the "furnisher" of information as required by FCRA. Equifax re-investigation came back from the "furnisher" as "verified" and assigned a status of "updated" on June 21st, 2017, *reflecting "civil claim judgment" in favor of Capital One Bank N.A. in the amount of $4,078.83*. In other words, the item remains reported as is. However, Equifax failed to conduct proper investigation. Simultaneously,Experian, a consumer reporting agency, contacted the "furnisher" upon receipt of dispute letter dated June 3rd,2017, received June13[th], 2017 via USPS Certified Mail (See Exh-I), which makes reference to (civil claim judgment in favor of Capital One Bank N.A.) and the results came back**"deleted"** on June 21st, 2017 (ECF 58).

### 3. Equifax Was Aware That Item In Dispute Was Deleted By Consumer Reporting Agency Experian And TransUnion.

According to the Equifax own Manual (Data Furnisher Guide) p. 6 which states, "ACDVs initiated by a CRA on behalf of a consumer are routed to the appropriate Data Furnisher based on the CRA and subscriber code affiliations indicated by the DF. The ACDV is returned to the initiating CRA with updated information (if any) relating to the consumer's credit history. If an account is modified or deleted, **carbon copies** are sent to each CRA with whom the DF has a reporting relationship. In other words, Equifax was aware that the item reported "deleted" from Experian.In addition, the same item was disputed concerning TransUnion and they received a dispute letter dated June 17th, 2017,  received on June 24th, 2017 via USPS Ceritified Mail (See Exh-H), and their results came back on June 30th, 2017 showing "delete" status.

Each Consumer Reporting Agency, like Equifax, Experian and TransUnion, use the E-Oscar System. (See Exh-F).

### 4. Equifax Has Subscriber Agreement With Capital One Bank N.A.

Equifax **"admitted"** to Plaintiff Williams' Admission #36 p. 15, that Equifax, knows Capital One Bank(USA)N.A. is a "data-furnisher" as defined by FCRA and parts and sub-parts that apply and FTC Furnisher Rule. As well, Equifax **"admits"** to Plaintiff Williams' Admission #37 p.15, that Equifax has a "subscriber agreement" with Capital One Bank(USA)N.A..

## 5. Equifax Has Motive To Park Account.

Interestingly enough, Equifax owns 10% of stock ownership in Capital One Financial(mkt cap 47.21bil) that equates to approximately $4.7bil, which is the parent company of Capital One Bank N.A.Ironically, Equifax failed to mention they owned 10% of stock ownership in Capital One Financial, which is the parent company of Capital One Bank N.A. in their "Disclosure Statement" (ECF 25) submitted as part of their "answer to Williams Complaint filed on July 20, 2017 (ECF 1).By owning stock as such as indicated here, this opens the door for Equifax to have motive to park or keep reporting the item even if its inaccurate, in order to retain revenue from the subscriber agreement.

## 6. Equifax Is Attempting To Mask Or Cover-Up Violating 15 U.S.C. § 1681i(a)(1)(A).

Equifax has gone to great lengths by way of deception by altering and/or amending records to reflect that Williams initiated a dispute in or around August 2017 and that Plaintiff has no "claim" because the item in dispute, ("civil claim judgment" in favor of Capital One Bank N.A.) which was reported by Equifax in May 2017, does not appear in the month of August 2017. However, Equifax by its own records indicate that they sent out correspondence on August 4th, 2017 file #7216034809 and August 7th, 2017 file #7219030390 that stated, "consumer request to know what information his credit file". The communication[s] in August

2017 were not a "dispute". In other words, Equifax is masking the dispute and pretending that Williams did not initiate his dispute until August 2017 concerning this case. Plaintiff made an inquiry concerning his June 2017 dispute. However, Equifax file #7230054231 dated August 18th, 2017 indicated the following: *"we are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. The results of our "Re-Investigation"....we have reviewed your concerns and our conclusions are the additional disputed accounts are not currently reporting on the credit file" (ECF 58).* By stating such, this is Equifax's attempt to cover-up their unlawful behavior. In other words, the results by Equifax own admission via their records, pertains to the June 9th, 2017 dispute that cleary indicates Equifax violated § 1681i(a)(1)(A).Nor has Williams initiated a dispute or request information in his credit file in August 2017 or March 2018. To Plaintiff surprise, Equifax own records indicate the items that Plaintiff Williams disputed in June 9th, 2017, have reappeared in March 2018 (See Exh-C). These actions by Equifax upon information and belief, constitutes "egregious behavior" in every sense of the word and of the highest order.

Therefore Plaintiff Williams is entitled to statutory damages from Equifax for violating § 1681i(a)(1)(A) in the amount of $1,000 per/mth for two months and for Equifax*willfully failing to comply* pursuant to 15 U.S.C. §1681(n)with any requirement imposed under this title with respect to any consumer, like

Williams,and therefore liable to Plaintiff in an amount equal to the sum of (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

## B. Equifax Has Violated Title 15 U.S.C. § 1681i(a)(1)(B)As It Pertains To Plaintiff.

The Fair Credit Reporting Act says, extension of period to reinvestigate. Except as provided in subparagraph (c), the 30-day period described in subparagraph (A) may be extended for not more than 15 additional days if the consumer reporting agency receives information from the consumer during that 30-day period that is relevant to the reinvestigation.

