FILED
2018 Apr-30  PM 12:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

Troy T. Williams v. Equifax Information Services LLC.
**Case No. 5:17-cv-01216-CLS**

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA EASTERN DIVISION

## April 30th, 2018

This document relates to:

**Troy T. Williams,** an
Individual

*Plaintiff,*

V.

**Capital One Bank(USA) et. al.**
*Defendant(s)*

:
:

**CaseNo. 5:17-cv-01216-CLS**
: PLAINTIFF DEMANDS TRIAL
: BY JURY

:

:
:
:

---

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO (ECF 106)

---

Plaintiff, Troy T. Williams, individual, files his response in opposition to Defendant's, Equifax Information Services LLC., hereinafter known as ["Equifax"] Motion For Summary Judgment against Plaintiff (ECF 107). For the reasons set forth below, Motion should be denied.

Troy T. Williams v. Equifax Information Service LLC.
**Case No. 5:17-cv-01216-CLS**

# TABLE OF CONTENTS:
## In compliance with L.R.

TABLE OF CONTENTS……………..……………….. ……………………………………..…..i

TABLE OF AUTHORITIES...…………………………………………..…..…………………..ii

| | | |
|---|---|---|
| I. | INTRODUCTION……...…………….….………….……………………......................2 |
| II. | BACKGROUND……………….…………………………………………………..….3 |
| III. | MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT …………………………………………………………………………………...…..4 |
| IV. | STATEMENT OF FACTS…………………………….…………………………….....5 |
| V. | ARGUMENT AND AUTHORITIES……………………………………………10 |

A. Equifax Has Published and/or Reported "Inaccurate, Incomplete or Cannot Be Verified" Information About Williams And There Motion Should Be Denied…………………………………………………………………….…...10

B. Williams Claims Is Not A Collateral Attack On The Judgment And Equifax's Motion Should Be Denied………………………………………………………12

C. Williams Must Provide Evidence To Show That Equifax Provided Inaccurate Consumer Credit Report To A Third Party Is Inaccurate, And Should Be Denied………………………………………………………………………………16

D. Williams Has Not Failed To Produce Any Evidence That "His Credit File Contained Inaccurate Information And Equifax's Motion Should Be Denied…………………………………………………………………………...17

E. Rooker-Feldman Does Not Barr Williams Claims And Equifax's Motion Should Be Denied………………………………………………………………………….....17

F. Williams Has Supported His Claims For Damages, Which Include Willful and Negligent Violations Of The FCRA And Parts And Sub-Parts That Apply, Equifax's Motion Should Be Denied……………………………………….......18

G. Williams §1681e(b) Claim Is Valid And Equifax's Motion Should Be Denied..……………………………………………………………………………21

H. Williams State Law Claims Are Valid And Equifax's Motion Should Be Denied……………………………………………………………………………...22

I.   Williams  Claims  Of  Neglient,Wanton,  And/Or  Intentional  Hiring  And Supervision Of Incompetent Employees Or Agents Is Valid, Equifax's Motion Should Be Denied…………………………………………………………………..23

J.   Williams Claims Of Invasion Of Privacy Are Valid And Equifax's Motion Should Be Denied……………………………………………………………………………...24

VI.   CONCLUSION……………………………………………………………….................26

Troy T. Williams v. Equifax Information Services LLC.
**Case No. 5:17-cv-01216-CLS**

# TABLE OF AUTHORITIES:
## In Compliance WithL.R.

**Cases:**                                                                        **Page**

*Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 251-2 (1986)……………………………………....5

*Bakker v. Mckinnon*, 152 F.3d. 1007, 1013 (8th Cir.1998)...…………………………………16,20

*Brim v. Midland Credit Mgmt.*, 795 F.Supp. 2d. 1255 (N.D.Ala. 2011)…………………………..19

*Bruce v. First USA Bank N.A.* 103 F. Supp. 2d. 1135, 1143 (E.D.Mo. 2000)..………………....13

*Casella v. Equifax Credit Info. Servs.* 56 F.3d. 469, 474 (2nd Cir. 1995)…………………………...5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)...……………………………………………….5

*Chapman v. AI Transport*, 229 F.3d.1012, 1023(11th Cir. 2000)...…………………………………5

*Daniels v. Twin Oaks Nursing Home*, 692 F.2d. 1321, 1324 (11th Cir.1983)……………………...5

*Edeh v. Midland Credit Mgmt.Inc.*, No.09-1706, 748 F. Supp. 2d. 1030, 2010 U.S. Dist Lexis 103888, 2010 WL 3893604 at *10 (D.Minn. 2010)……………………………………………….15

*Haves v. City of Miami*, 52 F.3d. 918, 921 (11th Cir. 1995)………………………………….…..5

*In Fahey v. Experian Info. Solutions Inc.*, 571 F.Supp.2d. 1082(E.D.Mo. 2008)………………..18