Plaintiff Williams asserts that the answers submitted by Equifax (*which relates to Req.for Docs, Req. for Interrogatories, Admissions, Un-rebutted Affidavits*) indicate that Plaintiff never sent in to Equifax "additional information" during the 30 day period that is relevant to the re-investigation. Equifax own records clearly reflect the following: (1) they never received additional information in the form of correspondence sent via certified mail by Plaintiff that is relevant to the re-investigation (2) records do not reflect that Williams contacted Defendant by

phone or electronic means (email) that would be deemed by Defendant as "additional information" as it pertains to dispute that is relevant to the re-investigation initiated on June 9th, 2017 (3) nor do Equifax records reflect that they received additional information and failed to record it (4) Equifax records reflect that they never sent out a "notice" requesting "additional information and time" that is relevant to the re-investigation.

## C. **Equifax Has Violated Title 15 U.S.C. § 1681e(b)As It Pertains To Plaintiff.**

The Fair Credit Reporting Act says...as it relates to the accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Plaintiff Williams contends that the credit report sent dated May 15, 2017, was reporting factually inaccurate information concerning the item "civil claim judgment in favor of Capital One Bank N.A. in the amount of $4,078.83.

Plaintiff Williams contends that upon submission of his dispute letter for re-investigation purposes that Equifax own records and United States Postal Service indicate defendant received the dispute on June 9th 2017,in which Williams brought to the attention of Equifax, that they were reporting an "inaccurate" information as it pertains to a "civil claim judgment" in the favor of Capital One

Bank N.A., reflecting an amount of $4,078.83. The dispute letter (EIS Williams 000006-000007) instructed Equifax to "verify" the "original signed consumer contract" as it relates to Capital One Bank N.A., and if they could not "verify" such request, then by law they were asked to remove the item in dispute.

### D. Equifax Has Violated Title 15 U.S.C. § 1681h(e) As It Pertains To Plaintiff:

The Fair Credit Reporting Act says as it pertains to § 1681h(e)...Limitation of liability. Except as provided in sections 616 and 617 [§§ 1681n and 1681o] of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 609, 610, or 615 [§§ 1681g, 1681h, or 1681m] of this title or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report, except as to false information furnished with malice or willful intent to injure such consumer.

Plaintiff Williams contends that Equifax by its own admission willfully intended to injure consumer, Williams, by doing the following: (1) "AGENT" gave instructions to MR PLS SEND UPDATED CREDIT REPORT AFTER INVEST.

However, Equifax processed thru auto-maintenance anyway and failed to send the results of the report. These actions by Equifax equate to **"parking"** the item in dispute, yet did not count on getting on caught and served a lawsuit. Sometime thereafter, Equifqax removed the item in dispute on or around the day of the lawsuit.

Simultaneously, Experian **"deleted"** the same item in dispute showing a calendar date of June 21st, 2017 and TransUnion "deleted" same item in dispute showing calendar date of June 30h, 2017 (ECF 58-Exh).

In sum, by Equifax own admission as revealed in the documents clearly show willful intent to injure Plaintiff Williams in violation of § 1681h(e) and therefore, Williams privacy was invaded as it pertains to § 1681h(e) and defendant has demonstrated negligence § 1681(o) as stated in Williams Second Amended Complaint.

**E. Equifax Has Violated State Law Claims As It Pertains To Plaintiff:**

Equifax has violated State Law Claims because they have violated § 1681h(e), and therefore Williams is entitled to damages which include punitive damages.

**CONCLUSION:**

In sum, Plaintiff Williams incorporates aforementioned above, which clearly demonstrates that Equifax has violated the Fair Credit Reporting Act as stated in his Second Amended Complaint (ECF 57) and is entitled to the damages stated herein. Furthermore, Equifax and its Counsel in their actions in this case upon information and belief, constitute "Fraud On The Court" in their attempt to deny as such.

Plaintiff Williams asserts that Summary Judgment should be grant for Equifax failing to send the results within the 30 day timeframe allotted by Fair Credit Reporting Act.

**Wherefore, and altogether**, this is why Summary Judgment and all damages incorporated herein,mentioned in Williams Second Amended Complaint, along with the pleadings should be granted in favor of Plaintiff Williams.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

Troy T. Williams v. Equifax Information Services LLC. | 25
**Case No. 5:17-cv-01216-CLS** |

## Certificate of Interested Parties:

March 15th, 2018

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Plaintiff's Motion For Summary Judgment Pursuant to FRCP Rul 56"* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".** I have sent the following parties a copy of my brief via United States Postal Service and/or by email.. *If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.

**Equifax Information Services LLC.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person