*King v. Asset Acceptance LLC.*, 452 F.Supp.2d.1272, 1281 (N.D.Ga. 2006)………………..…...20

*Levine v.World Financial Network Nat.Bank*, 437 F.3d.1118, 1125 (11th Cir.2006)………..…..20

*McKinley v. CSC Credit Servs.Inc.*, No.05-2340, 2007 U.S. Dist. Lexis 3428, 2007 WL 1412555, at *5 (D.Minn. 2007)……………………………………………………………………………….20

*Millet v. Truelink Inc.*, 1:05-cv-00599-SLR Doc. 174-6………………………………………....7

*Millstone v. O'Hanlon Reports, Inc.*, 528 F.2d. 829,834 (8th Cir. 1976)…………….....................18

*Moore v. Equifax Information Services LLC.*, 333 F.Supp.2d.1360 (N.D.Ga.2004)…………....19

*Philbin v.TransUnion Corp.*, 101 F.Supp.3d. 957, 963 n (3rd Cir. 1996)…………………………20

*Rogers v. Discover Bank et.al.* 2:13-cv-00124-HGD……………………………………………....17

Zean v. Unifund C.C.R. Partners, No.08-1091, 2009 U.S. Dist. Lexis 69707, 2009 WL 2461723
at *2-3 (D.Minn.August 10, 2009)...............................................................................20


**Statutes:**

**FCRA: Fair Credit Reporting ActPub.L. 91-508 ,84
Stat.1114**.....................................................................................................,3,4,7,8,9,12,15,
17,18

15 U.S.C. § 1681a................................................................................................15

15 U.S.C. § 1681a(d)...........................................................................................15

**15 U.S.C. § 1681i(a)(1)(A)..................**.............................................................10

15 U.S.C. § 1681i(a)(2)(g)....................................................................................16

15 U.S.C. § 1681i(a)(5)(A).................................................................................. 11

15 U.S.C. § 1681i(a)(1)(B).....................................................................................4

15 U.S.C § 1681g(c)............................................................................................14

15 U.S.C. § 1681g(c)(2)(E)..................................................................................14

15 U.S.C. § 1681e(b)........................................................................................4,21

15 U.S.C. § 1681h(e)..........................................................................................4


**Other Authorities:**

**Alabama State Law**...........................................................................22,23,25

**Annual Credit Report.com** ....................................................................................17

**Consumer Financial Protection Bureau**.......................................................12,14,15

Gramm Leech Bliley Act........................................................................................25

Fed. R. Civ. P. Rule 56.........................................................................................4

Fed. R. Civ. P. Rule 36..........................................................................................3

Fed. R. Civ. P. Rule 34..........................................................................................3

Fed. R. Civ. P. Rule 33.................................................................................3

Fed. R. Civ. P. Rule 12...............................................................................18

Fed. R. Civ. P. Rule 8........................................................................4,18,21

Fed. R. Civ. P. Rule 1.................................................................................18

## I. Introduction:

Equifax's Motion For Summary Judgment can only be described as follows: mindless dribble, double-speak, hearsay and non-sensical jibber-jabber.

Equifax states the following p. 1(ECF 107):*"First, Mr. Williams has failed to produce any evidence that Equifax ever issued any consumer report concerning him that was inaccurate."*

Plaintiff Williams' Response:Williams ordered his annual credit report (i.e., his consumer report, as defined by the FCRA, § 603 dated (May 15, 2017 #7135081568)(ECF 58), which included the inaccurate Capital One Bank (USA)N.A. AMOUNT, of $4,078.83 being reported within the "civil claim judgment". "Consumers", like Williams, have a right to dispute "**ANY**" information included within the consumer report. Factual errors can include, but is not limited to, an INCORRECT AMOUNT being reported.

Equifax states the following p.1 (ECF 107): *"The undisputed evidence is that a judgment was entered against him and Equifax accurately reported it."*

Plaintiff Williams' Response: LEGAL CONCLUSION. Pure double-speak. Equifax did not report the item *"accurately"* without **VERIFIYING** the amount of the judgment. Equifax has "admitted" that they don't rely on what public records.

state (ECF 101-Exh B#52 p.20).  Williams dispute is NOT, nor was, about the judgment, but the **AMOUNT**, of *$4,078.83* being reported (ECF 57).

## II. Background:

Plaintiff Williams submitted his Motion for Summary Judgment (ECF 101) against Equifax for obvious and now "admitted" violations of Fair Credit Reporting Act hereinafter known as ["FCRA"] and parts and sub-parts that apply in this case. In response to Williams' submission of his Summary Judgment, Equifax submitted their "opposition" (ECF 103). Thereafter, defendant submitted their own Motion for Summary Judgment (ECF 107). Plaintiff has responded in kind with his reply brief (ECF 108), and now submits his own "opposition" to defendant's Motion for Summary Judgment.

Williams makes clear that he brought forth this cause of action against Defendant for willful and negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et.seq. respectively and parts and sub-parts that apply in this case(ECF 1, 57).

Since discovery commenced by Plaintiff (ECF96,97,98) and defendant's "answers" thereto (ECF 101 Exh-A,B,C) pursuant to Fed. R. Civ. P. Rule 33, 34, 36 and upon "answering" Williams' Motion for Summary Judgment (ECF 101, 102, 103), Equifax has reluctantly "admitted" to failing to conduct a reasonable re-

investigation and reporting those results in a 30 day timely fashion and being non-compliant with § 1681i(a)(1)(B) which both have "strict liability" within the meaning of the FCRA. Interestingly enough, Equifax did not "admit" violating FCRA and parts and sub-parts that apply  while answering Williams' Second Amended Compliant (ECF 57) pursuant to Fed. R. Civ. P. Rule 8 and parts and sub-parts that apply, nor his Motion to Strike (ECF 73). Nonetheless, defendant sums up their non-compliance as "harmless human error"; yet "admits" that they have been sued in the State of Alabama for the same and/or similar claims as Williams' claims, prior to this suit. Williams claims also include violations of §1681e(b) and §1681h(e) respectively, that to date, Equifax denies violating as it pertains to this case.

In response to Equifax's Motion for Summary Judgment (ECF 107), Williams now brings forth his "opposition".

### III. Memorandum of Law:

Federal Rule of Civil Procedure 56 provides that a court "shall grantsummary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing

to establish the existence of an element essential to that party's case, and on which

that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986). "In making this determination, the court must review all evidence

and make all reasonable inferences in favor of the party opposing summary

judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en

banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)).See

also; *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983),

*See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (asking

"whether the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law").

## IV. Statement of Facts:

### A. Response To Movant's Statements (ECF 107).

1. Agree or Undisputed.

2. Agree or Undisputed.

3. Agree or Undisputed.

4. Disputed.

6. <u>Disputed</u>. FALSE!  Equifax uses a full automated "E-OSCAR" system using Metro 2 codes.

7. <u>Disputed.</u>Equifax does not conduct a proper investigation, and simply parrots the information from its subscriber/customers.

8.<u>Disputed.</u>Equifax denies that it relies on what a public records states about an item it reports (ECF 101 Exh-B).

9. <u>Disputed</u>. Equifax does not conduct any "reasonable investigation" and "re-investigation", that is a jury question.

10. <u>Disputed in part.</u> Plaintiff requested consumer report which contains a file on the consumer.

11.Agree or Undisputed.

12.<u>Disputed</u>. Equifax does not consider "all relevant information".

13.<u>Disputed</u>. Vague and ambiguous.

14.Disputed. Vague and ambiguous.

15.<u>Disputed in Part.</u> Equifax may remove the old addresses if it is inaccurate, incomplete, outdated and/or cannot be verified. But never the trade-line unless instructed by the furnisher or facing lawsuit.

16.<u>Disputed in part.</u>Equifax admits that it contacts the "data furnisher", does not forward all relevant documents. <u>"Identifies"</u> the nature of the consumer's dispute" is vague and ambiguous."Including" the consumer's account information" just means that Equifax matches what it has in its file with the data furnisher's file.  If the name, address, social security number and birth date match, the item is <u>"verified."</u> (See ECF 101 Exh-D).

17. <u>Agree or Undisputed.</u> ACDV, includes *"Metro 2"* codes, which Equifax prefers to keep hidden from the public.(See Millet v. Truelink Inc., 1:05-cv-00599-SLR Doc. 174-6 *"contains entire <u>Metro 2 Code Manual</u> as published by Consumer Data Industry Assoc").*

18.<u>Disputed in part.</u>What are the *"pre-defined"* codes?  (Metro 2) because its vague and ambiguous.

19.<u>Disputed </u>Equifax does not know the *"large number"* of disputes processed by OTHER consumer reporting agencies.  This is vague and ambiguous, and pure speculation.

20.<u>Disputed.</u>*"It is generally required..."* (vague and ambiguous).  FCRA doesn't state that it is "generally required"...it IS REQUIRED BY THE FCRA.

21.Disputed in part. "Advises" Equifax means that the furnisher is directing Equifax what to report, and Equifax is simply *"parroting"* the information back to the consumer.

22.Disputed in part. *"Upon completion of the reinvestigation"* is vague and ambiguous. Equifax doesn't do any "reinvestigation" other than to send the Metro 2 dispute codes along with the ACDV and failed to send results.

23.Disputed in part.Yes, they must *"learn their ABC's"* before being hired at Serco. The procedure is MANDATED by the FCRA, and the policy "created by Equifax" VIOLATES the FCRA.

24.Disputed.Vague and ambiguous. With all do respect, Counsel Reid has no personal knowledge of the facts regarding what classroom training they have to participate in. Reid does not work at Serco. ***It appears that Counsel borrowed Celestina Gobin's homework and cut and pasted verbatim.***

25.Disputed. Vague and ambiguous, hearsay, pure speculation. With all do respect, Counsel Reid has no idea regarding the competency test, has provided ZERO evidence of such tests.

26.Disputed. *"Passing Grade"* is vague and ambiguous. What is meant by "passing grade?" A C- or even a "D" is considered "passing" by some

standards. This is pure hearsay nonsense. *"On-the-job"* training is vague and ambiguous. Equifax provides not one scintilla of evidence that these Serco employees are properly trained.

27.Disputed. Yes, Plaintiff Williams consumer report which he ordered from annual credit report and ACIS file contained the judgment, which is the consumer report.

28.Disputed. WRONG! Plaintiff first disputed in 2014, then again in June 2017. Never disputed in August 2018.

29.Disputed. Fabrication. Plaintiff disputed the factual error in 2014 and results came back verified.

30.Disputed. FCRA makes no mention of giving CRA, like Equifax a pass for *"inadvertently did not respond."* Equifax makes no mention of how "the Judgment was no longer reporting on his credit file."

31.Disputed. Irrelevant, Credit Karma is not named in the suit.

32.Disputed. Whether Credit Karma "issues credit" is not part of the lawsuit filed by Williams.

33.Disputed. Equifax may have provided disclosures to Credit Karma, but NOT to Plaintiff upon receipt of NOTICE OF DISPUTE in June 2017. This

does not relieve Equifax from its responsibility and obligation to send the results of the reinvestigation to the Consumer, Williams, within the timeframe (30 days) mandated by the FCRA and parts and sub-parts that apply.

34.<u>Disputed</u>.  Nonsensical,  word-play,  and  jibber-jabber.There  is  no definition of consumer credit report, only consumer report, investigative consumer report and file. ANY information provided to the consumer in writing is considered a "Consumer Credit Report".

35.<u>Disputed</u>. Williams never made the allegation that Equifax provided a consumer credit report to a third party, IRRELEVANT.

36.<u>Disputed</u>. ADMISSION OF GUILT by Equifax, did not send updated consumer credit report.

37.<u>Disputed.</u> Words in ACIS file state: NO DISCLOSURE TO BE SENT, DO NOT PROCESS THRU AUTO MAINTENANCE, MGR PLEASE SEND UPDATED CREDIT REPORT AFTER INVESTIGATION.

## V. **Argument and Authorities**:

A. <u>Equifax Has Published and/or Reported "Inaccurate, Incomplete or Cannot Be Verified" Information About Williams And Their Motion Should Be Denied.</u>

Equifax and its' Counsel is attempting to mislead this Court by misrepresenting what the FCRA states about §1681i(a)(1)(A). Counsel Reid states the following: Section 1681i(a) states: "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer," the agency must conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file..."

Section 1681i(a)(5)(A) states that "Treatment of Inaccurate or UNVERIFIABLEINFORMATION"...found to be...INACCURATE, INCOMPLETE, or CANNOT BE **VERIFIED must be deleted.**

Equifax and its' Counsel, Reid, is discussing the *"validity of the judgment"*.THIS IS NONSENSE! Plaintiff Williams was NOT trying to invalidate the judgment, he was disputing the FACTUAL ERROR on his report, JUST THE SAME WAY as a person who files for BANKRUPTCY disputes a FACTUAL ERROR regarding the AMOUNT being reported by the CRA's, FCRA allows it. In other words, Equifax wants the Court and Consumers to believe that just because they report an item or publish it, it must be accurate and that you have no recourse, and/or your recourse is misplaced, resulting in no damages.Therefore making the FCRA and parts and sub-parts obsolete.

Equifax states the following:*"Thus, Mr. Williams cannot establish any inaccuracy in Equifax's reporting."*

Plaintiff Williams Response: **NONSENSE!** If the item was found to be anything OTHER than *"inaccurate, incomplete or cannot be verified"* then why did the item no longer appear once Williams filed a lawsuit (ECF 1, 57, 58)?

In other words, Equifax can't have it both ways. On one hand, defendant wants to trick the Court[s]and the Consumer[s] that it is reporting the amount *"accurately"* yet at the same time, it deletes the item upon NOTICE OF LAWSUIT and upon realization that it was in violation of the FCRA and parts and sub-parts that apply for parking the account. (ECF 1,57, 58).

Equifax states the following:*"Mr. Williams bears the burden of proving inaccuracy."*

Plaintiff Williams' Response: Williams has PROVED that burden, by asking for the **"physical"** signed effective card-holder credit agreement, copyrighted 2004, which to date, has not been provided to him *"by law"* pursuant to the CFPB by  Capital One Bank(USA)N.A.(ECF 13), nor has Equifax produced such to verify reporting the amount of the "civil claim judgment" accurately.

B. Williams Claims Is Not A Collateral Attack On The Judgment And Equifax's Motion Should Be Denied.

Equifax and its'Counsel, Reid,are creating their own grand delusions and

pretending that Williams is using Equifax as a tribunal. Equifax is REQUIRED to

conduct a *"reasonable investigation"* regarding **ANY** item appearing in Williams

file pursuant to FCRA and parts and sub-parts that apply,that would obviously

include the AMOUNT of a judgment being reported. This is the same logic as

when a plaintiff sues Equifax regarding an incorrect AMOUNT being reported by

Equifax after a bankruptcy. Suing Equifax post-bankruptcy does not *"invalidate"*

the bankruptcy, and is not subject to a *"Carvalho"* defense, nor is it a *"collateral*

*attack"* on the bankruptcy itself.

Now the Court needs to take note that Equifax and its' Counsel, Reid, are

now switching their tactic by stating the following: *"Mr. Williams erroneously*

*believes that information in his credit file concerning the Judgment was an account*

*trade-line reported by Capital One Bank(USA)N.A., instead of what it actually*

*was: public record information concerning a judgment obtained by Capital One*

*Bank(USA)N.A. in Alabama State-Court."*

Obtaining a judgment and reporting a judgment is two separate issues (See §

623(b). The judgment, however, was reported INACCURATELY to the bureaus,

and the amount that should have been reported was approximately $2,300, **the**

**charge-off amount**, thereby a FACTUAL ERROR occurred. Therefore, Rooker-Feldman is moot (ECF 84).

Williams argument is NOT *"based on a contention that he does not owe the state court judgment"*...rather, it is based on a FACTUAL ERROR reported regarding the amount of the judgment, as Capital One Bank(USA)N.A. knows it cannot obtain POST JUDGEMENT interest and fees WITHOUT a cardholder agreement (ECF 13, 35, 68)(*See Bruce v. First USA Bank N.A.* 103. F. Supp. 2d. 1135, 1143 (E.D. MO. 2000). Plaintiff did not know that he had a private right of action against the furnisher and CRA, like Equifax, prior to this lawsuit until after much laborious research and study, otherwise, he would have contested the factual error sooner. He learned of the factual error, and disputed it. Obviously he was correct, as TransUnion and Experian BOTH conducted a re-investigation and *"deleted"* the item in dispute in which Equifax *"admits"* that Experian and TransUnion did (ECF 58, 101, Exh-B).

Equifax wants this court to believe that it never has to contact the original source to "verify" physical documents as it relates to a notice of dispute. This is nonsense. Williams went to the CFPB, demanding that Capital One Bank(USA)N.A. produce applicable card-holder agreement, Capital One Bank(USA)N.A. refused and failed to do so.(ECF 13).

The CFPB, which is the Consumer Financial Protection Bureau, has already

stated "by law" that it does have to produce the agreement. Plaintiff Williams

disputed the trade-line being reported (even though it was reduced to judgment), it

is still considered a NEGATIVETRADELINE and/or "DEROGATORY" ITEM.

To bring forth the point more fully…. the "Summary of Rights" as it pertains to

Consumers, like Williams, is as follows:

- **1681g(c): Summary of Rights to Obtain and Dispute Information in Consumer Reports and to Obtain Credit Scores.**

- **1681g(c)(2)(E): "a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 605 <u>or cannot be verified.</u>(emphasis added)**

  1. **Williams DID request his annual consumer report and received (ECF 58).**

  **2. Williams DID find the amount regarding the Capital One Bank(USA)N.A. "derogatory information" as inaccurate and sent each CRA a "notice of dispute."(ECF 58)**

  **3. Experian knew the item could not be "verified" absent the presence of a CARDHOLDER AGREEMENT, and upon receipt of the ACDV from the furnisher, DELETED the derogatory item(ECF 58).**

  **4.TransUnion knew the item could not be "verified" absent the presence of a CARDHOLDER AGREEMENT, and upon receipt of ACDV from the furnisher, DELETED the derogatory item(ECF 58).**

  **5.Equifax chose to "park" the account, was "busted" upon receiving the lawsuit, and chose to DELETE the item which it knew (or should have known) that it "could not be verified" absent the presence of a CARDHOLDER AGREEMENT(ECF 101 Exh-C).**

C. "Williams Must Provide Evidence To Show That Equifax Provided Inaccurate Consumer Credit Report To A Third Party Is Inaccurate, And Should Be Denied ."

This statement is patently absurd, and falls flat on its face.There is NO DEFINITION in the FCRA for "consumer credit report." There is ONLY definitions for the following: (1) Consumer Report (2) Investigative Consumer Report (3)File. "The district court denied summary judgment, ***holding that credit reports were consumer reports*** within the meaning of the FCRA, Order 5-7" citing *Bakker v. Mckinnon* No.97-3267 (8th Cir. Apr.21,1998).

Section 1681a(d) of FCRA states the following: Consumer Report: In general, the term "consumer report" means ANY written, oral, or other communication of ANY information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used OR EXPECTED TO BE USED or COLLECTED in whole OR IN PART for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes(B) employment purposes; or(C) any other purpose authorized under section 604 [1681b]. Judgment doesn't have to be forwarded to third-party.

The term "file" (1681a(2)(g)) states the following...**When used in conjunction with information on ANY consumer means ALL OF THE**

**INFORMATION on that consumer recorded and retained by a CONSUMER**

**REPORTING AGENCY regardless of how the information is stored.**

D. Williams Has Not Failed To Produce Any Evidence That "His Credit File Contained Inaccurate Information And Equifax's Motion Should Be Denied."

Once again, Equifax and its' Counsel, Reid, is trying to mislead this Court.

Their statement that ***Williams failed to produce any evidence that his credit file***

***contained inaccurate information*** is pure NONSENSE!  Williams obtained and

received his annual consumer report through the government website

annualcreditreport.com.  The whole point of sending the NOTICE OF DISPUTE

was to dispute the FACTUAL ERROR of the AMOUNT of the judgment being

reported. Equifax received the NOTICE, failed to conduct a reasonable

investigation, and parked the account. *See Rogers v. Discover Bank et. alCase*

*2:13-cv-01124-HGD.*

**Equifax was "non-compliant with FCRA" by parking the account, and**

**when faced with suit, chose to DELETE the factually inaccurate, incorrect**

**and/or could not be "verified" patently misleading item being reported.**

E. Rooker-Feldman Does Not Bar Williams Claims And Equifax's Motion Should Be Denied.

The issue of Rooker-Feldman has already been decided by this Court. See

(ECF 84). The Court made clear that Williams' FCRA Claims are not

*"inextricably intertwined"* with the State-Court Judgment therefore making Equifax's argument and defense "moot".

F. <u>Williams Has Supported His Claims For Damages, Which Include Willful and Negligent Violations Of The FCRA And Parts And Sub-Parts That Apply, Equifax's Motion Should Be Denied.</u>

Plaintiff Williams mentioned in his Second Amended Compliant p. 18, 19, 20 ¶ 73, 77, 78 ,79 (ECF 57) the damages that he incurred for Equifax's willful and negligent violation of the FCRA and parts and sub-parts that apply. Specifically mentioning the words *"willful"* and *"malicious" with the intent to injure* in his complaint. (ECF 57) and Motion to Strike (73).Plaintiff asserts excusable neglect by way of inadvertence, "ignorance" really, as a pro se', for not expounding upon the damages upon submission of his Motion for Summary Judgment (ECF 101).The following will go into detail as to how the alleged damages apply in this case.

By Equifax being non-compliant with the FCRA and part and sub-parts that apply in this case by way of their own "admittance" and "deleting" the item (ECF 103), the mere fact that an item is being reported inaccurately has caused Williams emotional distress as he asserts "he suffered depression and irritability, became uncharacteristically withdrawn, and suffered physical ailments" as a result of defendant's reporting inaccurate information about him as mentioned in his

complaint (ECF 57)(See*In Fahey v. Experian Info. Solutions, Inc.,* 571 F. Supp. 2d

1082 (E.D. Mo. 2008); *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d. 829,834 (8th

Cir. 1976).Plaintiff claims he feels violated, devastated, and drained for

experiencing feelings of guilt and responsibility because his family has been

burdened by his credit concerns and has had to accommodate and assist Williams

in addressing this matter emotionally, physically(providing shelter) and financially

( opportunity cost)(ECF 108 Affid. BB).

Furthermore, as it relates to damages, Equifax's, Counsel, Reid, has every

incentive to violate Fed. R. Civ. P. Rule 1, 8 and 12 because he can bill his client.

However, Williams, a pro se' litigant, does not have that privilege or luxury to bill

the client, for **Williams is the Client**. For Equifax has shown that it does not even

have to respond to a Court Order (ECF 44 p. 2 & 74) nor face admonishment. As

stated in Williams Reply Brief (ECF 108), **Hitting the delete button does not**

**give Equifax or the CRA's a get out of FCRA Free Card or Pass to stave off**

**damages. Otherwise, all that Equifax and the CRA's have to do is delete the**

**item and never have to pay damages, thus making FCRA obsolete.**

One line of reasoning as it pertains to damages can be found in *Moore v.*

*Equifax Information Services, LLC,* 333 F.Supp.2d 1360, 1365 (N.D.Ga.2004) and

then in *Brim v. Midland Credit Mgmt.,* 795 F. Supp. 2d 1255 (N.D. Ala. 2011). In

Brim, the plaintiff won a jury verdict that included emotional distress damages, and the defendant moved to overturn it. The court refused to do that and explained:

*"The Eleventh Circuit has never precisely delineated the factors that a court should consider in determining whether the plaintiff's evidence of emotional distress is sufficient to support the jury's award of compensatory damages for emotional distress, particularly where, as here, the plaintiff's damages evidence consists chiefly of his own testimony. However, other district courts in this Circuit have clearly held that damages for mental distress are recoverable under the FCRA even if the plaintiff has suffered no out of pocket expenses; Moore v. Equifax Information Services, LLC, 333 F.Supp.2d 1360, 1365 (N.D.Ga.2004); and the Eleventh Circuit has cited other Circuit cases for the proposition that "a claim for actual or compensatory damages under FCRA may include compensation for emotional distress in the absence of physical injury or out-of-pocket expenses." Levine v. World Financial Network Nat. Bank, 437 F.3d 1118, 1125 (11th Cir.2006) (citing Bakker v. McKinnon, 152 F.3d 1007, 1013 (8th Cir.1998) (holding that, even in the absence of "out-of-pocket expenses or costs incurred," the district court did not abuse its discretion in awarding actual and punitive damages when appellees testified "about how they felt when appellant obtained their credit reports and violated their privacy, thereby causing them some emotional distress"); Philbin v. Trans Union Corp., 101 F.3d 957, 963 n. 3 (3rd Cir.1996) ("Given the amorphous nature of the damages at issue, we do not consider it necessary that [the plaintiff] state his damages with any greater degree of particularity."); Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 474 (2nd Cir.1995) ("[T]he District Court properly recognized that 'actual damages' may include humiliation and mental*

*distress, even in the absence of out-of-pocket expenses.*"). *See also King v. Asset Acceptance, LLC, 452 F.Supp.2d 1272, 1281 (N.D.Ga.2006)("In FCRA cases, a plaintiff is not required to produce evidence of emotional distress beyond his own testimony.") (citation omitted)"*.

Even though this Court is districted under the *Eleventh Circuit*, most court[s] within the *Eighth Circuit* have found that emotional distress qualifies as actual damages. S*ee, e.g., Edeh v. Midland Credit Mgmt., Inc.,* No. 09-1706, 748 F. Supp. 2d 1030, 2010 U.S. Dist. LEXIS 103888, 2010 WL 3893604, at *10 (D. Minn. 2010); *McKinley v. CSC Credit Servs., Inc.,* No. 05-2340, 2007 U.S. Dist. LEXIS 34528, 2007 WL 1412555, at *5 (D. Minn. 2007); *Zean v. Unifund CCR Partners,* No. 08-1091, 2009 U.S. Dist. LEXIS 69707, 2009 WL 2461723, at *2-3 (D. Minn. Aug. 10, 2009).

### G.  Williams §1681e(b) Claim Is Valid And Equifax's Motion Should Be Denied.

Plaintiff asserts excusable neglect by way of inadvertence, "ignorance" really, as a pro se', for not expounding upon § 1681e(b) upon submission of his Motion for Summary Judgment (ECF 101).The FCRA states the following concerning § 1681e(b): Accuracy of report. Whenever a consumer reporting agency <u>prepares a consumer report</u> it shall follow <u>reasonable procedures to assure maximum possible accuracy</u> of the information concerning the individual about whom the report relates. That being said, Equifax failed to do just that, assure

maximum possible accuracy upon its' initial investigation concerning the *amount* of the civil claim judgment reported. The initial investigation must include the *physical verification* of the original signed consumer contract and/or signed effective card-holder agreement, copyrighted 2004 to justify the amount reported because the amount contained post-judgment interest and fees. Counsel Reid, in answering Williams Admissions #52 p.20) that they Equifax Information Services LLC., in answering Plaintiff Williams complaint p. 13 ¶ 49 (ECF 57) pursuant to Fed. R. Civ. P. Rule 8, Equifax **"denied"** that it is obligated to rely upon whatever the public records state about a "consumer". *Equifax states that its answer speaks for itself.* When Equifax could not "physically verify", Defendant was required by FCRA to "delete" the item just like Experian and TransUnion. Yet Equifax "deleted" the item when faced with a lawsuit. Federal law mandated that Equifax forward the relevant documents to the original source, not Lexis-Nexis.

## H. Williams State Law Claims Are Valid And Equifax's Motion Should Be Denied.

Plaintiff asserts excusable neglect by way of inadvertence, "ignorance" really, as a pro se', for not expounding upon State Law upon submission of his Motion for Summary Judgment (ECF 101).In addressing the State Law Claims, Williams assert the following: (1) Equifax intentionally published false and defamatory information related to the "civil claim judgment" in favor of Capital

concerning the account; Defendant assumed a duty through the subscriber agreement( Equifax "admits" they have a subscriber agreement with Capital One Bank(USA)N.A.) and other actions, <u>to accurately report the balances and account</u> (3) Equifax violated all of their duties concerning the subscriber agreement and such violations were made intentionally, willfully, recklessly, maliciously, wantonly and negligently in violation of Alabama State Law (4) Equifax invaded the privacy of Williams as set forth in Alabama Law, by including and publishing false information about Plaintiff's personal financial obligations (5) Williams has suffered damages as indicated in his compliant (ECF 57). Williams felt withdrawn, emotional distress, helpless, frustrated and humiliated behind such conduct from Equifax.

### I. Williams Claims Of Neglient,Wanton, And/Or Intentional Hiring And Supervision Of Incompetent Employees Or Agents Is Valid, Equifax's Motion Should Be Denied.

Plaintiff asserts excusable neglect by way of inadvertence, "ignorance" really, as a pro se', for not expounding upon this claim upon submission of his Motion for Summary Judgment (ECF 101). In addressing this particular claim, Williams states the following: (1) Equifax is aware of the wrongful conduct of its employees or agents because they have "admitted" to being sued prior to Williams Compliant for the same and/or similar claims as Williams (ECF 101 Exh-B) (2) It is apparent, Equifax negligently, wantonly, and/or intentionally hired, retained, or

Williams states the following: (1) Equifax is aware of the wrongful conduct of its employees or agents because they have "admitted" to being sued prior to Williams Compliant for the same and/or similar claims as Williams (ECF 101 Exh-B); (2) It is apparent, Equifax negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents when they (failed to send the re-investigation results and demonstrated (willfulness) to do so, by their own records indicating (**"NO DISCLOSURE TO BE SENT"**) to Williams (ECF 101 Exh-C); (3) Employees or agents of Equifax, SERCO, of India, were encouraged to violate the law because Equifax makes a profit off reporting inaccurate information (ECF 101 Exh-D: Leonard Bennett Testimony). Equifax's employees' actions have brought harm and injury to Williams as stated in his compliant for being non-compliant with FCRA and parts and sub-parts that apply and therefore Williams is entitled to damages(ECF 57).Williams felt helpless, angered, frustrated, and restricted from enjoying life behind such actions.

### J. Williams Claims Of Invasion Of Privacy Are Valid And Equifax's Motion Should Be Denied.

Plaintiff asserts excusable neglect by way of inadvertence, "ignorance" really, as a pro se', for not expounding upon Invasion of Privacy upon submission of his Motion for Summary Judgment (ECF 101).Alabama Law recognizes Plaintiff's right to be free from Invasion of Privacy and it is clear that Defendant

Congress explicitly recognizes a consumer, like Williams, inherent right to privacy in financial data by passing the Gramm Leech Bliley Act, which regulates the Privacy of Consumer's Financial Data.

Williams claims, Equifax intentionally, recklessly and/or negligently interfered physically or otherwise, with the solitude, seclusion or private concerns or affairs of Plaintiff by reporting factually inaccurate information in the amount of $4,078.83 as it pertains to a "civil claim judgment" in favor of Capital One Bank(USA)N.A. because the amount contains post-judgment fees and interest which could only come about by way of a signed effective card-holder agreement, copyrighted 2004 which to date, cannot be *"physically verified"* therefore reported inaccurately in accords with FCRA and parts and sub-parts that apply.

Equifax intentionally, recklessly and/or negligently by way of their employees (located in India; SERCO) (ECF 101 Exh-B, 103) caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of conducting a reinvestigation and failing to report those results to consumer, Williams in a 30 day timely fashion as mandated by FCRA and parts and sub-parts that apply, by continuing to publish an amount of $4,078.83 that is factually inaccurate because it contains post-judgment fees and interest, thereby invading and intruding upon Williams' right to privacy. Equifax deleted or removed the item

inaccurate because it contains post-judgment fees and interest, thereby invading and intruding upon Williams' right to privacy. Equifax deleted or removed the item in dispute only after Williams filed a lawsuit (ECF 1, 57, 58). All acts of Equifax and its employees, were committed with willfulness, malice, wantoness and/or recklessness and as such, Williams is subject to actual and punitive damages as stated in Plaintiff's compliant (ECF 57).

## VI. CONCLUSION

**Wherefore**, Plaintiff Williams prays that this Court out of equity and justice grant his "Opposition" to Equifax's Motion and deny Equifax thereof, because since the inception of this lawsuit, Defendant and its' Counsel, Reid, and their collective fabrications made thus far, may have made Pinocchio's Nose to stretch from the Magic Kingdom in Orlando, Florida.. all the way to Havana, Cuba.

Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person

## Certificate of Interested Parties:

April 30th, 2018

I, Troy T. Williams, do solemnly swear that the foregoing is true and correct to the best of my knowledge and that this *"Plaintiff's Opposition For Summary Judgment For Equifax* is in compliance with **with Local Court Rules and Fed.R.Civ.P.".**I have sent the following parties a copy of my brief via United States Postal Service and/or by email..*If* you have any questions please contact me at twothe1t1will@gmail.com. Thank you.


**Equifax Information Services LLC.**
**Attn: Kirkland E Reid**
JONES WALKER LLP
11 N. Water Street
Suite 1200
Mobile, AL 36602
251-432-1414
Fax: 251-439-7358
Email: kreid@joneswalker.com
*ATTORNEY TO BE NOTICED*


Respectfully submitted,

/s/Troy T. Williams
(Pro Se)
PO Box 464
Harvest, Alabama
256-749-2614
256-829-8246 Alt#
twothe1t1will@gmail.com
In Proper Person